IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMMEDOU OULD SLAHI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-CV-0597 (JR) |
| U.S. DEPARTMENT OF DEFENSE, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S RELATED CASE DESIGNATION**

Pursuant to LCvR 40.5(b)(2), defendant hereby objects to the Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court (the "Notice") (dkt. no. 2) filed by plaintiff simultaneously with the complaint in the above-captioned case (dkt. no. 1). The case at bar cannot be deemed related to Salahi v. George W. Bush, et al., 05-CV-0569 (JR) ("Salahi"), because the two cases arise out of different events.

Under Local Rule 40.5(a)(3), cases are deemed "related" if they: "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." Local Rule 40.5 is "an exception to the general rule of random assignment of cases in the District Court." Lucas v. Barreto, 2005 WL 607923, *2 (D.D.C. Mar. 16, 2005). "The general rule requiring random assignment of cases 'guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping.'" Id. at *3 (quoting Tripp v. Executive Office of the President, 196 F.R.D. 201, 202 (D.D.C. 2000)).

Plaintiff's counsel contends in the Notice, although counsel makes no mention of it in the Complaint, that the case at bar and Salahi meet the third prong of the relatedness test, i.e., that they grow out of the same event or transaction. See Notice (dkt. no. 2). Plaintiff's counsel is clearly incorrect. The case at bar is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for the disclosure of agency records held by defendant U.S. Department of Defense relating to plaintiff. See Complaint ¶¶ 1, 10 (dkt. no. 1). Plaintiff's counsel alleges that defendant has not complied with the statutory time periods which govern FOIA requests and has "wrongfully withheld documents from plaintiff, and plaintiff has constructively exhausted all required administrative remedies." See Complaint ¶ 10. Thus, the only event at issue in the instant case is the request for documents under FOIA and defendant's response thereto.

By contrast, Salahi is a habeas case involving different responsive parties, i.e., the President and various officials or officers in the Department of Defense and the military services in their official capacities, and, moreover, entirely different claims, challenging the lawfulness of petitioner's detention as an enemy combatant at Guantanamo Bay. See Salahi, Civ. No. 05-CV-0569 (JR) (dkt. no. 1), Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition") at ¶¶ 35-99. The events at issue in Salahi thus involve petitioner's detention and the basis thereof. Accordingly, these two cases clearly involve completely different events.

Plaintiff may attempt to portray the case at bar as related to Salahi on the ground that, in both cases, plaintiff recounts his detention at Guantanamo Bay Naval Base. Compare Slahi, Civ. No. 06-CV-0597 (JR) (dkt. no. 1), Complaint at ¶ 4 ("Plaintiff is a thirty-six year old citizen of Mauritania who is imprisoned at Guantanamo Bay Naval Station."), with Salahi, Civil No. 05-

CV-0569 (JR) (dkt. no. 1), Petition at ¶ 21 (Petitioner "is currently held in the custody and control of Respondents" at Guantanamo Bay Naval Station).  However, the facial similarity of this one factual allegation is of no consequence given the very different natures of the claims asserted in the two cases.  All that it means is that these two cases involve the same complaining litigant, Mr. Slahi.  The cases, however, share none of the same claims, involve completely different standards, and arise out of different events.  In a habeas case, the Court must determine whether defendant is being lawfully detained.  Under FOIA, the only issue for the Court is whether the defendant agency has wrongfully withheld information responsive to plaintiff's FOIA request, i.e., whether a reasonable search for documents was conducted and whether all non-exempt information was disclosed.

Further, while plaintiff may attempt to argue that the purpose of his FOIA case is to obtain information regarding his detention, under the well-established case law of the Supreme Court and the D.C. Circuit, the "particular need of the requester is irrelevant under FOIA." Washington Post Co. v. U.S. Dept of Health and Human Services, 690 F.2d 252, 258 (D.C. Cir. 1982); see also FBI v. Abramson, 456 U.S. 615, 631 (1982) ( "Congress did not differentiate between the purposes for which information was requested").  Thus, the two cases do not share any relevant event.[1]

---

[1] The Court has rejected attempts by habeas counsel to file habeas cases as related when they are not, and should do the same thing here.  Moreover, a number of recently filed Guantanamo habeas cases in which misleading or incomplete Notices were filed appear to have been sua sponte reassigned to other Judges.  See, e.g., Attash v. Bush, No. 05-CV-1592 (originally assigned to Judge Kennedy based on petitioners' notice of related case, reassigned to Judge Lamberth); El-Marqodi v. Bush, No. 05-CV-1649 (originally assigned to Judge Urbina based on petitioners' notice of related case, reassigned to Judge Friedman).

For these reasons, defendant respectfully objects to plaintiff's request that this case be treated as related to Salahi. Given the tenuousness of the link between this case and Salahi, there appears to be no legitimate basis for exempting this case from the general rule of random assignment.

Dated: May 1, 2006                              Respectfully submitted,

                                                PETER D. KEISLER
                                                Assistant Attorney General

                                                ELIZABETH J. SHAPIRO (D.C. Bar 418925)
                                                Assistant Director
                                                Federal Programs Branch


                                                /s/
                                                Nicholas J. Patterson (N.Y. Bar)
                                                Trial Attorney
                                                U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
                                                Mailing Address
                                                P.O. Box 883
                                                Washington, D.C. 20044
                                                Delivery Address
                                                20 Massachusetts Ave., N.W., Room 7220
                                                Washington, D.C. 20001
                                                Telephone: (202) 514-4523
                                                Fax: (202) 616-8470
                                                nicholas.patterson@usdoj.gov

                                                Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May 2006, I caused the foregoing defendant's Objection to Plaintiff's Related Case Designation to be served on plaintiff's counsel of record electronically by means of the Court's ECF system.

/s/
Nicholas J. Patterson