IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MOHAMMEDOU OULD SLAHI**
Guantanamo Bay Naval Station, Cuba

      Plaintiff,

      v.                                      Civil Action No. 06cv0597

**U.S. DEPARTMENT OF DEFENSE**
Washington, DC,

      Defendant.

### RESPONSE TO DEFENDANT'S OBJECTION TO RELATED CASE DESIGNATION

In a pleading filed on May 1, 2006, defendant Department of Defense (hereafter, the government) objects to the Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court. Plaintiff submits that the Notice was correctly filed under Local Rule 40.5(b)(2), and that the goal of judicial economy would be furthered by having the two cases considered by the same District Court judge. In support of his position, plaintiff represents to the Court as follows:

    1. The instant Freedom of Information Act case and the Petition for a Writ of Habeas Corpus (Case No. 05cv0569) arise out of the exact same "event or transaction," that is, Mr. Slahi's lengthy imprisonment at Guantanamo Bay Naval Station.

    2. Contrary to the government assertion that the cases involve "different responsive parties," the parties are in fact identical in all but name. Mr. Slahi is the plaintiff in the instant

case and the petitioner in the habeas case. The Department of Defense is the defendant in the instant case, while in the habeas case the respondents are the Secretary of Defense, two high-level naval officers, and the Commander-in- Chief, all acting in their official capacity.

    3. Neither of the cases cited by Defendant in support of the general principles of random assignment of cases are applicable to this one. In Lucas v. Barreto, 2005 WL 607923 (D.D.C. March 16, 2005), the court decided that a complaint alleging disparate treatment by a federal employer of eight plaintiffs should not be deemed to be related to a discrimination case previously filed by one of them. In Tripp v. Executive Office of the President, 196 F.R.D. 201 (D.D.C. 2000) the court decided that "a class action alleging a broad pattern of White House and FBI abuse of privacy rights in 1993 and 1994" was not sufficiently related to the case of a single plaintiff alleging violation of her privacy rights in a single incident in 1998.

    4. Moreover, the government fails to note that, although many Freedom of Information Act cases filed by prisoners are routinely defended by the U.S. Attorney's Office in this jurisdiction, the Federal Programs Branch of the Department of Justice appears to be defending this one; the Federal Programs Branch is also defending the government in the habeas corpus case. The conclusion is inescapable that although government sees the cases as related for its own purposes, it would like to take a chance on having any judge preside over the instant action besides the one who is now assigned.

    5. The treatment of plaintiff at the hands of the government is directly at issue in both cases, and no doubt the government will seek to delay production of any records in the instant case which will tend to support plaintiff's claims in the habeas action. Plaintiff's right to copies of the documents at issue in the Freedom of Information Act suit is in question. The

government's shrill objection to the Related Case designation suggests that the government is itself judge-shopping, and would like to have a judge on the instant case who has not witnessed first-hand its intransigence in the habeas action.

Wherefore, plaintiff requests that the government's objection to the related case designation be rejected.

                                                                              Respectfully submitted,

Dated: May 6, 2006                                                     _____
                                                                     Sylvia Royce, *pro bono*
                                                                     DC Bar 924035
                                                                     5505 Connecticut Avenue, NW #340
                                                                     Washington, DC   20015
                                                                     Tel: (202) 362-3445
                                                                     Fax: (202) 686-4271
                                                                     sylvia_royce@hotmail.com

                                                                     Nancy Hollander, *pro bono*
                                                                     Theresa M. Duncan, *pro bono*
                                                                     FREEDMAN BOYD DANIELS
                                                                     HOLLANDER & GOLDBERG P.A.
                                                                     20 First Plaza, Suite 700
                                                                     Albuquerque, NM 87102
                                                                     (505) 842-9960; (505) 842-0761 (facsimile)
                                                                     nh@fbdlaw.com
                                                                     tmd@fbdlaw.com

                                                                     Counsel for Plaintiff