UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMEDOU OULD SLAHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-CV-0597 (JR) |
| ) | |
| U.S. DEPARTMENT OF DEFENSE, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO PLAINTIFF'S  MOTION TO VACATE STAY AND
DEFENDANT'S PROPOSED SCHEDULE AS TO PROCEEDING IN THIS CASE**

**PRELIMINARY STATEMENT**

Defendant, the Department of Defense ("DoD"), hereby responds to the motion of

plaintiff, an alien detainee at the Guantanamo Bay Naval Base, to vacate the stay entered by this

Court on July 3, 2007 pursuant to DoD's consent motion filed on June 29, 2007.  The stay was to

permit DoD until August 31, 2007 to conduct searches (either newly requested by plaintiff only

on June 29, 2007, or for which fee issues were not resolved until June 28, 2007), and to allow the

parties to propose a briefing schedule regarding DoD's dispositive motion with respect to all

information withheld pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Plaintiff has moved to vacate the stay because DoD allegedly has failed to live up to its promise

that it would produce, on a rolling basis, some 600 documents that were previously identified by

DoD in 2006 and that were being processed at the time of the stay motion.

As discussed below, DoD has acted consistently with its representation to plaintiff and to

this Court.  Although DoD has encountered unanticipated complications while processing those

600 documents (all of which are highly sensitive and thus heavily redacted), it has begun its

rolling production, having produced the first set of documents on August 24, 2007.  DoD also

expects to produce another set of documents on or about August 29, 2007 and to complete the processing and production of all 600 documents by September 14, 2007.

As the attached declaration of DoD's Associate Deputy General Counsel Karen L. Hecker demonstrates, while DoD has made significant progress in conducting the new searches that began only in July, DoD currently is unable to determine when processing of plaintiff's FOIA request will be complete.  Of the eleven DoD components or organizations newly tasked to search for responsive documents, two were added only two weeks ago after DoD determined, based on its recent searches, that those two components might have potentially responsive documents, and after plaintiff committed to pay for such searches on August 12, 2007.  It is unclear how many potentially responsive documents these two components might find or what the nature or classification of those documents might be.  Any responsive documents found by these components might also contain information originating from other agencies or organizations and therefore would need to be referred to those originating organizations for review and a release decision.  It is also possible that plaintiff might request additional searches in light of documents that may be located by those two components.

Moreover, while eight of the other nine DoD components or organizations have concluded (or are about to conclude on August 30, 2007) their searches, with production for one component expected as early as August 29, 2007, four of those seven components have referred responsive documents they found to the originating entities (both within and outside of DoD), and must still work with those entities to determine a proposed release schedule.  Two of the remaining components may also find documents that need to be referred.  DoD cannot know when the processing or referral of all responsive documents located in all eleven DoD

2

components and organizations will be complete until approximately the end of September.
Accordingly, DoD respectfully requests that it be allowed until October 1, 2007 to submit a
proposed briefing schedule for its summary judgment motion.

## BACKGROUND

### I.     Plaintiff's FOIA Request and Related Fee Issues

Plaintiff Mohammedou Ould Slahi is an alien currently detained by DoD at the
Guantanamo Bay Naval Base.  By letter dated May 26, 2005, plaintiff's counsel in plaintiff's
habeas corpus case submitted a FOIA request to DoD's Office of Freedom of Information
seeking "records relating to Mohammedou Ould Slahi aka Mohammedou Ould Salahi, born in
Mauritania in approximately 1970."  Declaration of Karen Hecker ("Hecker Decl.") (attached
hereto as Exhibit 1), Ex. A.  The FOIA request was referred to U.S. Southern Command, the
DoD component that encompasses Joint Task Force-Guantanamo ("JTF-GTMO").  Hecker Decl.
¶ 6.  Plaintiff's counsel later informed U.S. Southern Command in January 2006 that she was
particularly interested in plaintiff's medical records.  *Id.* ¶ 8.  On March 31, 2006, while DoD
was still processing plaintiff's FOIA request, plaintiff filed the present action, alleging that DoD
has improperly withheld responsive agency records.  *See* Compl. ¶ 1.

