UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMEDOU OULD SLAHI,         )
                                )
    Plaintiff,                  )
                                )
v.                              )   Civil Action No. 06-CV-0597 (JR)
                                )
U.S. DEPARTMENT OF DEFENSE,     )
                                )
    Defendant.                  )
_____)

**DEFENDANT'S MOTION FOR CLARIFICATION OF THIS
COURT'S ORDER OF SEPTEMBER 4, 2007**

Defendant, the Department of Defense ("DoD"), hereby submits this motion to clarify this Court's Order issued on September 4, 2007, granting plaintiff's motion to vacate stay. In support of this motion, DoD states as follows:

1. On June 29, 2007, this Court entered a stay to permit DoD until August 31, 2007 to conduct searches (either newly requested by plaintiff only on June 29, 2007, or for which fee issues were not resolved until June 28, 2007), and to allow the parties to propose a briefing schedule regarding DoD's dispositive motion with respect to all information withheld pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. On August 14, 2007, plaintiff moved to vacate the stay entered by this Court. The motion focused on defendant's failure by the date of that filing to produce some 600 documents that were previously located in U.S. Southern Command and that DoD had represented it would produce to plaintiff on a rolling basis. Plaintiff requested that the Court order DoD to provide all documents and to file its dispositive motion by August 31, 2007.

3. On August 28, 2007, DoD responded to plaintiff's motion, informing the Court that it had begun its rolling production of those 600 Southern Command documents, and that it

would complete the production by September 14, 2007. DoD further stated that in order to avoid bifurcating the case, it needed until October 1, 2007 to propose a briefing schedule for its dispositive motion. The dispositive motion would address information withheld from not only the Southern Command production but also other responsive documents potentially to be located in ten other DoD components that were only recently tasked to search for responsive documents. This would also include documents that had recently been referred, or would have to be referred after the searches are complete, to agencies outside of DoD. DoD set forth the status of the search with respect to each of those DoD components, and specifically, DoD informed the Court that two of those components were tasked to do the search as late as August 15, 2007, after plaintiff committed to pay for the searches three days earlier on Sunday, August 12.

4. In his reply filed on August 30, 2007, plaintiff reiterated his prior request, and further proposed in the alternative that DoD be ordered to provide all documents from Southern Command along with its motion for summary judgment as to that part of the case by September 7, 2007, and to provide the remaining documents and remaining arguments by October 1, 2007.

5. On September 4, 2007, this Court issued an Order, which states in its entirety:

> Plaintiff's motion to vacate stay [14] is **granted**. The government may have until September 17, 2007, to complete its production of documents from Southern Command, and until October 1, 2007, to file any dispositive motion with respect to documents that have not been produced, or that have been redacted. It is **SO ORDERED**.

6. DoD believes that this Order speaks to (1) those 600 documents located in Southern Command, which were the central focus of plaintiff's motion to vacate, and (2) certain medical records and other materials also located in Southern Command that were released to

plaintiff in 2006. Specifically, the Order references only one production deadline, *i.e.,* September 17, 2007 – for documents from Southern Command, and one deadline for DoD's dispositive motion – for documents that are withheld and materials redacted from the Southern Command production. DoD assumes that it would still need to propose a production and briefing schedule by October 1, 2007, with respect to materials located or to be located in the other ten DoD components, certain of which were tasked to conduct a search as late as August 15, 2007, after plaintiff had committed to pay for the requisite search fees.

      7.      On September 5, 2007, DoD conferred with plaintiff's counsel regarding its interpretation of the Court's September 4, 2007 Order. Plaintiff's counsel indicated her belief that the October 1 deadline is for the production of all documents from all eleven DoD components as well as for DoD's filing of a dispositive with respect to all withheld materials. DoD continues to submit, respectfully, that this would be an impossible task for the reasons set forth in its August 28, 2007 submission.

      WHEREFORE, DoD respectfully requests this Court's clarification (1) that its obligation under the September 4, 2007 Order is to complete the production of the 600 documents from Southern Command by September 17, 2007, and to file a dispositive motion by October 1, 2007 with respect to any material withheld from that production as well as from other Southern Command documents already released to plaintiff in 2006; and (2) that DoD has until October 1, 2007 to propose a production and briefing schedule with respect to documents located or to be located in all other DoD components.

Dated: September 5, 2007                              Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

JEFFREY A. TAYLOR
United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

JOHN R. TYLER
Senior Trial Counsel

    */s/* Jean Lin
JEAN LIN  (NY#4074530)
Federal Programs Branch, Civil Division
United States Department of Justice
20 Massachusetts Ave., N.W.
Washington, D.C.  20530
Tel: (202) 514-3716
Fax: (202) 616-8407
E-mail: jean.lin@usdoj.gov

Attorneys for Defendant