IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMMEDOU OULD SLAHI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-CV-0597 (JR) |
| U.S. DEPARTMENT OF DEFENSE, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING SOUTHERN COMMAND**

Pursuant to local rule 7.1(h), defendant, the United States Department of Defense, submits the following statement of material facts as to which there is no genuine issue:

1. Plaintiff Slahi is an alien who is currently detained by DoD at Guantanamo Bay as an enemy combatant. *See* Declaration of William T. Kammer ["Kammer Decl."] ¶ 4.

2. By letter dated May 26, 2005, plaintiff's counsel in his habeas corpus case submitted a FOIA request to DoD's FOIA office seeking "records relating to Mohamedou Ould Slahi aka Mohammedou Ould Salahi, born in Mauritania in approximately 1970." Kammer Decl., ¶ 4, Ex. A. The request for records includes "memoranda, inter-agency communications, case summaries, notes, indexes, jottings, message slips, letters, facsimile transmissions, diaries, E-Mails and calendars." *Id.*

3. On or about June 30, 2005, DoD's FOIA office referred the FOIA request to United States Southern Command, the DoD component that encompasses Joint Task Force-Guantanamo, because it had determined that the requested records, if they exist, were

likely located in the records of that component. Kammer Decl., ¶ 5, Ex B.

4. Southern Command acknowledged receipt of the FOIA request on July 13, 2005. Kammer Decl,, Ex. C.

5. By letter dated January 3, 2006, plaintiff's counsel wrote Southern Command to inquire about the status of the FOIA request. The letter additionally states that counsel was particularly interested in plaintiff's medical records. Kammer Decl., ¶ 6, Ex. D.

6. Southern Command, the parent command of JTF-GTMO, determined that responsive records within Southern Command most likely are located in the records of JTF-GTMO, Declaration of Rear Admiral Mark H. Buzby ["Buzby Decl."], ¶ 5.

7. In July 2005, Major General Jay W. Hood, then the Commander of JTF-GTMO, tasked all divisions within JTF-GTMO reasonably likely to have responsive records to search for documents, which are: the Joint Medical Group, the Joint Detention Group, the Joint Intelligence Group, and The Staff Judge Advocate's Office. Buzby Decl., ¶¶ 5-10. All four divisions were directed to conduct searches reasonably calculated to retrieve all records responsive to plaintiff's request, including manual and/or electronic searches of both classified and unclassified records. *Id.* ¶ 6.

8. On February 23, 2006, the Joint Medical Group located approximately 20 pages of medical records pertaining to plaintiff, after conducting manual and electronic searches of all the medical records maintained by the JMG. Buzby, ¶ 7.

9. On or about September 30, 2005, the Joint Detention Group, whose function is to ensure the security and safety of both the detainees and JTF-GTMO personnel, and the humane treatment of detainees, located approximately 30 pages of detention records relating to

plaintiff. It had conducted manual and electronic searches of all the detention records maintained by the JDG. Buzby Decl., ¶ 8.

10. On or about October 28, 2005, The Staff Judge Advocate's office, which provides legal counsel in support the JTF-GTMO mission, found 8 responsive documents after searching the electronic database for documents referencing plaintiff. Buzby Decl., ¶ 10.

11. The vast majority of the responsive records, however, was found in the Joint Intelligence Group, whose function is to conduct strategic counter-terrorism interrogation operations, detainee assessments, all-source analysis and productions, and detainee screening operations to collect and exploit intelligence in support of the Global War on Terror. Utilizing a search feature in JTF-GTMO's intelligence database, JIG personnel searched for documents referencing plaintiff, and found approximately 600 documents. Buzby, Decl., ¶ 9.

12. On or about April 14, 2006, Southern Command informed plaintiff's counsel that its search had located approximately 1,200 pages of documents responsive to plaintiff's May 26, 2005 FOIA request and that those documents had been referred to DoD's FOIA office for further review. The letter further stated that Southern Command was still working on the January 3, 2006 request for plaintiff's medical records. *See* Kammer Decl. ¶ 8.

