**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MOHAMMEDOU OULD SLAHI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-CV-0597 (JR) |
| U.S. DEPARTMENT OF DEFENSE, | ) ) | |
| Defendant. | ) ) ) | |

**DECLARATION OF JEAN LIN**

I, JEAN LIN, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a Trial Attorney in the Department of Justice, Civil Division, Federal

Programs Branch.  I am the lead counsel of record in this case on behalf of the defendant, the

Department of Defense.  I was assigned to defend this matter in June 2007 upon the departure of

Nicholas J. Patterson, the attorney previously assigned to handle this case, from the Civil

Division.  I am familiar with the case file of this case.

2.      I submit this declaration in support of DoD's motion for partial summary

judgment.

3.      Attached as Exhibit 1 is a true and correct copy of an E-mail from Mr. Patterson

and plaintiff's counsel, Ms. Sylvia Royce, dated May 31, 2006, which I located in the

correspondence file of this case maintained by my office.

4.      Attached as Exhibit 2 is a true and correct copy of an E-mail from Mr. Patterson

to Ms. Royce, dated July 28, 2006,  which I located in the correspondence file of this case

maintained by my office.

5        Attached as Exhibit 3 is a true and correct copy of an E-mail from Ms. Royce to

Mr. Patterson, dated July 31, 2006, which I located in the correspondence file of this case

maintained by my office.

6.       Attached as Exhibit 4 is a true and correct copy of an E-mail from Mr. Patterson

to Ms. Royce, dated August 1, 2006,  which I located in the correspondence file of this case

maintained by my office.

7.       Attached as Exhibit 5 is a true and correct copy of an E-mail from Mr. Patterson

to Ms. Royce, dated May 17, 2007,  which I located in the correspondence file of this case

maintained by my office.

8.       Attached as Exhibit 6 is a true and correct copy of a letter from Ms. Royce to Mr.

Patterson, dated May 21, 2007,  which I located in the correspondence file of this case

maintained by my office.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:    October 1, 2007

/s/_____
Jean Lin

**EXHIBIT 1**
**Declaration of Jean Lin**

Email to Royce 5-31-06

From: "Nicholas.Patterson@usdoj.gov" <Nicholas.Patterson@usdoj.gov>
To: "sylvia_royce@hotmail.com" <sylvia_royce@hotmail.com> (Receipt Notification
Requested) (IPM Return Requested)
Subject: Medical records
Date: Wed, 31 May 2006 14:40:47 -0400 (EDT)

Dear Ms. Royce,

Please find attached Mohammedou Ould Slahi's medical records which are being
produced in response to your May 26, 2005 FOIA request to the U.S.
Department of Defense and your January 3, 2006 letter reiterating this request and
stating that you were particularly interested in Mr. Slahi's medical records.

Please feel free to contact me if you have any questions.

Sincerely,

Nicholas J. Patterson


Nicholas J. Patterson
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: (202) 514-4523
Fax: (202) 616-8470


<< SlahiFOIAMedicalRecordspart.2.pdf >>


<< SlahiFOIAMedicalRecordspart.1.pdf >>

Page 1

**EXHIBIT 2**
**Declaration of Jean Lin**

Email to Royce 7-28-06

From: Patterson, Nicholas (CIV)
Sent: Friday, July 28, 2006 5:43 PM
To: 'sylvia_royce@hotmail.com'
Subject: RE: Slahi v. DOD

Dear Ms. Royce,

The Department of Defense ("DoD") has completed its review of responsive materials gathered by U.S. Southern Command, which includes records gathered by Joint Task Force-Guantanamo, the most likely DoD organization to maintain responsive materials. DoD will be producing approximately 30 pages of material, all of which are partially redacted, on August 1, 2006. DoD has located approximately 600 other documents, which it appears will be almost wholly redacted, and can finish processing them soon. The withholdings in these two sets of productions appear to be primarily based on Exemptions (b)(1),(b)(2), (b)(5), and (b)(6). These withholdings will be detailed in a Vaughn index at a later time.

The fee for the search and reproduction of the 30 pages of records and the medical records you have already received is $252.00. The DoD requests that you remit the $252 fee at this time.

If you desire to have copies of the approximately 600 almost wholly redacted documents, those can be provided to you at a reproduction cost of $.15/page. (This reproduction fee will likely total between $150 and $200 and an exact total can be provided to you on request). Please advise if you are willing to pay that fee in order to receive those documents.

Lastly, if you want DoD's search expanded to DoD organizations beyond U.S. Southern Command, you must make a commitment to pay additional fees for those searches and the reproduction costs of any responsive documents that are found. See paragraph C1.4.2 and Chapter 6 of DOD FOIA Program Regulation 5400.7R, available at http://www.dtic.mil/whs/directives/corres/pdf/540007r_090498/540007r.pdf.

