UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMEDOU OULD SLAHI,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>UNITED STATES DEPARTMENT OF<br>DEFENSE,  )<br><br>Defendant.  ) | Civil Action No. 06-CV-0597 (JR)<br><br>DECLARATION OF<br>WILLIAM T. KAMMER |

I, William T. Kammer, hereby declare under penalty of perjury that the following information is

true and correct to the best of my knowledge:

1. I am the Chief, Office of Freedom of Information (OFOI), Executive Services Directorate

(ESD), Washington Headquarters Service, Department of Defense (DoD) and have held that

position since August 2005. As Chief, I am responsible for implementation of the DoD Freedom

of Information Act (FOIA) Program and issuance of agency-wide policy guidance and instruction

on FOIA matters. *See* 32 CFR 286. Additionally, I supervise the processing of initial FOIA

requests for documents within the possession and control of the Office of the Secretary of

Defense (OSD) and the Office of the Chairman of the Joint Chiefs of Staff (Joint Staff). I also

supervise the processing of FOIA appeals for the OSD and the Joint Staff.

1

2. I am familiar with the May 26, 2005 request of Sylvia Royce ("plaintiff's counsel"), made on behalf of Mohammedou Ould Slahi ("plaintiff"), for records relating to plaintiff, and with the process being employed by OFOI to search for documents in response to this request. Unless otherwise indicated, the statements in this declaration are based upon my personal knowledge and information obtained by me in the course of my official duties.

3. The purpose of this declaration is to provide information concerning the history of the Freedom of Information Act ("FOIA") request submitted by plaintiff, OFOI'S initial processing of the request, and the searches undertaken by DoD in response to that request and the processing of certain responsive documents.

## PLAINTIFF'S FOIA REQUEST

4. Plaintiff is a foreign national who is currently detained by DoD at the Guantanamo Bay Naval Base as an enemy combatant. In a letter dated May 26, 2005, plaintiff's counsel submitted a FOIA request to OFOI seeking "records relating to Mohamedou Ould Slahi aka Mohammedou Ould Salahi, born in Mauritania in approximately 1970." *See* Exhibit A. The request for records includes "memoranda, inter-agency communications, case summaries, notes, indexes, jottings, message slips, letters, facsimile transmissions, diaries, E-Mails and calendars." *Id.* This request was received by OFOI on June 1, 2005. The request did not include an authorization from plaintiff for counsel to receive records on his behalf and on June 3, 2005, a telephone call was placed to plaintiff's counsel requesting documentation from plaintiff to support the release of records to counsel. On June 23, 2005, plaintiff's counsel telefaxed a signed authorization to the OFOI.

2

5. On or about June 30, 2005, OFOI informed plaintiff's counsel that it had referred the FOIA request to United States Southern Command ("USSOUTHCOM"), the DoD component that encompasses Joint Task Force-Guantanamo ("JTF-GTMO"), because it had determined that the requested records, if they existed, were likely in the possession of that component. *See* Exhibit B. USSOUTHCOM acknowledged receipt of the FOIA request on July 13, 2005. *See* Exhibit C.

6. On or about January 3, 2006, plaintiff's counsel wrote to USSOUTHCOM to inquire about the status of the FOIA request. The letter additionally stated that counsel was particularly interested in receiving plaintiff's medical records. *See* Exhibit D.

7. On or about February 8, 2006, OFOI received approximately 600 redacted documents from USSOUTHCOM. OFOI forwarded those documents to the DOD Office of General Counsel ("OGC") for a release determination and response to requester.

8. By letter dated April 14, 2006, USSOUTHCOM advised plaintiff's counsel its search had located approximately 1,200 pages of documents responsive to plaintiff's May 26, 2005 FOIA request and that those documents had been referred to OFOI for further review. USSOUTHCOM further advised that it was still processing plaintiff's medical records. Subsequently on April 20, 2006, USSOUTHCOM advised plaintiff's counsel that it had located approximately 200 pages of information that were responsive to counsel's request for medical records, and that those documents similarly had been referred to OFOI for further review.

