**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMEDOU OULD SLAHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-CV-0597 (JR) |
| ) | |
| ) | SECOND DECLARATION OF |
| ) | REAR ADMIRAL |
| v. ) | MARK H. BUZBY |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| DEFENSE, ) | |
| ) | |
| Defendant. ) | |

Pursuant to 28 U.S.C. §1746, I, Rear Admiral Mark H. Buzby, declare as follows:

1. I am a Rear Admiral in the United States Navy, with 28 years of active duty service. I currently serve as the Commander of Joint Task Force – Guantanamo (JTF-GTMO), at Guantanamo Bay, Cuba (Guantanamo). I have held this position since May 22, 2007. As such, I am directly responsible for the successful execution of the JTF-GTMO mission to conduct detention and interrogation operations and exploit intelligence in support of the Global War on Terrorism (GWOT), coordinate and implement detainee screening operations, and support law enforcement and war crimes investigations. Prior to assuming command of JTF-GTMO, I served on the Staff of the Chief of Naval Operations as deputy director, Expeditionary Warfare.

2. In my capacity as Commander, I oversee all personnel assigned to JTF-GTMO. I am familiar with the procedures followed by JTF-GTMO personnel in responding to requests for access to JTF-GTMO's records and information pursuant to the Freedom of Information Act

1

(FOIA) and Executive Order (EO) 12958, as amended. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations made in accordance therewith.

3. My responsibilities as Commander of JTF-GTMO include the review of JTF-GTMO information for classification purposes as mandated by EO 12958, as amended, and the preparation of declarations in support of Exemption 1 and all other Exemption withholdings under the FOIA. As the Commander, JTF-GTMO, I have been designated by the Under Secretary of the Defense for Intelligence as an Original Secret Classification Authority and a declassification authority pursuant to EO 12958, as amended, Sections 1.3 and 3.1. I previously filed a declaration on October 1, 2007 in this case in support of defendant's motion for partial summary judgment.

### Purpose of this Declaration

4. As stated in my previous declaration, plaintiff's counsel has requested records relating to plaintiff. The purpose of this declaration is to further explain the bases for withholding certain information from responsive records pursuant to FOIA Exemptions 1 and 2, 5 U.S.C. § 552(b)(1) and (2).

### Justification for Withholding Dates of Intelligence Documents and Dates of Interrogations Under Exemptions 1 and 2

5. FOIA Exemption 1 exempts from release matters that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and … [that] are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Section 1.4(c) of EO 12958, as amended, permits the classification of "intelligence activities (including special activities), intelligence sources or

2

methods, or cryptology," recognizing that the disclosure of intelligence activities and methods can cause harm to national security.

6. Information relating to the dates of interrogations, the dates of planned future interrogations, and the dates of documents discussing or analyzing interrogations of plaintiff are withheld under Exemption 1 because the disclosure would reveal a critical aspect of the Department of Defense's (DoD's) intelligence activities, procedures and methods. It would reveal, for example, the frequency and duration of interrogations relating to this detainee (and possibly other detainees in general), how long detainees wait between interrogations, and the pattern of DoD's interrogation. It could also allow knowledgeable persons to discern the timing of when certain intelligence information is obtained. Accordingly, I have determined that this information remains properly classified and that its release reasonably could be expected to impede the effectiveness of our future interrogation activities, circumvent U.S. counterterrorism efforts, and cause damage to our national security.

7. The same information is also properly withheld under FOIA Exemption 2 (high), which exempts from disclosure the internal guidelines, rules, practices and procedures of an agency if the disclosure would risk circumvention of the law. For the same reasons discussed above, the disclosure of the dates relating to interrogations would permit persons hostile to the United States to circumvent DoD's counterterrorism efforts. In addition, releasing the dates of the interrogations could allow a person to connect the interrogation date with major events and/or disturbances in the detention camp, permitting knowledgeable persons to potentially devise measures to degrade the protection of the camp personnel and the detainees.

8. JTF-GTMO has also withheld under Exemption 2 information relating to dates contained in the intelligence records, including the dates the records were created. The

disclosure of these dates would reveal internal procedures relating to the handling of sensitive information contained in the intelligence reports and messages, particularly the timeliness of such transmissions. It would reveal, for example, internal guidelines relating to the sequence in which intelligence and/or other sensitive information is shared among agencies, and within DOD. It would also reveal the length of time it takes DoD to process intelligence information and the timelines relating to U.S. counterterrorism operations. Therefore, the disclosure of these dates would enable knowledgeable persons to better analyze DoD's intelligence and counterterrorism activities, thus risking circumvention of U.S. counterterrorism efforts.

9. I previously had attached a *Vaughn* index as an exhibit to my October 1, 2007 declaration. I have since revised the *Vaughn* index to address plaintiff's concern that there was no description of certain documents and that certain Memoranda for Record were mislabeled as Summary Interrogation Reports. A copy of that revised *Vaughn* index is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 8 DEC 2007

MARK H. BUZBY
Rear Admiral, United States Navy
Commander, Joint Task Force – Guantanamo

4