UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMEDOU OULD SLAHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-CV-0597 (JR) |
| ) | |
| U.S. DEPARTMENT OF DEFENSE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR AN EXTENSION OF TIME REGARDING
UNITED STATES SOUTHERN COMMAND**

Defendant, Department of Defense ("DoD"), hereby moves this Court for an extension of time with respect to a portion of this Freedom of Information Act ("FOIA") action filed by plaintiff, Mohammedou Ould Slahi, an alien detainee held at the Guantanamo Bay Naval Base in Cuba ("Guantanamo"). Pursuant to this Court's Order of May 28, 2008, DoD is to complete its production and reprocessing of certain previously withheld information and file its dispositive motion by July 31, 2008, with respect to all DoD components that have been tasked to search for responsive records. DoD expects to meet that deadline with respect to all components save one, and to produce hundreds of pages of responsive documents by July 31. However, DoD respectfully requests relief from that deadline with respect to United States Southern Command ("Southern Command"), which is also obligated to undertake the extraordinary and expeditious processing of habeas cases filed by some two hundred Guantanamo detainees, including plaintiff.

DoD regrets to inform this Court that although it previously had anticipated that by July 31, 2008, it would be able to complete the declassification review and reprocessing of certain responsive documents located at Joint Task Force Guantanamo ("JTF-GTMO"), a component of

Southern Command, and to file its dispositive motion with respect to all DoD components, including Southern Command, that process has proven to be more complicated than initially anticipated. DoD respectfully submits that it is not in a position to complete the reprocessing insofar as the portion pertaining to Southern Command is concerned, and will require additional time to do so.

Beyond failing to recognize the amount of time that would be required to complete Southern Command's tasks in this regard, its efforts have been overtaken by the devotion of resources required for the processing of numerous habeas cases brought by or on behalf of the detainees at Guantanamo Bay, Cuba. Last month the Supreme Court found that the constitutional privilege of habeas corpus applies to aliens detained as enemy combatants at Guantanamo and ruled that the detainees habeas cases should be heard promptly. *See Boumediene v. Bush,* 128 S.Ct. 2229, 2275 (2008) ("The detainees in these cases are entitled to a prompt habeas corpus hearing."). JTF-GTMO has had to divert resources to habeas cases, further preventing its ability to meet the July 31, 2008 deadline. Indeed, Judge Thomas F. Hogan, to whom most of the Guantanamo detainee habeas cases have been transferred for coordination and management, recently directed the government to give the habeas cases its highest priority. Similarly, Judge Richard J. Leon, whose cases are not proceeding as part of the coordinated approach before Judge Hogan, has indicated that he will set an accelerated schedule to resolve by the end of this year the twelve habeas cases (involving 35 detainees) pending before him. And, on July 29, 2008, Judge Emmet G. Sullivan ordered the Government to file by August 29, 2008, eight factual returns in the Guantanamo habeas cases pending before him.

Because more time will be needed than previously anticipated for JTF-GTMO to

reprocess previously withheld responsive information and because of the high priority given to the Guantanamo habeas cases, which requires use of the same resources (and more) as the present FOIA case, DoD respectfully requests an extension until October 31, 2008 to complete its production and file its dispositive motion with respect to Southern Command, of which JTF-GTMO is a part. DoD intends to produce approximately 533 of responsive documents from all other DoD components, and file a partial summary judgment motion with respect to these other DoD components, on or before July 31, 2008.[1]

In support of this motion, DoD respectfully informs the Court as follows:

1.      Plaintiff, Mohammedou Ould Slahi, is an alien enemy combatant detained at Guantanamo. Plaintiff filed this FOIA suit, alleging that DoD improperly withheld records relating to him. The parties' fee dispute regarding responsive documents located in the Southern Command initially contributed to the delay in this case. When that dispute was resolved, plaintiff's counsel requested that other DoD components, offices, and organizations be searched for responsive records. Thereafter, all DoD components likely to have the largest number of documents relating to detainees were tasked to do a search.

2.      On October 1, 2007, having produced all nonexempt, responsive information located in Southern Command, DoD filed its motion for partial summary judgment with respect to Southern Command.

