**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMEDOU OULD SLAHI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, .<br><br>Defendant. | Civil Action No. 06-CV -0597 (JR)<br><br>DECLARATION OF CAPTAIN MICHAEL J. KAUTZ |

**DECLARATION OF CAPTAIN MICHAEL J. KAUTZ**

Pursuant to 28 U.S.C. § 1746, I, Michael J. Kautz, hereby declare:

1. I am a Captain in the United States Navy with over 25 years of active duty service. I currently serve as the Deputy Commander ofthe Joint Intelligence Group (JIG) for the Joint Task Force - Guantanamo (JTF-GTMO). I have served in this position since 4 August 2007.

2. I am familiar with all the current practices of the JIG, including the daily tasks and time requirements of the members of the JIG. The statements made in this declaration are based on my personal knowledge as well as information made available to me through my official duties.

3. The JIG's mission is to collect, analyze, and disseminate strategic intelligence in support of force protection and the Global War on Terror. For example, detainees at JTF-GTMO continue to provide useful information about, among other things, how al Qaeda, the Taliban, and other terrorist organizations are organized and funded, their leadership structures, how such organizations recruit and train members, and how they plan, command, and control their operations. Detainees at JTF-GTMO also continue to provide useful information about the physical areas of operation in which the Global War on Terror is conducted, the locations of training compounds and safe houses, travel patterns and routes used for smuggling people and equipment, and the identities of newly captured fighters. Additionally, the JIG provides language translations to support its intelligence mission, responds to requests for information in response to Freedom of Information Act requests, and provides Information Technology.

4. Following the Supreme Court's admonition that Guantanamo detainees' habeas cases be heard promptly, *see Boumediene* v. *Bush,* 128 S.Ct. 2229, 2275 (2008), JTF-GTMO, and in particular the JIG, has been tasked to produce detainee assessments and the supporting documents for every detainee who has a pending habeas case. The JIG has been tasked to provide at least 50 assessments and related documents to the government counsel by the beginning of August in order to meet the deadline imposed by Judge Thomas F. Hogan of the U.S. District Court for the District of Columbia. After that, JIG will need to provide a minimum of 50 assessments a month pursuant to Judge Hogan's Order. Moreover, at least one other judge in that court, Judge Richard J. Leon, has indicated that he, too, will order an accelerated schedule for the Guantanamo habeas cases pending before him. Judge Emmet G. Sullivan similarly will soon decide how he

plans to proceed with the habeas cases pending before him. In other words, JTF-GTMO will need to prepare even more detainee assessment and related documents than Judge Hogan's current schedule requires.

5.   The JIG has had to realign 21 of our analysts to support the habeas efforts due to the *Boumediene* decision and will likely need to continue to do so for up to six months. Because of that manning realignment, we have suffered degradation to our core mission areas of intelligence collection and analysis. We have further degraded our ability to work on FOIA-related matters because we have been forced to shift all six analysts normally tasked with FOIA support to support habeas efforts. In addition to this FOIA litigation, there are currently 13 other FOIA cases in litigation involving JTF GTMO records.

6.   Although the JIG previously expected to complete by July 31, 2008 the declassification review of JTF-GTMO's withheld information in light of the new information disclosed by the Department of Justice, Office of Inspector General ("OIG") report, that process proved to be more complicated than initially anticipated. The JIG anticipates that the earliest that it could be a position to forward the results of the declassification review to DoD's Office of Freedom of Information for further processing would be eight to ten weeks.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ~ July 2008

Michael J. Kautz
Captain, United States Navy