IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MOHAMEDOU OULD SLAHI**
Guantanamo Bay Naval Station, Cuba

        Plaintiff,

        v.                                  Civil Action No. 06cv0597

**U.S. DEPARTMENT OF DEFENSE**
Washington, DC,

        Defendant.

## OPPOSITION TO GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME REGARDING UNITED STATES SOUTHERN COMMAND

In this Freedom of Information Act (FOIA) action, Mr. Slahi respectfully opposes the motion of the U.S. Department of Defense (DoD) for an extension of time within which to file its second motion for summary judgment with respect to documents held by the United States Southern Command, and represents to the Court as follows:

1. On April 17, 2007, this Court ordered the government "either to comply with the FOIA request in this case or to file an appropriate dispositive motion within 30 days of the date of this order." (Dkt. 11). On May 14, 2007, the government requested an extension of time, unopposed by Mr. Slahi, requesting until July 2, 2007, within which to file a dispositive motion (Dkt. 12). This Court granted that motion in a minute order entered on May 17, 2007. On June 29, 2007, the government filed a Consent Motion for a Stay by Defendant (Dkt. 13) in which it requested until August 31, 2007, within which to file its dispositive motion with respect to all DoD components, including the Southern Command in which an "additional 600 documents had been

identified . . . but not yet fully processed." With respect to responsive documents outside the Southern Command, the government represented that it would propose a briefing schedule for its summary judgment motion no later than August 31, 2007, and that it would "produce responsive, nonexempt documents to plaintiff as they become available on a rolling basis." (Government's motion at 2 and 3).

When no documents were forthcoming, Mr. Slahi asked this Court to vacate the stay (Dkt. 14). In its response (Dkt. 15), the government requested until October 1, 2007, to submit a proposed briefing schedule for its summary judgment motion. Again the Court was told that "DoD has been diligently processing those 600 documents [from the Southern Command] . . . and expects to complete all processing of those 600 documents by September 14, 2007." (Response at 7). This Court vacated the stay, but permitted DoD until September 17, 2007, to complete its production of documents from the Southern Command and until October 1, 2007, to file its dispositive motion (Dkt. 17, and minute order entered on September 5, 2007).

2. On October 1, 2007, the government filed its Motion for Partial Summary Judgment with respect to documents from the Southern Command (Dkt. 19) and a Status Report on components outside the Southern Command, as to which it requested until November 21, 2007, to propose a briefing schedule (Dkt. 20). Mr. Slahi's Response in Opposition to Defendant's Motion for Partial Summary Judgment (Dkt. 25) sought to narrow the controversy by requesting only information relating to illegal interrogation methods, the dates on which some of the documents were created and Mr. Slahi was interrogated, the identity of government personnel involved in his abuse and torture, and his 2001-2002 extraordinary rendition to Jordan for interrogation.

3. The Court heard oral argument on the government's Motion for Partial Summary Judgment on May 5, 2008; the motions and argument related only to documents from the Southern Command,[1] and largely focused on the redactions which had been made from the documents. Mr. Slahi's counsel argued that the redactions were not made pursuant to the FOIA's statutory exemptions but in a thinly-concealed effort to shield embarrassing and/or illegal governmental activity from public view. The government agreed that the FOIA request had been narrowed (Tr. 9), and the request was narrowed even further at the argument itself when counsel suggested that the Court focus on documents relating to Mr. Slahi's treatment between June and November 2003 (Tr. 26). Counsel for Mr. Slahi asked the Court to conduct an *in camera* review of those documents, focusing first on the documents created between June and November 2003 or referring to events which took place during that period.

4. The Court took the motion under advisement but before it issued a ruling the Department of Justice's Office of Inspector General published "A Review of the FBI's Involvement in and Observation of Detainee Interrogations in Guantanamo Bay, Afghanistan, and Iraq." After Mr. Slahi notified the government that he intended to invite this Court's attention to the OIG report, the government moved to withdraw its Motion for Partial Summary Judgment, conceding that the report disclosed information DoD had previously withheld as classified (Dkt. 31). Mr. Slahi's consent to that motion was based on DoD representations that it would refile a dispositive motion relating to all records, including those in the Southern

---

[1] The rest of the FOIA production and dispositive motion relating to components outside the Southern Command were then due on May 30, 2008.

Command, by July 31, 2008, and that it would "release the declassified information on a rolling basis as they [sic] become available." (Dkt. 31 at 3).

5. However, no documents whatsoever have been released, on a rolling or any other basis since that representation was made on May 22, 2008. Although the 600 documents have, by the government's own admission, been identified since at least June 2007, and they have been reviewed by the government twice in the past year to prepare the government's now-withdrawn Motion for Partial Summary Judgment and its Reply in support thereof (Dkt 28-2 at 4), the government now says that it needs an additional three months to decide what, if anything, it will release to Mr. Slahi and to the public.

6. The government requests this extension of time ostensibly because, with the Supreme Court's decision in *Boumediene v. Bush*, 553 U.S. ___ (2008), defendant and the Federal Programs Branch now have a contemporaneous duty to defend 150 to 200 Guantanamo Bay habeas corpus cases. It makes a spirited argument that it has had to divert resources to respond to orders of this Court for prompt processing of the habeas cases, but it nowhere explains (1) why will find it more convenient to produce documents on October 31, in the middle of the habeas corpus factual-return project, or (2) what it has been doing for these many months with these 600 documents that it can't seem to finish. Nor does it explain why, given the decision in *Rasul v. Bush*, 542 U.S. 466 (2004), it is not better prepared to handle the workload that the habeas cases present. As Justice Souter said in his concurring opinion in *Boumediene*, "it takes more than a quotation from *Rasul*, however much on point, to resolve the constitutional issue before us here. . . . But whether one agrees or disagrees with today's decision, it is no bolt out of the blue."

We therefore ask the Court to deny the government's motion for an extension of time, and we renew our request to the Court for *in camera* inspection of unredacted copies of the already-segregated 600 documents from the Southern Command. Security-cleared counsel for Mr. Slahi are prepared to assist the Court in this *in camera* inspection. But it is clear that the government will delay revealing the facts of its treatment of Mr. Slahi as long as it can, and it will continue to request extensions of time in these court cases in order to facilitate its dissembling unless this Court takes action to stop it..

WHEREFORE, we respectfully ask the Court to deny the government's Motion for Extension of Time Regarding United States Southern Command, and ask that the Court order *in camera* inspection of the Southern Command documents.

Respectfully submitted,

Dated: July 31, 2008

Sylvia Royce, *pro bono*
DC Bar 924035
5505 Connecticut Avenue, NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com

Nancy Hollander, *pro bono*
Theresa M. Duncan, *pro bono*
FREEDMAN BOYD HOLLANDER
GOLDBERG & IVES P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
(505) 842-9960; (505) 842-0761 (facsimile)
nh@fbdlaw.com
tmd@fbdlaw.com

Counsel for Plaintiff