Between May 31 and August 1, 2006, DoD released to plaintiff's counsel approximately
222 pages of medical records and other materials.  *See* Hecker Decl. ¶¶ 10, 13.  Although DoD
had located an additional 600 documents (which were heavily redacted), plaintiff's counsel
informed DoD on July 31, 2006 that she was not interested in receiving those documents at that
time.  *Id.* ¶¶ 11, 12.  Plaintiff's counsel also refused to pay the fees assessed by DoD (which was
$252) for the searches conducted by DoD and the reproduction of the 222 pages of released

3

materials.  *See id.* ¶ 12.  Under DoD's FOIA regulation, 32 C.F.R. § 286.28, plaintiff was entitled

to only two hours of searches and 100 pages of reproduction without charge.  Plaintiff's counsel

nevertheless insisted that the fees should have been limited to $25 because DoD had not

complied with her request to be given advance notice if the reproduction cost was to exceed $25.

*See* Hecker Decl. ¶ 12

On February 22, 2007, this Court stayed this case together with plaintiff's habeas case,

and thereafter, on April 5, 2007, dismissed both cases for lack of subject matter jurisdiction.  The

Court reinstated this case on April 10, 2007, and ordered DoD to either process plaintiff's FOIA

request or file an appropriate dispositive motion within 30 days.  DoD subsequently filed an

unopposed extension of time until July 2, 2007, which this Court granted on May 17, 2007.  At

approximately this time, DoD agreed to accept $25 in lieu of the assessed fee of $252 for the

documents already released to plaintiff, in view of the fact that DoD did not inform plaintiff in

advance that the cost would exceed $25.  *Id.* ¶ 14.  DoD also informed plaintiff's counsel that it

would not conduct any additional searches unless plaintiff committed to pay for the searches.

*See id.*  These additional searches included searches for records of polygraph examinations and

interrogations log, which plaintiff requested at around this time.  *See id.*

## II.    **Plaintiff's Request for New Searches and DoD's Consent Motion for a Stay**

On June 29, 2007, DoD filed a consent motion for a stay until August 31, 2007 for DoD

to propose a schedule as to the future proceeding of this case (dkt #13).  As discussed in that

motion, although defendant had anticipated that its summary judgment motion, then due on July

2, 2007, would address only the information withheld from 222 pages of documents already

released to plaintiff in 2006, three matters changed the potential scope of defendant's anticipated

dispositive motion.

First, on June 28, 2007, the parties resolved fee issues relating to the approximately 600 documents located by U.S. Southern Command in 2006. Hecker Decl. ¶ 17. Although plaintiff's counsel had indicated in July 2006 that she was not interested in those documents, she changed her mind on May 21, 2007. *Id.* ¶¶ 12, 15. She also requested a fee waiver as to those documents. *Id.* ¶ 15. In assessing the request, DoD requested supporting information from plaintiff's counsel regarding plaintiff's ability to publicly disseminate any released material, which counsel provided in a letter dated June 20, 2007, but the letter was not received by DoD until June 27, 2007. *Id.* ¶ 16. Ultimately DoD decided to waive the search fee for a reason unrelated to plaintiff's ability to disseminate publicly any released material. DoD decided to waive the search fee because it conducted the search without first obtaining plaintiff's commitment to pay for the search. *Id.* ¶ 17. As for the reproduction cost, the fee waiver request was rendered moot by plaintiff's agreement on June 28, 2007 to receive the production electronically. *Id.*

Second, also on June 28, 2007, plaintiff's counsel committed to pay for the search for records of interrogation logs and polygraph examinations. *Id.* ¶ 18. Although plaintiff had similarly requested a fee waiver with respect to that search and reproduction of any responsive documents found, DoD informed plaintiff that it could not make a fee waiver determination until (1) plaintiff made a commitment to pay for the search, and (2) any responsive documents were reviewed and applicable exemptions determined. *Id.* ¶ 17. Plaintiff committed to pay for the search on June 28, 2007. *Id.* ¶ 18.