13. On April 20, 2006, Southern Command advised plaintiff's counsel that it had located approximately 200 pages of medical records, and that those documents similarly have been referred to DoD FOIA office for further review. *See* Kammer Decl. ¶ 8.

14. On May 31, 2006, DoD released to plaintiff's counsel approximately 200 pages of

medical records relating to plaintiff. *See* Declaration of Jean Lin ["Lin Decl."], Ex. 1.

15. On July 28, 2006, DoD, though counsel, informed plaintiff's counsel that DoD had located approximately 600 other documents which would be almost wholly redacted and that the cost for reproducing those documents would be $.15 per page. *See* Lin Decl., Ex. 2.

16. On July 31, 2006, plaintiff's counsel indicated that she had no interest in receiving the approximately 600 documents at that time. She also declined to pay DoD's requested fee of $252 for the medical records she had already received because DoD did not notify her, as she had requested, that the fee would exceed $25. *See* Lin Decl., Ex. 3.

17. On August 1, 2006, DoD released to plaintiff's counsel 22 pages of partially redacted documents. *See* Lin Decl., Ex. 4.

18. On May 17, 2007, DoD advised plaintiff's counsel that it would accept a payment of $25, in lieu of the assessed $252, for the search and reproduction of the medical records and the additional 22 pages of materials already produced to plaintiff. *See* Lin Decl., Ex. 5.

19. On May 21, 2007, plaintiff's counsel remitted $25 to DoD, and requested a full waiver of additional fees for the approximately 600 documents already located in Southern Command and for records of the polygraph examinations and interrogations logs if those documents were not included within in the documents already identified by DoD. *See* Kammer Decl. ¶ 10; Lin Decl., Ex. 6.

20. Further, on May 24, 2007, after plaintiff's counsel further requested records of polygraph examinations and "interrogation logs," Lin Decl., Ex. 6, the Joint Intelligence Group was tasked to conduct a supplemental search because it has primary responsibility for

4

conducting interrogations and assessing the results of interrogations. Buzby Decl., ¶ 11. JIG conducted both manual and electronic searches of its records; it found 4 polygraph documents, but did not find any "interrogation logs." *Id.*

21. On June 28, 2007, the parties ultimately resolved the fee issue. *See* Kammer Decl. ¶ 11.

22. On August 24, 2007, DoD produced 205 partially redacted pages from the approximately 600 documents found at Southern Command, and on or about September 4, 2007, it produced another 247 pages. Finally, on or about September 17, 2007, DoD produced the remainder of the approximately 600 documents. The total number of pages for the approximately 600 documents is 1560. Kammer Decl., ¶ 15.

23. On October, DoD will further produce releasable portion of 13 "interrogation plans" located by JTF-GTMO in July 2007 while examining documents for production. JTF-GTMO processed those documents and referred them to the DoD FOIA office on September 24, 2007 for further review. Buzby Decl., ¶ 12

24. DoD has withheld responsive documents under FOIA Exemptions 1, 2, 3, 5, 6 and 7. The bases of the withholding are fully explained in the Declaration of Rear Admiral Mark H. Buzby. The withheld documents are also described in detail in the *Vaughn* index, which is attached as Exhibit A to the Buzby declaration.

Dated: October 1, 2007                                        Respectfully submitted,

                                                                     PETER D. KEISLER
Assistant Attorney General, Civil Division

JEFFREY A. TAYLOR
United States Attorney

JOSEPH H. HUNT

        Director, Federal Programs Branch

        TERRY HENRY
        Senior Trial Counsel

            /s/ Jean Lin
        JEAN LIN
        Trial Attorney
        Federal Programs Branch, Civil Division
        United States Department of Justice
        20 Massachusetts Ave., N.W.
        Washington, D.C.  20530

        Counsel for Defendant