Further, failure to meet fee requirements results in lack of exhaustion of administrative remedies. See, e.g., Schwarz v. United States Dep't of Treasury, 131 F. Supp. 2d 142, 148 (D.D.C. 2000) ("Exhaustion of administrative remedies . . . Includes payment of required fees or an appeal within the agency from a decision refusing to waive fees.").

Please let me know if you have any questions or if I can help in any way.

Sincerely,

Nicholas J. Patterson
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: (202) 514-4523
Fax: (202) 616-8470

**EXHIBIT 3**
**Declaration of Jean Lin**

Royce email 7-31-06

From: sylvia_royce@hotmail.com
Sent: Monday, July 31, 2006 12:40 PM
To: Patterson, Nicholas (CIV)
Subject: RE: Slahi v. DOD

Dear Mr. Patterson,

Thank you for your thorough E-Mail detailing which of my client's records are available.

As to the 600 documents which are almost wholly redacted, we are not interested in these at this time.

We're looking forward to receiving the 30 pages of partially redacted records.

We believe that the charge for the medical records we have already received should be limited to $25. As you can see from our original request (copy attached to this E-Mail), we asked for advance notice if the fee was going to exceed $25. We received no such notice.

Sincerely,

Sylvia Royce
(202) 362-3445 (tel)
(202) 686-4271 (fax)
5505 Connecticut Avenue, NW #340
Washington, DC 20015
USA

**EXHIBIT 4**
**Declaration of Jean Lin**

Slahi v. DOD 8-1-06 email to Royce

From: Nicholas.Patterson@usdoj.gov [mailto:Nicholas.Patterson@usdoj.gov]
Sent: Tuesday, August 01, 2006 7:38 PM
To: sylvia_royce@hotmail.com
Subject: RE: Slahi v. DOD

Dear Ms. Royce,

Please find attached 22 pages of partially redacted records in response to your FOIA request. Upon further inspection it was determined that 22 rather than 30 pages were responsive to your FOIA request.

I will respond to the rest of your July 31, 2006 email in a subsequent email.

Sincerely,


Nicholas J. Patterson
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: (202) 514-4523
Fax: (202) 616-8470

**EXHIBIT 5**
**Declaration of Jean Lin**

Email to Royce 05-17-07

Attachments: Detainee Search Chart.pdf

--------------------------------------------------------------------------------
From: Patterson, Nicholas (CIV)
Sent: Thursday, May 17, 2007 5:57 PM
To: 'sylvia royce'
Subject: Slahi v. DoD email 05-17-07

Dear Ms. Royce,

As I mentioned in my July 28, 2006 email to you, the Department of Defense ("DoD")
has completed its review of materials responsive to your FOIA request gathered by
U.S. Southern Command, which includes records gathered by Joint Task
Force-Guantanamo, the most likely DoD organization to maintain responsive materials.
DoD provided you with over 200 pages of Mr. Slahi's medical records and produced
another 24 pages of material responsive to your request. All of these materials
were partially redacted. The withholdings in the medical records and 24 pages of
other records that you have received appear to be primarily based on Exemptions
(b)(1),(b)(2), (b)(5), and (b)(6). These withholdings will be detailed in a Vaughn
index at a later time. DoD's dispositive motion will focus solely on these
documents from U.S. Southern Command since you have never indicated a willingness to
incur the fees for searches of other areas of DoD.

As I explained in my July 28, 2006 email, the fee for the search and reproduction of
the 24 pages of records and the medical records you have already received is
$252.00. In your July 31, 2006 email, you stated that you believed that the charge
for the medical records you had received should "be limited to $25." You also
stated that in your original FOIA request, you had asked for "advance notice if the
fee was going to exceed $25" and that you had not received such notice. DoD will
honor the statement from your original FOIA request and accept a payment of $25 for
the search and reproduction of the 24 pages of records and the medical records. DoD
must receive this payment of $25 before conducting any further searches or
production.

As I stated in my July 28, 2006 email, DoD has also located approximately 600 other
documents (approximately 2500 pages), which it appears will be almost wholly
redacted. We have not proceeded with producing these records because in your July
31, 2006 email to me you stated that as "to the 600 documents which are almost
wholly redacted, we are not interested in these at this time." Since you have not
indicated a definite interest in receiving these documents, we do not plan to
address these documents in our dispositive motion.

If you desire to have copies of the approximately 600 almost wholly redacted
documents, which constitute approximately 2500 pages, the documents can be provided
to you at DoD's established reproduction fee of $.15/page. This reproduction fee
will likely total approximately $350.00. An exact total can be provided to you on
request. Please advise if you are willing to pay that fee in order to receive those
documents. This fee must be paid before the documents are reproduced.
Additionally, if you choose to have these documents reproduced, DoD will likely need
more time, beyond the current July 2, 2007 deadline, to file a dispositive motion
and Vaughn index that covers the documents.