9. On or about April 20, 2006, OFOI received approximately 200 pages of medical records relating to plaintiff from USSOUTHCOM. OFOI forwarded those documents to the DoD OGC for a release determination and response to the requester.

3

10.   On May 21, 2007, plaintiff's counsel remitted $25 to DoD.  Plaintiff's counsel also requested a full waiver of additional fees for (1) the approximately 2,500 pages of documents already located in USSOUTHCOM and (2) records of any polygraph examinations and interrogations logs if those documents were not included within in the documents already identified by DoD.

11.   On June 28, 2007, the parties resolved the fee issue.  Regarding the approximately 600 documents already identified by DoD, plaintiff agreed to accept the production electronically, thus avoiding any duplication cost for the production of those documents, and rendering moot plaintiff's fee waiver request as to those documents.  As for plaintiff's fee waiver request regarding the additional search for records of interrogation logs and polygraph exams, DoD informed plaintiff's counsel that it could not make a fee waiver determination until plaintiff made a commitment to pay for the search and until any responsive documents are reviewed and applicable exemptions determined.  Plaintiff's counsel thus agreed to make a commitment to pay for the polygraph and interrogation log search (which was estimated at 1.5 hours at the clerical hour rate of $20 per hour), and to accept the production electronically, in the event DoD did not grant the fee waiver request as to the production of responsive, non-exempt documents found during that search.

12.  Because DoD's dispositive motion was due July 2, 2007, the parties agreed to an extension of time to enable DoD time to complete processing of the 600 documents that had already been located, to conduct the additional search for records of interrogations logs and polygraph examinations, and to process any documents found in those searches.

13.  Before DoD filed its extension motion, plaintiff's counsel raised, for the first time, that she also desired searches to be done beyond USSOUTHCOM.  On June 29, 2007, plaintiff's counsel committed to paying for the search of those DoD components listed in the Detainee Search Chart provided to her over a month earlier.  Because DoD was only then in a position to commence its search for responsive documents beyond USSOUTHCOM, the parties agreed that DoD would have until August 31, 2007 to search for responsive documents, to estimate a production schedule for documents located during those searches, and to determine an appropriate briefing schedule for DoD's dispositive motion regarding any withheld information.   DoD agreed, in the meantime, that it would produce responsive, nonexempt documents to plaintiff as they become available on a rolling basis.

14.  In the course of conducting these additional searches, DoD found documents that referenced two additional DoD components not listed in the Detainee Search Chart, and thus, that were not already being searched:  the U.S. Army Intelligence and Security Command ("INSCOM") and U.S. European Command ("USEUCOM").  The references in these documents to these two components led DoD to believe that the components may also have responsive documents.   DoD sought fee estimates from these two components and, through counsel, advised plaintiff's counsel on August 9, 2007, that these two components might have responsive documents and that if plaintiff's counsel desired to have them searched, she would need to commit to pay for the searches (estimated at 10 hours for INSCOM and 8 hours for USEUCOM) at the same rates as those listed on the Detainee Search Chart.   On August 12, 2007, plaintiff's counsel committed to pay for those searches.

**The Processing of the Approximately 600 Documents Found at USSOUTHCOM**

15. On August 24, 2007, DOD produced to plaintiff 205 redacted pages from the approximately

600 documents found at USSOUTHCOM, and on or about September 4, 2007, DOD released

another 247 pages of documents. Pursuant to this Court's Order of September 4, 2007, DOD

produced the remainder of the 600 documents on or about September 17, 2007. The total

number of pages for the approximately 600 documents is 1560 pages.