3.      In December 2007, DoD produced approximately 1,305 pages of partially redacted documents that it had located and processed. At that time, only the Office of Military

---

[1] In addition, certain non-exempt, responsive documents located by the Office of Military Commission - Prosecution but originated with the Central Intelligence Agency were recently produced to plaintiff's counsel.

3

Commissions was still processing plaintiff's FOIA request. That office has since completed its processing. In addition, in March 2008, the Defense Intelligence Agency conducted additional searches of databases that previously were not searched. In all, DoD expects that it will be able to produce some 533 pages of non-exempt, responsive documents located in those searches by July 31, 2008.

4. On May 5, 2008, this Court heard oral argument on DoD's motion for partial summary judgment with respect to Southern Command. On May 22, 2008, DoD moved to withdraw that motion due to the public disclosure in a report by the Department of Justice, Office of Inspector General ("OIG"), of certain information concerning the plaintiff that was previously classified and withheld in this litigation.[2] DoD also requested at that time that it be allowed until July 31, 2008 to file a dispositive motion that would encompass all DoD components, including Southern Command. At the time, DoD's partial summary judgment with respect to all other DoD components was due on May 31, 2008. As DoD explained, the public disclosure of previously classified information relating to plaintiff required all DoD components to conduct a declassification review of the information withheld in this case, and to reevaluate its claims of exemptions under FOIA. DoD also expected that approximately twenty DoD components, offices and organizations, as well as several other non-DoD agencies would need to provide declarations in support of DoD's dispositive motion, including Southern Command. However, DoD failed to adequately estimate its ability to complete the portion of the reprocessing related to Southern Command, and thus its ability to file summary judgment in all

---

[2] *See* "A Review of the FBI's Involvement in and Observations of Detainee Interrogations in Guantanamo Bay, Afghanistan, and Iraq," Department of Justice, Office of the Inspector General (*available at* http://www.usdoj.gov /oig/reports/FBI/index.htm).

respects by July 31, 2008.

5.      On May 28, 2008, the Court granted DoD's motion to withdraw, as well as its request that it be allowed until July 31, 2008 to file a motion for summary judgment.

6.      Two weeks later, on June 12, 2008, the Supreme Court decided *Boumediene v. Bush*, 128 S.Ct. 2229 (2008), holding that the constitutional privilege of habeas corpus applies to aliens detained as enemy combatants at Guantanamo. The Supreme Court declined to require Guantanamo detainees to first exhaust the review procedures of the Detainee Treatment Act, and instructed that "[t]he detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.* at 2275. The Court remanded the cases to the District Court for proceedings consistent with that instruction. *Id.* at 2277.

7.      Following *Boumediene*, JTF-GTMO was tasked with beginning to produce detainee assessments and supporting documents for every detainee who had a pending habeas case. *See* Declaration of Captain Michael J. Kautz [hereinafter "Kauz Decl."], ¶ 4 (attached as Exhibit A).

8.      On July 1, 2008, Judge Hogan was appointed by a resolution of an executive session of this Court to coordinate and manage proceedings in Guantanamo cases "so that these cases can be addressed as expeditiously as possible as required by the Supreme Court in *Boumediene* . . . ." *See* July 1, 2008 Resolution of the Executive Session, U.S. District Court for the District of Columbia.

9.      On July 8, 2008, Judge Hogan admonished the government to set aside other pending cases and give the habeas cases its high priority. *See* Transcript of Proceedings, *In re Guantanamo Bay Detainee*, Civ. No. 05-442, (July 8, 2008) at 89-90 ("The government is going

to have to get the message across to its people on the other branches of the government affected by this as well as to their own people, that the time has come to move these forward, not perhaps in the normal course of business, but looking upon this as an extraordinary situation * * * I think the government has to understand, they're going to set aside every other case that's pending before them in their division, and address these cases first."). On July 11, 2008, Judge Hogan also issued an order requiring, among other things, that the Government file factual returns and motions to amend factual returns on a rolling basis at a rate of at least 50 per month beginning on August 29, 2008. *See* Order of July 11, 2008, 1:08-mc-00442 (dkt. no. 53) at 3-4. It is expected that on such a schedule, factual returns would be filed by the Government in over 200 habeas cases by the end of the year, if not sooner.