Third, on or about June 29, 2007, plaintiff's counsel further informed DoD for the first time that plaintiff wanted to have searches conducted beyond U.S. Southern Command. *Id.* ¶ 19.

She committed to pay for the searches that same day, which included all DoD components and

organizations listed on a Detainee Search Chart previously provided to plaintiff.[1]  *Id.*

Each of these changes brought additional searches and documents within the scope of

DoD's dispositive motion.  Because DoD was only then starting to conduct those new searches, it

was impossible to determine how much time would be required to process any documents that

might be found to be responsive to plaintiff's FOIA request and which might come within any of

FOIA's exemptions.[2]  Rather than bifurcate the case and make separate motions for summary

judgment to address the different categories of documents discussed above, defendant filed a

consent motion requesting that the case be stayed for a period of 60 days to allow DoD to

conduct those searches and develop a production and briefing schedule regarding the entire

universe of documents and searches (dkt #13).  DoD also stated in the motion that, in the

meantime, it would produce, on a rolling basis, responsive, nonexempt documents to plaintiff as

they become available.

---

[1]  The Detainee Search Chart lists the record systems most likely to have the largest
number of responsive records concerning detainees held at Guantanamo Bay, Cuba, and provides
DoD's established search rates per hour for different levels of DoD personnel, as well as
estimated average search times for different DoD organizations and commands.  It should be
noted that although Joint Staff and the Office of Detainee Affairs are listed as one organization
under the Office of the Secretary of Defense/Joint Staff, they have been tasked separately for the
search of responsible documents in this case.

[2]  Although plaintiff asserts that counsel for DoD had stated that DoD would complete the
search of those DoD components and organizations and process all responsive documents within
60 days, *see* Pl. Mot. at 2 n.1, counsel never made such representation.  In fact, DoD's consent
motion for a stay clearly states that DoD needed 60 days to conduct the searches and to determine
when processing would be complete, in order to then prepare DoD's dispositive motion (dkt
#13).

**DOD'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE STAY**

On August 14, 2007, plaintiff filed the instant Motion to Vacate Stay, claiming that DoD had "extracted" his consent "through representations which the government either cannot or will not now honor." Pl's Mot. ¶ 4.  Plaintiff complained that, notwithstanding DoD's representation that it would produce documents on a rolling basis, no document had yet been produced to plaintiff.  Specifically, plaintiff stated that he had not received the 600 documents previously identified by DoD that were in the process of being reviewed at the time of the stay motion.  *Id.* ¶ ¶ 2, 2[sic].  Plaintiff further complained about the delay in this case, noting that his original FOIA request was filed in May 2005.

Contrary to plaintiff's representations, DoD has not previously made any representation regarding when the rolling production might begin or when the processing of those previously identified 600 documents would be complete.  Rather, DoD represented that it would produce, on a rolling basis, responsive, nonexempt documents to plaintiff as they become available.  Indeed, DoD has been diligently processing those 600 documents and, on August 24, 2007, produced the first set of documents, which consisted of 205 heavily redacted pages.  DoD expects to produce the next set of approximately 247 pages of documents on or about August 29, 2007, and to complete all processing of those 600 documents by September 14, 2007.  *See* Hecker Decl. ¶ 31.

To be sure, DoD believed at the time of the stay motion that it could process those records in less time.  *Id.* ¶ 28.  The 600 documents, each marked "SECRET," had already gone through the review process by JTF-GTMO.  *Id.* ¶¶ 23, 28.  That process consisted of a line-by-line examination of the documents by FOIA personnel at JTF-GTMO and by individuals directly involved with the intelligence gathering operation at JTF-GTMO.  Each page was then redacted

in accordance with the withholding decisions made by JTF-GTMO personnel and reviewed by attorneys assigned to JTF-GTMO. The documents had also been reviewed by JTF-GTMO's superior organization, U.S. Southern Command, and any differences between JTF-GTMO and U.S. Southern Command as to the proposed withholdings or releases had been resolved. What remained to be done was review by DoD's FOIA Office. *See id.* ¶¶ 24-27.