Lastly, if you want DoD's search expanded to DoD organizations beyond U.S. Southern
Command, you must make a commitment to pay additional fees for those searches and
the reproduction costs of any responsive documents that are found. See paragraph
C1.4.2 and Chapter 6 of DOD FOIA Program Regulation 5400.7R, available at
http://www.dtic.mil/whs/directives/corres/pdf/540007r.pdf. If you are still
interested in having DoD conduct searches for polygraph tests and interview logs,
you must make a commitment to pay fees for such searches. Your client has already

Email to Royce 05-17-07

received the two hours of free search time to which he is entitled.  Any additional searches will incur fees at the established DoD fee rates of: clerical search time - $20 per hour; professional search time - $44 per hour; executive search time - $75 per hour.  For your convenience, I am attaching to this email a chart which explains DoD's established search rates per hour for different levels of DoD personnel and estimated average search times for different DoD organizations and commands. Further, if you choose to have DoD perform additional searches, DoD will likely need more time, beyond the current July 2, 2007 deadline, to file a dispositive motion and Vaughn index that covers these searches and any responsive documents found in the searches.

Further, as I explained in my July 28, 2006 email, failure to meet fee requirements results in lack of exhaustion of administrative remedies. See, e.g., Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 66 & n.11, 71 (D.C. Cir. 1990) ("Exhaustion does not occur until fees are paid or an appeal is taken from the refusal to waive fees."); Schwarz v. United States Dep't of Treasury, 131 F. Supp. 2d 142, 148 (D.D.C. 2000) ("Exhaustion of administrative remedies . . . Includes payment of required fees or an appeal within the agency from a decision refusing to waive fees."); see also Pruitt v. Executive Office for the U.S. Attorneys, No. 01-5433, 2002 WL 1364365, at *1 (D.C. Cir. 2002) (reiterating that judicial review is not appropriate until requester either appeals fee waiver denial or pays assessed fee).

If we do not hear otherwise from you by May 24, 2007, we will assume that you do not want the 600 other documents and do not want DoD to expand its search for responsive documents. Therefore, unless we hear otherwise by May 24, DoD's dispositive motion will only cover the medical records and the 24 pages already produced to you since you will not have exhausted your administrative remedies for other documents or further searches.

Please let me know if you have any questions or if I can help in any way.

    Sincerely,


    Nicholas J. Patterson
    Trial Attorney
    Federal Programs Branch
    Civil Division
    20 Massachusetts Avenue, N.W.
    Washington, DC 20530
    Tel: (202) 514-4523
    Fax: (202) 616-8470

## Potential Locations for Record Searches – Detainee Related FOIA Requests

DoD does not maintain a uniform or centralized record system.  As a result, a thorough search based on the record descriptions contained in your FOIA request may require searches at multiple organizations, commands or offices.  While some records systems can be searched electronically, others are not digitized and will require a manual search by individuals familiar with organization's records management system.

The following chart is organized in order of the record systems most likely to have the largest number of responsive records concerning detainees held at Guantanamo Bay, Cuba.

| Organization/ Command/ Office | Examples of types of records which might be held in record systems maintained by the organization. | Estimated average search time. Rates per hour = $20 per hr clerical $44 per hr professional $75 per hr executive |
|---|---|---|
| U.S. Southern Command | Primary location/records systems for documents regarding detainees held at Guantanamo Bay, Cuba. | Estimate minimum of 5 hours of search at professional search rate. NOTE:  estimated search time will vary dependent upon number and types of records requested. |
| Office for the Administrative Review of the Detention of Enemy Combatants (OARDEC) | Records concerning Combatant Status Review Tribunals (CSRT) and Administrative Review Boards (ARB) regarding detainees held at Guantanamo Bay, Cuba | Recommend  checking the FOIA webpage at: http://www.defenselink.mil/pubs/foi/index.html under **Detainee Related Documents** as pertinent CSRT and ARB documents may have already been publicly released and available at the site.  Estimate 4 hours of search at clerical or professional search rate  NOTE:  estimated search time will vary dependent upon number and types of records requested. |
| U.S. Central Command | Primary location/record systems for responsive documents concerning initial entry into U.S. custody if detainee was picked up/captured in SW Asia to include detainees captured in SW Asia and subsequently moved to Guantanamo. | Estimate minimum of 4 hours of search at professional search rate  NOTE:  estimated search time will vary dependent upon number and types of records requested. |
| Office of the Secretary of Defense/Joint Staff | Office of Detainee Affairs is responsible for strategy development and policy recommendations regarding detainees.  Also handles reports from the International Committee of the Red Cross. | Estimate minimum of 3 hours of search at professional search rate  NOTE:  estimated search time will vary dependent upon number and types of records requested. |
| Defense Intelligence Agency | Records concerning interrogations or intelligence gathered/obtained concerning detainees. | Estimate minimum of 3 hours of search at professional search rate  NOTE:  estimated search time will vary dependent upon number and types of records requested. |
| Defense Criminal Investigation Task Force (CITF) | Investigative records concerning non-U.S. citizen detainees captured during the GWOT and suspected | Estimate minimum of 4 hours of search at professional search rate |