**Tasking of Other DoD Components and Organizations**

16. As noted above, following plaintiff's commitment on June 29, 2007 to pay fees for the

searches of various DoD organizations and components listed on the Detainee Search Chart,

those organizations and components were tasked to search for responsive documents, as

discussed below. The following is the status of such searches:

17. **United States Southern Command:** USSOUTHCOM is one of nine unified Combatant

Commands ("COCOMs") in the DoD. It is responsible for providing contingency planning,

operations, and security cooperation for Central and South America, the Caribbean (except U.S.

commonwealths, territories, and possessions), Cuba and the Bahamas, and their territorial waters;

as well as for the force protection of U.S. military resources at these locations. USSOUTHCOM

is also responsible for ensuring the defense of the Panama Canal and canal area. One of

USSOUTHCOM's components is Joint Task Force-Guantamamo ("JTF-GTMO"). JTF-GTMO

conducts detention and interrogation operations in support of the War on Terrorism, coordinates

and implements detainee screening operations, and supports law enforcement and war crimes

investigations.

a. On May 24, 2007, JTF-GTMO was tasked to conduct a supplemental search specifically for records of polygraph examinations and "interrogation logs."

b. JTF-GTMO has completed its search. No "interrogation logs" were found and four polygraph documents were found.[1] Each of these documents either originate with or contain information derived from another agency. Accordingly, OFOI has referred these documents to those outside agencies to be reviewed for possible release, pursuant to DoD's FOIA regulation. *See* paragraph C1.5.9 of DoD FOIA Program Regulation 5400.7R, *supra*. OFOI is in the process of coordinating with these components and classified sources regarding release decision.

18. **United States Central Command ("USCENTCOM"):** USCENTCOM, like USSOUTHCOM, is one of nine unified COCOMs in the DoD. Its area of responsibility stretches from the Horn of Africa to Central Asia. USCENTCOM is responsible for military operations within that region, as well as protecting the vital interests of the United States within the area of responsibility. Based on its mission, USCENTCOM has been involved in detention and detainee operations within the region.

a. On July 3, 2007, USCENTCOM was tasked to conduct a search for documents responsive to plaintiff's FOIA request.

b. On or about August 16, 2007, USCENTCOM responded that it had found no records responsive to the request.

---

[1] One of these documents has already been released to the requester, the rest are being referred to their originating agency.

7

19. **United States Transportation Command ("USTRANSCOM"):** USTRANSCOM is responsible for providing air, land and sea transportation for DoD, both in time of peace and time of war. At times, this has included the transportation of detainees.

    a. On July 3, 2007, USTRANSCOM was tasked to conduct a search for documents responsive to plaintiff's FOIA request.

    b. On July 17, 2007, USTRANSCOM responded that it had found no records responsive to the request.

20. **Defense Intelligence Agency ("DIA"):** DIA's mission is to provide timely, objective, and cogent military intelligence to warfighters, defense planners, and defense and national security policymakers.

    a. On July 3, 2007, DIA was tasked to conduct a search for documents responsive to plaintiff's FOIA request.

    b. On July 26, 2007, DIA responded that it had found 671 responsive documents totaling approximately 3165 pages.

        1) Of these, 65 documents (totaling approximately 374 pages) are documents originating with DIA. These documents are undergoing review by DIA. Once completed, DIA personnel will forward the documents to OFOI. OFOI will then need to scan the documents in and conduct a final analysis of the DIA review. Due to the complexity of these records, this process should be completed on or about November 19, 2007.

2) 305 of the documents that DIA found originated with USSOUTHCOM and were forwarded by DIA to OFOI.[2] OFOI reviewed these documents and determined that 63 documents needed to be processed by USSOUTHCOM, and the rest were duplicative. The processing of these documents should be completed on or about November 19, 2007.