      10.    Similarly, in a hearing on July 10, 2008, Judge Leon, whose cases are not proceeding as part of the coordinated approach before Judge Hogan, indicated that he would set an accelerated schedule to resolve the 12 habeas cases before him by the end of this year. Those 12 habeas cases involve 35 detainees. Judge Leon, too, emphasized that these habeas cases must be heard expeditiously, and indicated that he intends to resolve them by the end of the year. *see* Transcript of Proceeding, *Benchellali v. Bush*, Civ. No. 04-1142 (July 10, 2008) at 9-14; *id.* at 9 ("I read the Supreme Court's opinion . . . these cases are to be treated with great expedition . . . ."); *id.* at 9 ("I have 250 civil cases and they are going to get the word directly or indirectly that they are getting third level priority. After the criminal cases, these [habeas] cases will get my first and undivided attention.").

      11.    On July 29, 2008, Judge Emmet G. Sullivan, who, like Judge Leon, has decided not to include his Guantanamo habeas cases in the cases coordinated before Judge Hogan,

ordered the Government to file by August 29, 2008, eight factual returns in the Guantanamo habeas cases pending before him, with Combatant Status Review Tribunal records being due in those cases in which they have not been filed by August 12, 2008. He also set an August 12, 2008 deadline for motions to file amendments of factual returns where the Government believes such amendments to be warranted, to be accompanied by proposed amendments.

12. In light of the admonishments by Judges Hogan and Leon to prioritize these hundreds of habeas cases over all other civil matters, the devotion of Government resources to that effort, and JTF-GTMO's determination that conducting the declassification review will be more complicated than originally anticipated, DoD respectfully seeks leave of the Court to allow Southern Command until October 31, 2008 to complete its production and file its dispositive motion in this FOIA matter. Indeed, JTF-GTMO of Southern Command will need to devote the same resources needed to proceed with the present FOIA case to the hundreds of pending habeas cases, including plaintiff's habeas case. All other DoD components would still comply with the current July 31, 2008 deadline.

13. As indicated in the attached declaration of Captain Michael J. Kautz, the Deputy Commander of JTF-GTMO's Joint Intelligence Group, JTF-GTMO has had to realign 21 of its analysts to support the habeas efforts, including all six analysts normally tasked with FOIA support. *See* Kautz Decl., ¶ 6. That realignment has caused the degradation of not only the Joint Intelligence Group's core mission areas of intelligence collection and analysis, but also JTF-GTMO's ability to work on FOIA-related matters. *Id.* Indeed, the same resources JTF-GTMO of Southern Command needs to devote to the processing of its portion of this FOIA case are needed to assist with the processing of the numerous habeas cases, including plaintiff's.

14. As the declaration of Captain Kautz indicates, JTF-GTMO anticipates that the earliest it could be in a position to forward the results of the declassification review to DoD's Office of Freedom of Information for further processing would be eight to ten weeks. *See* Kautz Decl., ¶ 7. Accordingly, DoD respectfully requests that Southern Command be given an extension until October 31, 2008 to produce any declassified documents and file its dispositive motion.

15. Plaintiff will not be prejudiced by this motion. The information that would be subject to release to plaintiff by July 31, 2008 pursuant to the existing schedule would principally consist of information previously classified that was released in the OIG report. Because JTF-GTMO was to conduct a declassification review of the withheld responsive documents in view of the OIG report, plaintiff can obtain substantially that same withheld information from the OIG report itself.

16. Pursuant to Local Civil Rule 7(m), undersigned counsel has conferred with counsel for plaintiff, who oppose this motion.

WHEREFORE, DoD respectfully moves this Court for an extension of time until October 31, 2008 to produce newly declassified responsive information and file its dispositive motion with respect to Southern Command.

Dated: July 29, 2008                              Respectfully submitted,

                                                  GREGORY G. KATSAS
                                                  Assistant Attorney General

                                                  JEFFREY A. TAYLOR
                                                  United States Attorney

                                                  JOSEPH H. HUNT
                                                  Director, Federal Programs Branch

        ELIZABETH J. SHAPIRO
        Assistant Branch Director

            /s/ Jean Lin
        JEAN LIN
        Federal Programs Branch, Civil Division
        United States Department of Justice
        20 Massachusetts Ave., N.W.
        Washington, D.C. 20530
        Tel: (202) 514-3716
        Fax: (202) 616-8470
        Attorneys for Defendant