However, after DoD filed its stay motion on June 29, 2007, DoD's FOIA Office determined that some of JTF-GTMO and U.S. Southern Command's proposed withholdings were inaccurate. *See id.* ¶ 29. DoD's FOIA Office thus determined that it needed to reprocess all pages of the approximately 600 documents, which again involved a line-by-line examination of each document. *Id.* Once DoD's FOIA office had reprocessed groups of pages within these documents, those groups are returned to JTF-GTMO and U.S. Southern Command for their validation and approval. *Id.* Any disputes between DoD FOIA and the command would need to be resolved before the pages could be produced. *Id.* ¶ 29. Additionally, because plaintiff is being considered for potential prosecution by a military commission for his alleged war crimes, the documents also have to be reviewed by members of the prosecution team investigating his case to determine the applicability of law enforcement exemption under FOIA Exemption (b)(7). *Id.* ¶ 30. As noted before, DoD expects to complete the review and processing of all 600 documents by September 14, 2007. *Id.* ¶ 31.

In regard to plaintiff's complaint about delay, there are legitimate reasons for the time that has been required for DoD to process records responsive to the FOIA request. As an initial matter, it was not until June 28, 2007 that the fee issue regarding the 600 documents was finally resolved. Indeed, in a FOIA case, "[e]xhaustion does not occur until the required fees are paid or

an appeal is taken from the refusal to waive fees." *See Oglesby v. Dep't of the Army*, 920 F.2d

57, 66 (D.C. Cir. 1990); *see also Trueblood v. Dep't of the Treasury*, 943 F. Supp. 64, 68

(D.D.C.1996).  In fact, plaintiff's counsel did not request those documents until May 21, 2007,

having previously indicated that she was not interested in those documents.  Thus, it was only

after June 28, 2007 that DoD's FOIA office began its final review of the 600 documents.  (JTF-

GTMO and U.S. Southern Command previously had searched for and reviewed the documents in

2006.  They did so in error because they had not first obtained a fee commitment from plaintiff).

Similarly, searches of records for interrogation log and polygraph examinations did not begin

until after plaintiff committed to pay for such searches on June 28, 2007.  Under DoD's FOIA

regulation, 32 C.F.R. § 286.28 (e)(2), a DoD component need not initiate a search for responsive

records until the requester indicates a willingness to pay assessable costs if more than two hours

of search effort or 100 pages of records are requested.

     Moreover, plaintiff did not request that searches be conducted beyond U.S. Southern

Command until June 28, 2007.  Hecker Decl. ¶ 18.  On at least two prior occasions, once on July

28, 2006 and again on May 17, 2007, DoD had advised plaintiff's counsel that, if she desired to

have additional DoD components searched, she would need to commit to pay for the search.  *See

id.* ¶¶ 11, 14.  DoD had also provided plaintiff's counsel with a Detainee Search Chart, which

listed the record systems most likely to have the largest number of responsive records concerning

detainees held at Guantanamo Bay, Cuba.  Yet, plaintiff's counsel made no request for the

searches nor any commitment to pay for the searches until June 29, 2007.  *See id.* ¶ 19.