|  | of illegal activities in conjunction with their affiliation to al Qaeda and other enemies of the state. | NOTE: estimated search time will vary dependent upon number and types of records requested. |
|---|---|---|
| U.S. Special Operations Command | Records concerning detainee if was initially captured/turned over to U.S. Special Operations Forces | Estimate minimum of 3 hours of search at professional search rate<br><br>NOTE: estimated search time will vary dependent upon number and types of records requested. |
| U.S. Transportation Command | Records concerning transportation of detainees (normally the transfer by air) from a theater of operation to Guantanamo Bay, Cuba. | Estimate 1 hour of search at professional search rate<br><br>NOTE: estimated search time will vary dependent upon number and types of records requested. |

FOIA requests for records on behalf of detainees who are held at Guantanamo, or previously held at Guantanamo, are being centrally managed by the DOD Office of Freedom of Information. This means that the final response will come from this office and that search fees will be consolidated for all record searches. The entitlement to two free search hours will be applied to the total search fees.

**EXHIBIT 6**
**Declaration of Jean Lin**

SYLVIA ROYCE
ATTORNEY AT LAW
5505 CONNECTICUT AVENUE, NW, #340
WASHINGTON, DC 20015

SYLVIA_ROYCE@HOTMAIL.COM

TELEPHONE
(202) 362-3445

FACSIMILE
(202) 686-4271

May 21, 2007

Nicholas J. Patterson
Trial Attorney
Federal Programs Branch
Civil Division
20 Massachusetts Avenue, NW
Washington, DC 20530
by courier

Re:    Slahi v. Department of Defense
       No. 06cv0597 (JR)

Dear Mr. Patterson:

We would appreciate it if you would convey to your client the enclosed check for Mr. Slahi's medical records and this request for a full waiver of additional fees for other responsive documents.

As the enclosed declaration from attorney Theresa M. Duncan shows, Mr. Slahi has been incarcerated since 2001 and has neither assets nor income. Counsel in this action as well as his habeas corpus action have represented him on an entirely pro bono basis.

The documents in Mr. Slahi's case meet the statutory requirements for a waiver of fees under § 552(a)(4)(A)(iii) because disclosure of them is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

Public interest in the treatment of the Guantanamo prisoners is in general very high. It has resulted in the Detainee Treatment Act of 2005, in inquiries and criticism of the U.S. government from all over the world, and in thousands of editorials and articles in the press.

Interest in Mr. Slahi's case has been particularly strong. His treatment at the hands of the Department of Defense has generated articles in the Los Angeles Times, in a special Appendix to the September 18, 2006, Amnesty International Report entitled

*Rendition — torture — trial?* and in a lengthy article in the March 31, 2007, issue of the Wall Street Journal telling how the prosecutor assigned to his case concluded that he had been tortured in violation of U.S. and international law. The mainstream press thus has a demonstrated interest in the activities of the government with respect to Slahi's arrest, incarceration and interrogation, as well as the ability to communicate with the public.

Any commercial use of these documents by Mr. Slahi is unlikely, since he remains incarcerated for the indefinite future and his writings are presumptively classified. In short, disclosure of these documents would primarily serve the public interest in understanding the activities of the government with respect to the Guantanamo prisoners and other Department of Defense detainees.

Thus, Mr. Slahi requests a waiver of reproduction fees and search fees for the approximately 2500 pages of documents which have been identified at this time. In addition, we request a waiver of fees for the records of the polygraph examinations and for copies of the interrogation logs if those documents are not included within the already-identified group.

Sincerely,

Sylvia Royce
Counsel for Mohamedou Ould Slahi

2

# DECLARATION

I have participated in the legal representation of Mohamedou Ould Slahi since April 2005. I have visited him at Guantanamo Bay Naval Station four times, and have corresponded with him often. I am familiar with his personal circumstances as well as his legal case.

It is clear that Mr. Slahi has had no income since November 2001. It appears to me that he has no assets. He is one of eleven children from a family of modest means in Mauritania, West Africa. What earnings he had prior to his incarceration went towards supporting members of his extended family.

I declare under penalty of perjury that the foregoing is true and correct.


_21 May 07_
Date

_Theresa M. Duncan_ /SR
Theresa M. Duncan, Attorney
FREEDMAN BOYD DANIELS
HOLLANDER & GOLDBERG P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
(505) 842-9960; (505) 842-0761 (facsimile)
tmd@fbdlaw.com