3) The rest of these documents were referred to the originators for a release decision. Of these documents, 3 documents were referred to the Air Force, 28 documents were referred to the Army, 5 documents were referred to the Navy, 19 documents were referred to USCENTCOM, 32 documents were referred to the U.S. European Command, 51 documents were referred to the FBI, 1 document was referred to U.S. Joint Force Command, 2 documents were referred to U.S. Northern Command, 3 documents were referred to USTRANSCOM. OFOI is in the process of coordinating the production of these documents with each component. Once these documents are received by OFOI from the individual components, OFOI will process them. Due to the complexity of the documents and the number of organizations involved, this process should be completed on or about November 19, 2007.

4) In addition, 13 documents were referred to the Department of State and 144 documents were referred to an entity whose identity cannot be revealed in this forum. The OFOI has spoken with FOIA representatives at the Department of

---

[2] In Karen Hecker's declaration of August, 28, 2007 she stated that these 305 documents were referred to USSOUTHCOM, however this statement was based on incorrect information she was given at the time. The

State and the classified source and requested that they review and process their

documents in time for them to be released by November 19, 2007.

21. **Criminal Investigation Task Force ("CITF"):** CITF's primary mission is to investigate

non-U.S. citizen detainees captured during the Global War on Terror and suspected of illegal

activities in conjunction with their affiliation to al Qaida and other enemies of the state. The

objective is to either refer the cases to the DoD Office of Military Commissions for criminal

prosecution or to identify detainees who should be released to and/or transferred from DoD

control.  Information obtained as the result of these investigations is also provided to the U.S.

intelligence community.

    a. On July 3, 2007, CITF was tasked to conduct a search for documents responsive to

        plaintiff's FOIA request.

    b. On August 2, 2007, CITF responded that it had found 42 documents responsive to the

        request, totaling approximately 138 pages.

        1) Two of these documents did not originate with CITF and are therefore being

            referred to the originating organization, as discussed above.  DoD is in the

            process of coordinating with these components and outside agencies in order

            to determine a production date for these responsive documents.

        2) Personnel at CITF have reviewed the 40 documents that originated with its

            organization and have forwarded these documents to OFOI for further review

---

documents were actually forwarded to OFOI.

and processing. This process should be completed on or around November

19, 2007.[3]

22. **United States Special Operations Command ("USSOCOM"):** USSOCOM is charged

with overseeing the various Special Operations Commands of each branch of the U.S. armed

forces. When Special Operations Forces of the different branches are used, USSOCOM acts as

the Joint Command Center of all the forces used in a given operation. USSOCOM leads, plans,

synchronizes, and as directed, executes global operations against terrorist networks. In addition,

USSOCOM trains, organizes, equips and deploys combat ready special operations forces to

combatant commands.

      a. On July 3, 2007 USSOCOM was tasked to conduct a search for documents responsive

         to plaintiff's FOIA request.

      b. On August 8, 2007, USSOCOM responded that it had found no records responsive to

         the request.

23. **Office for the Administrative Review of Detained Enemy Combatants ("OARDEC"):**

OARDEC is an organization within the DoD that is responsible for several processes involving

detainees at Guantanamo Bay, Cuba. Specifically, OARDEC conducts Combatant Status Review

Tribunals ("CSRTs") and Administrative Review Boards ("ARBs") for each detainee at

Guantanamo Bay, Cuba.

---

[3] In Karen Hecker's declaration of August, 28, 2007 she stated that CITF's review and any resultant document production should be completed by September 30, 2007. The processing of these documents is taking longer than originally anticipated. If any of these CITF documents are releasable and such release can be made prior to November 19, 2007, OFOI will endeavor to do so.

a. On July 3, 2007, OARDEC was tasked to conduct a search for documents responsive to plaintiff's FOIA request.

b. OARDEC has completed its search and has found approximately 537 pages that are responsive to plaintiff's FOIA request.

  1) Only approximately 40 pages of these documents originated with OARDEC and do not contain references to information that originated with other organizations. The processing of these documents should be completed on or around November 19, 2007.