     Furthermore, two additional DoD components, the U.S. Army Intelligence and Security

Command and U.S. European Command, were tasked to search for responsive documents as late

as August 15, 2007. *Id.* ¶ 19. Specifically, on August 9, 2007, DoD informed plaintiff's counsel

that all DoD components listed on the Detainee Search Chart had been tasked to search for

potentially responsive documents, and that during that search, DoD found documents that

referenced U.S. European Command and U.S. Army Intelligence and Security Command,

suggesting that those commands may have additional responsive documents. *Id.* ¶ 21. DoD

informed plaintiff that it would task those two commands to search for potentially responsive

documents if plaintiff's counsel would commit to pay for the searches (estimated at a total of 18

hours) at the same rates listed on the Detainee Search Chart. *Id.* On August 12, 2007, plaintiff's

counsel committed to pay for those searches. *Id.*

　　　　For all of these reasons, there is no unreasonable delay in this case.

## STATUS OF DOD'S SEARCH AND PROCESSING
## AND DOD'S PROPOSED SCHEDULE

　　　　DoD is currently unable to propose a briefing schedule as to its dispositive motion

because it does not know at this time how many responsive documents it might ultimately find in

all of the DoD commands and organizations which have been tasked to search for responsive

records. DoD, however, believes that it can propose a briefing schedule by October 1, 2007.

　　　　As set forth in detail in the attached Hecker declaration (at ¶¶ 32-41), DoD has made

significant progress since June 29, 2007 to search for and process responsive documents. Eight

of the nine DoD components or organizations that were tasked with these responsibilities in early

July have now completed (or are about to complete on August 30, 2007) their search for

responsive documents.[3] Four components so far have found responsive records; one expects to

---

　　　　[3] The remaining organization, which is the Joint Staff, will be able to determine a
processing and production schedule within the next 30 days. *See* Hecker Decl. ¶ 40b.

produce the responsive documents to plaintiff on August 29, 2007, and another two expect to
produce responsive documents originated within their own organizations by September 30, 2007.
For four components, DoD is currently unable to determine the completion date for the
production of responsive documents that have been referred to their originating entities pursuant
to pursuant to DoD's FOIA regulations.  *See* paragraph C1.5.9. of DoD FOIA Program
Regulation 5400.7R.   DoD is coordinating with those entities to determine the production date.
The Defense Intelligence Agency, for example, has found 671 responsive documents totaling
approximately 3,165 pages.  *Id.* ¶ 36.  Of those 671 documents, 606 documents did not originate
with the Defense Intelligence Agency and, as a result, must be referred to the originating entities,
including entities such as the FBI, the Department of State, the Army, Air Force, and Navy.  *See
id.*

In sum, DoD has been working diligently to process plaintiff's expansive FOIA request.
Because fee issues regarding (1) the previously identified 600 documents and (2) records of
polygraph examinations and interrogation log were not resolved until June 28, 2007; because
plaintiff did not request searches of DoD components or organizations beyond U.S. Southern
Command until June 29, 2007; because two additional DoD components were only recently
tasked to search for responsive documents; because some responsive documents originating from
other entities must necessarily be referred to those entities (both within and outside of DoD) for
review and processing; and because plaintiff's FOIA request involves sensitive materials that
must be examined line by line and go through multiple layer of review, DoD requires until
October 1, 2007 to propose a briefing schedule.

## CONCLUSION

For the foregoing reasons, DoD respectfully request that it be permitted until October 1, 2007 to propose a briefing schedule for its dispositive motion.

Dated: August 28, 2007                          Respectfully submitted,

                                                PETER D. KEISLER
                                                Assistant Attorney General, Civil Division

                                                JEFFREY A. TAYLOR
                                                United States Attorney

                                                JOSEPH H. HUNT
                                                Director, Federal Programs Branch

                                                JOHN R. TYLER
                                                Senior Trial Counsel

                                                _____/s/ Jean Lin_____
                                                JEAN LIN  (NY#4074530)
                                                Federal Programs Branch, Civil Division
                                                United States Department of Justice
                                                20 Massachusetts Ave., N.W.
                                                Washington, D.C.  20530
                                                Tel: (202) 514-3716
                                                Fax: (202) 616-8407
                                                E-mail: jean.lin@usdoj.gov


                                                Attorneys for Defendants