  2) The remainder of the pages originated with organizations other than OARDEC or cite to documents that originated with other organizations. OFOI forwarded these documents to the originating components and agencies, on September 4, 2007, and requested a response by September 25, 2007. As of the date of this filing, no information has been received by OFOI from the originating organizations. OFOI will process these documents as they are received and forward them to the requester. Due to the number and complexity of the documents and the number of organizations involved, this process should be completed on or around November 19, 2007.

24. **Joint Staff:** The Joint Staff assists the Chairman of the Joint Chiefs of Staff in preparing strategy for and directing unified combatant forces, and for integrating them into an efficient team of land, naval, and air forces. The Joint Staff is composed of officers from the Army, Navy and Marine Corps, and Air Force.

a. On July 9, 2007, the Joint Staff was tasked to conduct a search for documents responsive to plaintiff's FOIA request.

b. OFOI received documents from Joint Staff that are responsive to plaintiff's request on or about September 13, 2007. OFOI received 4 documents totaling 21 pages. These documents originate with organizations other than Joint Staff or cite from documents that originate with other organizations. OFOI will forward these documents to the originating organizations. The processing of these 4 documents should be completed on or around November 19, 2007.

25. **The Office of the General Counsel, Department of Defense ("OGC")**: The office of the General counsel provides advice to the Secretary and Deputy Secretary of Defense regarding all legal matters and services performed within, or involving, the Department of Defense.

a. OGC conducted an electronic and manual search for documents responsive to plaintiff's FOIA request.

b. On September 26, 2007, OGC responded that it found 21 documents responsive to the request, totaling 206 pages. Some of these documents originate with organizations other than OGC or cite from documents that originate with other organizations. OFOI will forward these documents to the originating organizations. The processing of these documents should be completed on or around November 19, 2007.

26. On August 12, 2007, plaintiff's counsel committed to paying for the search of two additional DoD components: USEUCOM and INSCOM. Both of those components were tasked on August 15, 2007. INSCOM has found 40 documents totaling 203 pages. The processing of

13

INSCOM's documents should be completed on or around November 19, 2007.  OFOI was informed by USEUCOM, however, that it is still conducting its search. Until this search is complete, OFOI is unable to determine a precise production schedule for any USEUCOM responsive documents.  If this organization finds responsive documents, it is likely that the documents will contain information from other agencies or organizations and therefore will need to be referred to those organizations for review and a release decision.  This will impact the production schedule for the documents.  OFOI has asked USEUCOM to provide a page count by October 1, 2007 so that a reasonable production date can be determined.  As soon as this production date is determined for USEUCOM, plaintiff will be notified through counsel.

27.  **The office of the Chief Prosecutor of the Office of Military Commissions ("OMCP")**: The OMCP is responsible for prosecuting individuals charged with offenses under the Manual for Military Commissions.  Based on the searches conducted so far, OFOI has determined that OMCP is reasonably likely to have records responsive to plaintiff's request.  On September 28, 2007, DoD, through counsel, informed plaintiff's counsel of this fact, and plaintiff's counsel committed to pay for a search of the records maintained by the OMCP.  OFOI will task OMCP shortly, and as soon as a production date is determined, plaintiff will be notified through counsel.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _**1st**_ day of October, 2007.


_William T. Kammer_
William T. Kammer

14

SYLVIA ROYCE
ATTORNEY AT LAW
5505 CONNECTICUT AVENUE, NW, #340
WASHINGTON, DC 20015

SYLVIA_ROYCE@HOTMAIL.COM

TELEPHONE
(202) 362-3445

FACSIMILE
(202) 686-4271

May 26, 2005

James Hogan
Office of Freedom of Information/Security Review
Department of Defense
Room 2C757
1155 Defense Pentagon
Washington, DC   20301-1155

Re:    Freedom of Information Act Request

Dear Mr. Hogan:

This is a request under 5 U.S.C. § 552 et seq. as amended, for records relating to

**Mohamedou Ould Slahi** aka **Mohammedou Ould Salahi**,
born in Mauritania in approximately 1970.

Our request for records includes, but is not limited to, memoranda, inter-agency communications, case summaries, notes, indexes, jottings, message slips, letters, facsimile transmissions, diaries, E-Mails and calendars.

I represent Slahi in Civil Case number 1:05-0569 (JR) in the U.S. District Court for the District of Columbia.

I will pay reasonable copying costs.  Kindly advise me if the cost of copying will exceed $25.

If you deny all or any part of this request, please cite each specific exemption you think justifies your refusal to release the information and notify me of appeal procedures available under the law.

A

Slahi FOIA request, page 2 (DOD)

If you have any questions about handling this request, please telephone me at (202) 362-3445.

Sincerely,

Sylvia Royce



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION AND SECURITY REVIEW
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

Ref: 05-F-1811

JUN 3 0 2005

Ms. Sylvia Royce
5505 Connecticut Avenue, NW
#340
Washington, DC 20015

Dear Ms. Royce:

This is in response to your Freedom of Information Act (FOIA) request of May 26, 2005, on behalf of Mr. Mohamedou Ould Slahi.

We have determined that the records you requested, if they exist, are under the cognizance of the U.S. Southern Command, and since the U.S. Southern Command operates their own FOIA program we have referred your request and signed representation form to them at the address below with the request that they respond to you directly.

U.S. Southern Command
Attn: Mr. Marco T. Villalobos
SCJ1-A (FOIA)
3511 NW 91st Avenue
Miami, FL 33172-1217

Sincerely,

C.Y. Talbott
Chief

ß



REPLY TO
ATTENTION OF

**DEPARTMENT OF DEFENSE**
UNITED STATES SOUTHERN COMMAND
3511 NW 91ST AVENUE
MIAMI, FL 33172-1217

July 13, 2005

Directorate of Manpower, Personnel                                    Ref: SC 05-174
    and Administration

Ms. Sylvia Royce
5505 Connecticut Avenue, NW
#340
Washington, D.C. 20015

Dear Ms. Royce:

    We received from the Office of Freedom of Information and Security Review your Freedom of Information Act request of 26 May 2005; wherein you are asking for records to include memoranda, inter-agency communications, case summaries, notes, indexes, jottings, message slips, letters, facsimile transmissions, diaries, E-Mails and calendars related to Mohamedou Ould Slahi aka Mohammedou Ould Salabi.

    Your request has been assigned case number SC 05-174. We are processing it and will be responding to you in the near future.

                                        Sincerely,

                                        Jean Carrillo
                                        Lieutenant, U.S. Navy
                                        Adjutant General

C

SYLVIA ROYCE
ATTORNEY AT LAW
5505 CONNECTICUT AVENUE, NW, #340
WASHINGTON, DC 20015                      SC05-174

SYLVIA_ROYCE@HOTMAIL.COM

TELEPHONE                                    FACSIMILE
(202) 362-3445                              (202) 686-4271.

January 3, 2006

Jean Carrillo, Lieutenant, U.S. Navy
Adjutant General
Directorate of Manpower, Personnel and Administration
Department of Defense, U.S. Southern Command
3511 NW 91st Avenue
Miami, FL  33172
by certified mail

Re:    Freedom of Information Act Request
       SC 05-174
       Mohamedou Ould Slahi aka Mohammedou Ould Salahi

Dear Lieutenant Carrillo:

In your July 13, 2005, letter (a copy of which is enclosed herewith) you stated
that our request was being processed and that you would be responding to us "in the
near future." We have received no further communication from you.

This is to reiterate our request. At this time, we are particularly interested in
the medical records of our client. To that end we have secured an Authorization for
Release of Medical Records signed by Mr. Slahi which is enclosed.

A copy of our original request for records is also enclosed and incorporated by
reference into this letter.

We look forward to hearing from you within the statutory time limits.

Sincerely,

Sylvia Royce

D