# Exhibit 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMEDOU OULD SLAHI,      )
                                      )
    Plaintiff,                 )
                                      )
          v.                  )     Civ. A. No. 1:6-CV-00597 -JR
                                        )
U. S. DEPARTMENT OF DEFENSE,      )
                                        )
    Defendant.              )
                                        )

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney, and have been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 194 employees who staff a total of ten (10) units and a field operational service center unit whose

collective mission is to effectively plan, develop, direct and manage responses to requests for

access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial

decisions and Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

(3)     My responsibilities also include the review of FBI information for classification

purposes as mandated by Executive Order ("E.O.") 12958, as amended,[1] and the preparation of

declarations in support of Exemption 1 claims under the FOIA.[2] I have been designated by the

Attorney General of the United States as an original classification authority and a declassification

authority pursuant to E.O. 12958, as amended, §§ 1.3 and 3.1.

(4)     Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information pursuant to the provisions of the FOIA, 5

U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware that as a

result of a May 26, 2005 FOIA request to several components of the Department of Defense

("DOD"), plaintiff Mohamedou Ould Slahi has sought access to all records on himself. I am

advised that plaintiff Mohamedou Ould Slahi is a 38-year old citizen of Mauritania who has been

---

[1]     60 Fed. Reg. 19825 (1995), and 68 Fed. Reg. 15315 (2003).

[2]     5 U.S.C. § 552 (b)(1).

detained as an enemy combatant by DOD at the Guantanamo Bay ("GTMO") Naval Base in Cuba since August 2002.

(5)    The FBI is the principal investigatory component of the U.S. Department of Justice ("DOJ") and is mandated by federal law to investigate violations of numerous federal criminal and national security statutes, including statutes pertaining to acts of terrorism. The investigatory FBI documents and the FBI information in the DOD documents at issue in this litigation pertain to FBI criminal investigations concerning counterterrorism conducted pursuant to 18 U.S.C. § 2332(b). In support of the FBI's overriding mission of identifying those responsible for the September 11, 2001 attacks and preventing future acts of terrorism, the FBI deployed Special Agents ("SAs") and support personnel around the world to interview terrorist suspects detained in GTMO, Afghanistan, Iraq and other locations for the purposes of collection and analysis of investigative and intelligence information. Moreover, the FBI has been advised that DOD's investigation of plaintiff is ongoing. As a result of plaintiff's requests, DOD, including the Defense Intelligence Agency ("DIA"), the United States Army Intelligence and Security Command, and the DOD Office of Freedom of Information, searched and located documents or portions of documents which contained information originating with the FBI.

(6)    The FBI has been advised that DOD has determined that certain detainees, including plaintiff, may be tried for war crimes or participating in acts of terrorism. DOD is currently actively conducting investigations of plaintiff and other detainees and once these investigations are completed, recommendations for prospective prosecution of these detainees before Military Commissions will be made by DOD with the ultimate decisions being made by

the President of the United States. DOD has advised us that the FBI documents and FBI information in the DOD documents at issue in this litigation may be used by DOD in these pending enforcement proceedings and has specifically requested that the FBI assert Exemption (b)(7)(A) to withhold in full these FBI documents and FBI-originated information. The FBI's review of these documents has determined that they do not contain any public source information. Until these potential and pending enforcement proceedings are concluded and resolved, there is no information contained in these FBI documents and FBI information in the DOD documents file which can be released to plaintiff.

(7)    The FBI documents and the FBI information contained in these DOD documents were referred to the FBI at various times by DOD for review and either consultation or for direct response to plaintiff. In addition to the assertion of Exemption (b)(7)(A) as described above, the FBI has determined that additional exemptions should be applied to the material at issue, specifically Exemptions (b)(1), (b)(2)(low) and (high), (b)(3), (b)(6), (b)(7)(C)), (b)(7)(D), and (b)(7)(E).

(8)    As a result, the FBI submits this declaration in accordance with Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), in support of defendant DOD's motion for summary judgment. In so doing, the FBI will provide the Court with an explanation for the procedures used in reviewing and processing of the FBI information and provide justifications for the withholding of this information in its entirety pursuant to 5 U.S.C. §§ 552 (b)(1), (b)(2)(low) and (high), (b)(3), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D) and (b)(7)(E).

## DESCRIPTION OF DOCUMENTS REFERRED BY DOD TO FBI

-4-

### DOD Referral #1: FBI FOIPA No. 1086910-000

(9)    By letter dated July 25, 2007, DIA referred approximately 50 FBI documents for review and processing pursuant to the FOIA and direct response to plaintiff's attorney, Sylvia Royce. DIA also enclosed a letter from Sylvia Royce to DOD dated May 26, 2005 requesting access to all DOD records pertaining to plaintiff. The referred 50 FBI documents consist of FBI Intelligence Information Reports ("IIR"). These documents are numbered pages 2 through 9 and 37 through 333. See Exhibit A.

(10)    By letter dated November 8, 2007, addressed to Sylvia Royce, the FBI advised her of the referral of FBI documents by DIA and that the FBI had reviewed and processed these documents pursuant to the provisions of the FOIA. Ms. Royce was further advised.that these documents were exempt from disclosure in their entirety pursuant to Exemptions (b)(1), (b)(2), (b)(6), (b)(7)(A) and (b)(7)(C). Ms. Royce was also advised of the procedure to appeal any denials by the FBI to the Department of Justice, Office of Information and Privacy ("OIP"). See Exhibit B.

### DOD Referral #2: FOIPA Request No. 1093587-000

(11)    On October 5, 2007, DOD referred for direct response to the plaintiff approximately 32 pages of DOD documents which contain FBI information. See Exhibit C. In a letter dated November 8, 2007, the FBI advised plaintiff's attorney that the FBI information was withheld in full pursuant to Exemptions (b)(1), (b)(6), (b)(7)(A), and (b)(7)(C). See Exhibit D.

### DOD Referral #3: FOIPA No. 1093587-001

(12)    On March 28, 2008, DOD referred eight Interrogation Plan documents, Bates

stamped "SLAHI 711 – SLAHI 725," for consultation. See Exhibit E. On April 17, 2008, the

FBI recommended that DOD withhold all FBI information pursuant to Exemptions (b)(1), (b)(2),

(b)(3), (b)(6), (b)(7)(A), (b)(7)(C)), and (b)(7)(E).[3] See Exhibit F.

### DOD Referral #4:  FOIPA No. 1097031-000

(13)    On September 21, 2007, DOD referred a two-page Polygraph Report for direct

response to the plaintiff. See Exhibit G. In a letter dated November 8, 2007, the FBI advised

plaintiff's attorney that the document was withheld in full pursuant to Exemptions (b)(2), (b)(6),

(b)(7)(A), (b)(7)(C)), and (b)(7)(E). Plaintiff was also advised of his appeal rights. See Exhibit

H.

### DOD Referral #5:  FOIPA No. 1097031-001

(14)    DOD's fifth referral of documents to the FBI was Bates stamped "SLAHI 360 –

SLAHI 608." This collection of documents consisted of: one DOD IIR Interview and one FBI

IIR Interview; two Electronic Case File Document Print/Interviews, four Interview Summaries,

one Summary, one translated document, two records produced pursuant to a grand jury subpoena,

one Teletype, 32 FD-302 and similar witness interviews, and 13 Electronic Communications:

GTMO Situation Reports ("SITREP"). Following its review, the FBI determined that all of these

documents required withholding in full pursuant to Exemptions (b)(1), (b)(2), (b)(3), (b)(6),

(b)(7)(A), (b)(7)(C)), and (b)(7)(D). See Exhibit I.

---

[3]      In the April 17, 2008 recommendation, the FBI mistakenly referred to section
(j)(2) of the Privacy Act, 5 U.S.C. § 552a. The Privacy Act is not applicable to plaintiff since he
is not a U.S. citizen.

### DOD Referral #6: FOIPA No. 1116090

(15)    On May 20, 2008, DOD referred for consultation 5 documents (IIRs, SITREPs, Special Project Interview Report, Interview and Cover Sheet), and 24 pages of photographs. See Exhibit J. Following a review of this material the FBI determined that it should be withheld in full pursuant to Exemptions (b)(1), (b)(2), (b)(6), (b)(7)(A), (b)(7)(C)), (b)(7)(D), and (b)(7)(E). The FBI informed the DOD of its withholding determinations on July 24, 2008. See Exhibit K.

### JUSTIFICATIONS FOR WITHHOLDING FBI DOCUMENTS
### AND FBI INFORMATION IN DOD DOCUMENTS

(16)    All referred documents were reviewed, word-by-word, line-by-line and document-by-document, to achieve maximum disclosure consistent with the provisions of the FOIA. Exemption (b)(7)(A) of the FOIA is asserted for all FBI documents and FBI information contained in the DOD documents at issue in this litigation. In addition, many of these documents also contain information which is exempt from disclosure pursuant to Exemptions (b)(1), (b)(2) (low) and (high), (b)(6), (b)(7)(C)), (b)(7)(D) and (b)(7)(E). The following paragraphs explain the FBI rationale for withholding these FBI documents and the FBI information contained in the DOD documents in their entirety pursuant to FOIA Exemption (b)(7)(A) and for withholding specific FBI information within these documents pursuant to FOIA Exemptions (b)(1), (b)(2)(low) and (high), (b)(3), (b)(6), (b)(7)(C)), (b)(7)(D) and (b)(7)(E).

(17)    For the convenience of the Court, Exhibit L to this declaration is a detailed list of documents and pages which DOD has referred to the FBI either for consultation or for direct response to plaintiff, along with the asserted FOIA exemptions.

### FOIA EXEMPTION (b)(7)

## EXEMPTION (b)(7) THRESHOLD

(18)    Exemption (b)(7) of the FOIA protects from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that disclosure could reasonably be expected to cause one of the harms enumerated in the subpart of the exemption. See 5 U.S.C. § 552(b)(7). In this case, the harms that could reasonably be expected to result from disclosure concerns interference with ongoing enforcement proceedings, the privacy of individuals, the identities of confidential FBI sources, and highly sensitive law enforcement techniques.

(19)    Before an agency can invoke any of the harms enumerated in Exemption 7, it must first demonstrate that the records or information at issue were compiled for law enforcement purposes. Law enforcement agencies such as the FBI must demonstrate that the records at issue are related to the enforcement of federal laws and that the enforcement activity is within the law enforcement duty of that agency.

(20)    The FBI is the principal investigatory component of the U.S. Department of Justice and is mandated by federal law to investigate violations of numerous federal criminal statutes, including criminal statutes pertaining to acts of terrorism. Additionally, the FBI has mandated investigative responsibilities in the areas of the national security of the United States, including counterintelligence activities and counterterrorism activities. The records at issue in this case were compiled during the course of the FBI's interviews and investigations of detainees held at GTMO pursuant to 18 U.S.C. § 2332(b). In support of the FBI's overriding mission of identifying those responsible for the September 11, 2001 attacks and preventing acts of terrorism,

-8-

the FBI deployed Special Agents ("SAs") and support personnel around the world to interview terrorist suspects detained in GTMO, Afghanistan, Iraq and other locations for the purposes of collection and analysis of investigative and intelligence information.

(21)    The FBI documents and the FBI information contained in the referred DOD documents relate to the FBI's mission of identifying terrorists and preventing acts of terrorism, these documents were compiled for law enforcement purposes pursuant to 18 U.S.C. § 2332(b). The enforcement activities reflected in this collection of documents are well within the law enforcement duties of the FBI and the FBI information at issue readily meets the threshold requirement of Exemption 7. The remaining inquiry is whether their disclosure "could reasonably be expected to interfere with enforcement proceedings;" "could reasonably be expected to constitute an unwarranted invasion of personal privacy;" "could reasonably be expected to disclose the identity of a confidential source;" or "could reasonably be expected to disclose highly sensitive law enforcement techniques."

### FOIA EXEMPTION (b)(7)(A)
### PENDING LAW ENFORCEMENT INVESTIGATION

(22)    5 U.S.C. § 552(b)(7)(A) exempts from disclosure

> records or information compiled for law enforcement purposes, but
> only to the extent that the production of such law enforcement
> records or information . . . could reasonably be expected to
> interfere with enforcement proceedings . . . .

(23)    Application of this exemption requires the existence of law enforcement records; a pending or prospective law enforcement proceeding; and a determination that release of the information could reasonably be expected to interfere with the enforcement proceeding. In

applying this exemption, the FBI will group the referred documents into functional categories;
will describe each of these categories; and will explain why release of the documents could
interfere with law enforcement proceedings.

### Functional Categories of Law Enforcement Records

(24) The FBI is the principal investigatory component of the United States Department
of Justice and is mandated by federal law to investigate violations of numerous federal criminal
and national security statutes, including statutes pertaining to acts of terrorism. The investigatory
FBI documents and the FBI information in the DOD documents at issue in this litigation pertain
to FBI criminal investigations concerning counterterrorism conducted pursuant to 18 U.S.C.
§ 2332(b). In support of the FBI's overriding mission of identifying those responsible for the
September 11, 2001 attacks and preventing future acts of terrorism, the FBI deployed Special
Agents and support personnel around the world to interview terrorist suspects detained in
GTMO, Afghanistan, Iraq and other locations for the purposes of collection and analysis of
investigative and intelligence information. The vast majority of these FBI documents and FBI
information in the DOD documents are either FBI FD-302 Interview Forms of detainees at
GTMO and other locations or documents which contain the incorporated contents of these
interviews of detainees.

(25) The FBI has been advised that these documents may be used by the DOD during
its investigations of GTMO detainees including plaintiff. Once these investigations are
completed, recommendations for prospective prosecution of the detainees before Military
Commissions will be made by DOD with the ultimate decisions being made by the President of

the United States. Exemption (b)(7)(A) therefore protects from disclosure the documents in this case because these documents may be used by DOD during its ongoing investigations of GTMO detainees.

(26)    The FBI reviewed each of the DOD referrals document-by-document and has determined that the documents consist of the following functional categories of records:

(a) **Electronic Communications:** The Electronic Communication ("EC") is a WordPerfect macro which has replaced the traditional FBI correspondence, such as FBI Airtels and Memoranda, as the primary vehicle of communication within the FBI. The EC functions to communicate internally in a consistent format which can be both uploaded into and downloaded from the FBI Automated Case Support computer network for purposes of communication, distribution, and retention of information. There are 14 ECs which were referred by DOD; these are located at Bates stamped numbers SLAHI 522-SLAHI 539; SLAHI 546-SLAHI 600; 1009-1016. In this instance, one type of EC designated as GITMO Situation Report ("SITREP") appears 14 times among the referred DOD material. A SITREP summarizes the significant activity that occurred at GTMO on a particular day.

(b) **FD-302 Interview Forms and similar documents:** The FD 302 is the primary form used within the FBI to document and record investigative and intelligence information. Although it is generally used to document and record information obtained from an interview of an individual, this form is also used to document and record other types of investigative information such as the positive and/or negative results of a search for documents, the results of a physical search of a business office, residence or automobile, or the service of

-11-

Grand Jury subpoenas. Such interview information may be used as evidence in Federal Grand Jury proceedings and at criminal trials. Additionally, these interview forms are often incorporated into FBI Investigative Reports for distribution to FBI Headquarters and field offices. The contents of these interview forms may also be incorporated into ECs for the purposes of setting investigative leads to FBI field offices. There are 32 FD 302 Interview Forms (or similarly formatted documents) among the FBI documents which were referred by DOD and these FBI documents are Bates stamped "SLAHI 402 – SLAHI 520." The referred documents also contain similar information concerning interviews in Interview Reports, Interview Summaries, Electronic Case File Document Print/Interviews and are Bates stamped "SLAHI 380 – SLAHI 383, SLAHI 433, SLAHI 483 – SLAHI 485, SLAHI 520, and 1017 – 1027."

(c) **Teletype:** This is an interim summary of an investigation, usually of the activities of one field division of the FBI, and is designed to expeditiously alert other field divisions and/or FBIHQ of a pertinent development in a case which would require prompt attention. It usually requires same day action and is transmitted by teletype machine to expedite its handling. The teletype is Bates stamped "SLAHI 396 – SLAHI 401."

(d) **IIR Interview & IIR Report**: This is a WordPerfect document which has replaced traditional FBI correspondence and now operates as the standard correspondence vehicle for the analysis and reporting of investigative and intelligence information in FBI counterterrorism and counterintelligence investigations. This FBI document is used to document and report investigative and intelligence information and analysis both within the FBI and between the FBI and other national security, counterintelligence and law enforcement agencies in

-12-

a consistent format which can be uploaded to computer networks and electronically transmitted

to the recipient agencies. Most of the DOD-referred FBI IIRs consist of FBI interviews of

plaintiff concerning counterterrorism investigations; however, some of these FBI IIRs consist of

FBI interviews of other GTMO detainees in which plaintiff's name is mentioned and/or

information about plaintiff is recorded during the interviews. Additionally, some of these FBI

IIRs contain investigative and intelligence information and analysis about plaintiff, other

detainees and/or other subjects of investigative interest from the FBI and other law enforcement,

national security and counterintelligence agencies, including foreign government agencies. FBI

IIRs are located at Bates numbers "37 – 333, SLAHI 601 – SLAHI 608, and 1001– 1008."

    (e)    **Interrogation Plan:** An Interrogation Plan form captures certain details

about a prospective interrogation of a detainee. An Interrogation Plan enables the interrogators

to outline significant aspects of the upcoming interview. The Interrogation Plans are Bates

stamped "SLAHI 711 – SLAHI 725."

    (f)    **Polygraph Report of Examination:** The Polygraph Report of

Examination, which is prepared by the examiner, summarizes the salient aspects of a particular

polygraph examination. The Polygraph Report of Examination also includes the examiners

analysis of the results of a polygraph examination. The Polygraph Report of Examination in this

case was processed under assigned FBI FOIPA No. 109031.

### Prosecutive Law Enforcement Proceedings

    (27)    Plaintiff is currently being held in detention at GTMO. DOD is in the process of

determining whether plaintiff may be tried before Military Commissions for war crimes or for

-13-

participating in acts of terrorism. DOD is currently conducting investigations of a number of the detainees; once these investigations are completed, recommendations for prospective prosecution before Military Commissions will be made by DOD with the ultimate decisions being made by the President of the United States. DOD has advised us that the FBI documents and FBI information in the DOD documents at issue in this litigation may be used by DOD in these pending enforcement proceedings and as a result, has requested that the FBI assert FOIA Exemption (b)(7)(A) to withhold these FBI documents and FBI information in their entirety. The FBI's review of these documents has determined that they do not contain any public source information. Until these potential and pending enforcement proceedings are resolved with finality, there is no FBI information nor any FBI document which can be released to plaintiff.

### Reasonable Expectation of Interference

(28)    In processing requests under the FOIA, the FBI has established procedures allowing it to implement the FOIA as efficiently as possible. When a request is received for information regarding an ongoing investigation, the FBI commonly asserts FOIA Exemption (b)(7)(A) for that request. However, in many cases, the FBI processes the request and attempts to release information contained within the investigative file when it has determined that such a release would not jeopardize future investigative or prosecutive efforts. The FBI has reviewed the referred records for the preparation of this declaration and has concluded that there is no public source information which can be released to plaintiff. After consultation with DOD, it was determined that dissemination of any FBI information contained in these records would jeopardize DOD's investigative and prosecutive efforts.

-14-

(29)    Any release of information from these records to plaintiff would be premature and likely to cause harm to future enforcement proceedings. Once documents are released and are in the public domain, information concerning the pending or future enforcement proceedings by DOD could reach the individuals being investigated, thus allowing such individuals to critically analyze these released documents. Such individuals possess the unique advantage of knowing the details surrounding the potential criminal and/or terrorist activities, the identities of potential witnesses and sources of information, and the direct and circumstantial evidence of the potential criminal and/or terrorist activities. These individuals could therefore use the released information to their advantage to destroy evidence or intimidate potential witnesses and/or sources of information. In this regard, the following potential harms from the release of information contained in these documents exist:

(a) The identification of individuals, sources, and potential witnesses who possess information relative to the pending DOD investigations and possible harm to, or intimidation of these individuals;

(b) The use of information released to counteract evidence developed by investigators, alter or destroy potential evidence or create false evidence;

(c) The identification of third parties who are also under investigation;

(d) The identification of the subject matter concerning classified information; and

(e) The locations in the United States, as well as foreign countries where the FBI and DOD are focusing their investigative efforts and collection of investigative and source material.

-15-

(30)    Furthermore, the release of this information to third parties not directly involved in this matter could allow these third parties to interfere with the pending proceedings by harassment, intimidations, and creation of false evidence dispensing facts discussed during the investigation. Once a release is made to plaintiff under the FOIA, his use and dissemination of the information to third parties is unrestricted.

(31)    Historically, the FBI has responded to requests for pending investigatory files, or portions thereof, with great regard for the intent of the FOIA. The FBI makes every effort to provide information which will not interfere with the pending law enforcement proceedings. In this instance, however, the FBI is currently and continuously working in conjunction with DOD to assist it with its pending investigations and potential enforcement proceedings. For all of the foregoing reasons, therefore, no FBI information in these referred documents may be released to plaintiff.

## JUSTIFICATION FOR WITHHOLDING CERTAIN INFORMATION PURSUANT TO OTHER APPLICABLE FOIA EXEMPTIONS

(32)    In addition to the application of Exemption (b)(7)(A) to the collection of DOD referrals, the FBI has also asserted the following additional exemptions: Exemptions (b)(1), (b)(2) (low) and (high), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E), 5 U.S.C. §§ 552 (b)(1), (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). The following paragraphs provide the justification for withholding certain information within these documents pursuant to these enumerated exemptions.

## FOIA EXEMPTION (b)(1) CLASSIFIED INFORMATION

-16-

(33)    The FBI's analysis of the withholding of classified information contained in these

DOD-referred documents is based on the standards articulated in the FOIA statute, 5 U.S.C.

§ 552 (b)(1). Exemption (b)(1) protects from disclosure those records that are "(A) specifically

authorized under criteria established by an Executive Order to be kept Secret in the interest of

national defense or foreign policy; and (B) are in fact properly classified pursuant to such

Executive Order."

(34)    The FBI's analysis of whether Exemption (b)(1) permits the withholding of

agency records consists of two significant steps. First, the FBI must determine whether the

information contained in the records is information that satisfied the substantive and procedural

criteria of the applicable Executive Order governing the classification and protection of national

security information. And second, the FBI has to analyze whether the documents are exempt

pursuant to Exemption 1.

(35)    First therefore, I must determine whether the information in these DOD-referred

records is information which satisfies the requirements of the current Executive Order governing

the classification and protection of information that affects the national security.[4]  I must further

ensure that the information at issue complies with the various substantive and procedural criteria

of the current Executive Order, E.O. 12958, as amended. The current Executive Order which

applies to the protection of national security information was amended on March 25, 2003. I am

---

[4]    Section 6.1(y) of E.O. 12958, as amended, defines "National Security" as "the
national defense or foreign relations of the United States."

-17-

therefore bound by the requirements of E.O. 12958, as amended, when making classification determinations.

(36)    In order for information to be properly classified, and thus properly withheld from disclosure pursuant to Exemption (b)(1), it must first satisfy the requirements set forth in Section 1.1 (a) of E.O. 12958, as amended:

      (1)    an original classification authority is classifying the information;

      (2)    the information is owned by, produced by or for, or is under the control of the United States Government;

      (3)    the information falls within one or more of the categories of information listed in § 1.4 of this order; and

      (4)    the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage.

(37)    As I will explain in further detail below, I have determined, in my role as an original classification authority, that all DOD-referred FBI information and FBI documents require a classification marking at the "Secret" level, since the unauthorized disclosure of this information reasonably could be expected to cause serious damage to the national security. See E.O. 12958, as amended, §§ 1.2(a)(2), (a)(3). In addition to these substantive requirements, certain procedural and administrative requirements of E.O. 12958, as amended, must be followed before information can be considered to be properly classified, including the proper identification and marking of the documents. In order to ensure that the information in the documents is

-18-

properly classified, I made certain that all procedural requirements of E.O. 12958, as amended, were followed:

      (1)    each document was marked as required and stamped with the proper classification designation;[5]

      (2)    each document was marked to indicate clearly which portions are classified, which portions are exempt from declassification as set forth in E.O. 12958, as amended, §§ 1.4 (c), and which portions are unclassified;[6]

      (3)    the prohibitions and limitations on classification specified in E.O. 12958, as amended, § 1.7, were adhered to;

      (4)    the declassification policies set forth in E.O. 12958, as amended, §§ 3.1 and 3.3 were followed; and

      (5)    any reasonably segregable portion of these classified documents that did not meet the standards for classification under E.O. 12958, as amended, was declassified and marked for release, unless withholding was otherwise warranted under applicable law.[7]

## FINDINGS OF DECLARANT

(38)    With the above requirements in mind, I personally and independently examined the FBI information withheld from plaintiff pursuant to FOIA Exemption (b)(1). As a result of this examination, I determined that certain FBI information contained in these FBI and DOD documents warrants classification at the "Secret" level, pursuant to E.O. 12958, as amended,

---

[5]    E.O. 12958, as amended, §§ 1.6 (a) (1) − (5).

[6]    E.O. 12958, as amended, § 1.6 (a) (5) (c).

[7]    5 U.S.C. § 552 (b) provides, in part, that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." In this case, the information at issue has been carefully re-examined. Based on our re-review, we have determined that no reasonably segregable portions may be declassified and released.

§ 1.4, as the release of this FBI information could reasonably be expected to reveal: (a) foreign

government information; (b) intelligence sources; (c) intelligence activities and methods; and (d)

foreign relations or foreign activities of the United States, including confidential sources.

### FOREIGN GOVERNMENT INFORMATION

(39)    E.O. 12958, § 6.1 (r), as amended, defines "foreign government information" as:

> (1) Information provided to the United States Government by a foreign
> government or governments, an international organization of governments,
> or any element thereof, with the expectation that the information, the
> source of the information, or both, are to be held in confidence;

> (2) information produced by the United States Government pursuant to or as a
> result of a joint arrangement with a foreign government or governments, or an
> international organization of governments, or any element thereof, requiring that
> the information, the arrangement, or both, are to be held in confidence; or

> (3) information received and treated as "foreign government information" under
> the terms of a predecessor order.

(40)    Most foreign governments, unlike the United States, neither officially

acknowledge the existence of some of their intelligence and security services, nor the scope of

their activities or the sensitive information generated by them. The free exchange of information

among United States intelligence and law enforcement services and their foreign counterparts is

predicated upon the understanding that these liaisons, and information exchanged from them, are

to be kept in confidence. E.O. 12958, § 1.4 (b), as amended, authorizes the classification of

foreign government information.

(41)    The release of official United States Government documents that show the

existence of a confidential relationship with a foreign government reasonably could be expected

to strain relations between the United States and the foreign governments and lead to diplomatic,

political or economic retaliations. A breach of this relationship can be expected to have a

chilling effect on the free flow of vital information to the United States intelligence and law

enforcement agencies, which could substantially reduce their effectiveness. Although the

confidential relationship of the United States with certain countries may be widely reported, they

are not officially acknowledged.

(42)    Disclosure of such a relationship, predictably, will result in the careful analysis

and possible compromise of the information by hostile intelligence services. The hostile service

may be able to uncover friendly foreign intelligence gathering operations directed against it or its

allies. This could lead to the neutralization of friendly allied intelligence activities or methods,

the death of live sources, cause embarrassment to the supplier of the information, or result in

economic or diplomatic retaliation against both the United States and the supplier of the

information.

(43)    Even if the government from which certain information is received is not named

in or identifiable from the material it supplies, the danger remains that if the information were to

be made public, the originating government would likely recognize the information as material it

supplied in confidence. Thereafter, it would be reluctant to entrust the handling of its

information to the discretion of the United States.

(44)    The occurrence of any one of the above events could reasonably be expected to

cause, at a minimum, damage to the national security. Therefore, I determined that those

documents which contain foreign government information have properly been classified at the

"Secret" level and withheld in full accordance with Section 1.4 (b) of E.O. 12958, as amended, and exempt from disclosure pursuant to FOIA Exemption (b)(1).

## INTELLIGENCE SOURCES

(45)    E.O. 12958, as amended, § 1.4(c), exempts intelligence activities (including special activities), intelligence sources or methods, or cryptology. Redactions on certain pages were made to protect the identities of classified intelligence sources. An intelligence source that requires continued classification is an individual or organizational entity which provided or is currently providing information that pertains to national security matters, the disclosure of which could reasonably be expected to result in damage to the FBI's intelligence and counterintelligence gathering capabilities.

(46)    My review disclosed that the information pertaining to intelligence sources which remains classified is likely to identify these sources. The withheld information and material provided by – or that pertains to – these sources is specific and, if disclosed, reasonably could be expected to reveal the identities of the contributing sources. I considered a number of factors in reaching this conclusion, including most importantly, the damage to the national security that would result by publicly identifying sources utilized in intelligence investigations, and the - negative effect on the FBI's ability to protect and recruit intelligence sources in the future.

(47)    Disclosure of the identities of FBI intelligence sources, regardless of whether they are active or inactive, alive or deceased, can reasonably be expected to cause current and potential intelligence sources to fear that their identities will be publicly revealed at some point, in spite of the FBI's present expressed or implied assurance of confidentiality. This disclosure of

-22-

the identity of a source could jeopardize the physical safety of the source or the source's family or associates or subject them to public ridicule and/or ostracism.

(48)    Thus, release of the information I determined to be intelligence source-identifying could reasonably be expected to cause serious damage to the national security: current intelligence sources could cease to provide information, and potential/future intelligence sources would no longer want to cooperate with the FBI for fear their identities would be publicly revealed. Such a reaction by current and potential sources would eliminate one of the most crucial means of collecting intelligence information and, therefore, severely hamper the FBI's law enforcement efforts to detect and apprehend individuals who seek to damage the national security through violation of the United States criminal, counterterrorism and national security laws. Thus, the intelligence sources which are being withheld by the FBI are properly classified in accordance with Section 1.4 (c) of the E.O. 12958 and exempt from disclosure pursuant to FOIA Exemption (b)(1).

## INTELLIGENCE ACTIVITIES AND METHODS

(49)    As stated earlier, E.O. 12958, as amended, § 1.4(c), exempts intelligence activities (including special activities), intelligence sources or methods, or cryptology. Redactions on certain pages referred by DOD were made to protect intelligence activities or methods. An intelligence activity or method includes any intelligence action or technique utilized by the FBI against a targeted individual or organization that has been determined to be of national security interest. An intelligence method is used to indicate any procedure (human or non-human) utilized to obtain information concerning such individual or organization.

-23-

(50)    The intelligence activities or methods detailed in the withheld information are effective means for the FBI to gather, store or disseminate intelligence information. The criteria utilized by the FBI in these instances to decide what actions by an individual or organization warranted the commencement of an investigation, or caused a certain activity to be given investigative attention over others, could be revealed through disclosure of these intelligence methods. The criteria applied and priorities assigned in these records are used in the FBI's present intelligence or counterintelligence investigations, and are in accordance with the Attorney General's guidelines on FBI intelligence or counterintelligence investigations. The information obtained from the methods is very specific in nature, provided during a specific time period, and known to very few individuals. Disclosure of the specific information which describes the intelligence methods withheld in this case and still used by the FBI today to gather intelligence information could reasonably be expected to cause serious damage to the national security for the following reasons: (1) disclosure would allow hostile entities to discover the current methods used; (2) disclosure would reveal current specific targets of the FBI's national security investigations; and (3) disclosure would reveal the determination of the criteria used and priorities assigned to current intelligence or counterintelligence investigations. Hostile entities could then develop countermeasures which could severely disrupt the FBI's intelligence-gathering capabilities. This would severely damage the FBI's efforts to detect and apprehend violators of the national security, counterterrorism and criminal laws of the United States.

(51)    It is my determination that the release of this information could permit hostile governments to appraise the scope, focus, location, target and capabilities of the FBI's

intelligence gathering methods and activities, and allow hostile agents to devise countermeasures to circumvent these intelligence activities or methods and render them useless in providing intelligence information. This would severely disrupt the FBI's intelligence gathering capabilities. I have therefore determined that this information is properly classified at the "Secret" level and withheld pursuant to E.O. 12958, as amended, §1.4 (c), and exempt from disclosure pursuant to FOIA Exemption (b)(1).

## FOREIGN RELATIONS

(52)    E.O. 12958, § 1.4 (d), as amended, protects information from disclosure if its release would reveal foreign relations or foreign activities of the United States, including confidential sources. Redactions on certain pages were made to protect information regarding the cooperative endeavors between the FBI and named foreign government components. Intelligence information is exchanged between these governments and the FBI with the express or written understanding that the relationship will be held in strict confidence. The retention of the secret nature of this exchange is essential to ensuring continued liaison with cooperating foreign governments, which continues at the present time. It is also indicative of peaceful and cooperative relations among governments, both allies and foes, in conducting activities that are germane to a peaceful coexistence.

(53)    Information that affects the foreign relations of the United States, much like foreign government information, does not lose its sensitivity with the passage of time. The delicate liaison established between the United States and these foreign governments could be severely damaged should the United States decide to disclose these relationships. The foreign

-25-

governments' cooperation in the FBI investigation at issue has not been publicly revealed. To do so now would endanger the spirit of law enforcement intelligence cooperation that the FBI has labored most strenuously to obtain and maintain. These governments are far less likely to continue to trust the United States if the FBI discloses their cooperation in violation of the confidentiality promise given, and will be less willing to cooperate in the future if their past and continuing requests for confidentiality are not honored.

(54)    Information that identifies intelligence information gathered by the United States either about or from a foreign country is sensitive. This condition exists in part because of the delicate nature of international diplomacy. This information must be handled with care so as not to jeopardize the fragile relationships that exist between the United States and certain foreign governments.

(55)    The unauthorized disclosure of information concerning foreign relations or foreign activities of the United States can reasonably be expected to lead to diplomatic or economic retaliation against the United States; identify the target, scope or time frame of intelligence activities of the United States in or about a foreign country, which may result in the curtailment or cessation of these activities; enable hostile entities to assess United States intelligence gathering activities in or about a foreign country and devise countermeasures against these activities; or compromise cooperative foreign sources which may jeopardize their safety and curtail the flow of information from these sources. As a result, I have determined that this information is properly classified at the "Secret" level pursuant to E.O. 12958, as amended, § 1.4(d) and exempt from disclosure pursuant to FOIA Exemption (b)(1).

-26-

## DEFENDANT'S BURDEN OF ESTABLISHING EXEMPTION (b)(1) CLAIMS

(56)    The information withheld pursuant to FOIA Exemption (b)(1) in this case has been examined in light of the body of information available to me concerning the national defense and foreign relations of the United States. This information was not examined in isolation. Instead, each individual piece of information was evaluated with careful consideration given to the impact that disclosure of this information would have on other sensitive information contained elsewhere in the United States intelligence community's files. Equal consideration was given to the impact that information either in the public domain or likely known or suspected by present or potential adversaries of the United States, would have upon the information I examined. As a result, the FBI has determined that the information involved in these DOD-referrals warrants continued classification at the "Secret" level pursuant to E.O. 12958, as amended, §§ 1.4(b), (c) and (d).

(57)    In those instances where, in my judgment, the disclosure of this information could reasonably be expected to cause serious damage to the national security, and its withholding outweighed the public benefit of disclosure, I exercised my prerogative as an original classification authority and designated that information as classified in the interest of national security, and invoked FOIA Exemption (b)(1) to prevent disclosure. Likewise, the justifications for the withheld classified information were prepared with the intent that they be read with consideration given to the context in which the classified information is found.

(58)    This context includes not only the surrounding unclassified information but also other information already in the public domain, as well as information likely known or suspected

-27-

by other hostile intelligence entities. It is my judgment that any greater specificity in the descriptions and justifications set forth with respect to foreign government information, intelligence sources, intelligence methods and intelligence activities, and foreign relations in this public declaration, could reasonably be expected to jeopardize the national security of the United States, and as a result, all information appearing in the DOD-referred documents which has been identified as classified have been appropriately classified pursuant to E.O. 12958, as amended, and Exemption 1.

## FOIA EXEMPTION (b)(2)
## INTERNAL AGENCY RULES AND PRACTICES

(59)    5 U.S.C. § 552 (b)(2) exempts from disclosure information "related solely to the internal personnel rules and practices of an agency." This exemption encompasses two distinct categories of records that are internal in nature: those involving trivial administrative matters of no genuine public interest ("low") 2, and those the disclosure of which would risk circumvention of a statute or regulation ("high") 2. Disclosure of "Low 2" routine internal administrative information such as telephone, fax and pager numbers serves no public benefit, and there is no indication that there is a genuine public interest in the disclosure of this information. In this case, the context in which this information is located, at times in classified and highly sensitive documents – heightens the sensitivity of this information, thereby mandating its protection pursuant to Exemption "Low 2." Moreover, disclosure of "High 2" information in these referred documents would impede the effectiveness of the internal law enforcement procedures of the FBI and the intelligence-gathering procedures of the FBI and other government agencies as they engage in counterterrorism and counterintelligence efforts. Disclosure of this "High 2"

information could impede the effectiveness of the FBI's internal operational and law enforcement support procedures, and its intelligence, information-gathering and cooperation with other agencies as it engages GTMO detainees to obtain information.

(60)    Exemption 2 has been asserted to protect the following categories of information: a) internal FBI telephone numbers and facsimile numbers, b) an internal FBI investigation code name and c) internal DOD detainee numbers; and d) information which if released could risk circumvention of a statute or regulation.

### Internal FBI Telephone Numbers and Facsimile Numbers

(61)    Exemption (b)(2) (low) has been asserted to protect the internal business telephone numbers and facsimile numbers of FBI personnel who participated in these counterterrorism investigations related to plaintiff.

(62)    These FBI business telephone numbers and facsimile numbers relate directly to the internal practices of the FBI in that they are tools utilized by personnel in the performance of their investigative duties. Disclosure of the internal business telephone numbers and facsimile numbers of FBI personnel could subject these individuals to harassing contacts (via telephone, or fax), which could disrupt official business by impeding the ability of these FBI employees to conduct and conclude law enforcement and national security investigations in a timely manner. In the current technological environment, it is now possible for persons so inclined to utilize an automated dialing system to repeatedly dial the same telephone numbers which would effectively render these telephones and facsimile machines useless to the FBI. Release of routine internal administrative information such as the business telephone and facsimile numbers of FBI

-29-

personnel serves no public benefit, and there is no indication that there is a genuine public

interest in the disclosure of this information. Accordingly, because these business telephone

numbers and facsimile numbers are solely related to the FBI's internal practices, because

disclosure would not serve any public benefit, and because disclosure could impede the FBI's

effectiveness, the FBI has appropriately withheld this information from disclosure pursuant to

FOIA Exemption (b)(2).

### Internal FBI Investigation Code Name

(63)    Exemption (b)(2) (low) has been asserted to protect the internal FBI code name

for an ongoing FBI counterterrorism investigation. Internal FBI code names for investigations

are utilized by the FBI to facilitate the flow of documents within the FBI by designating a

specific code name for major FBI investigations which engender the production of voluminous

amounts of documents. Since this is an ongoing investigation, premature public disclosure of its

code name could result in significant impediments by the media or other members of the public

on the effectiveness of this investigation. Release of this routine FBI code name for an ongoing

counterterrorism investigation would serve no public benefit, and there is no indication that there

is a genuine public interest in the disclosure of this FBI internal investigation code name.

Accordingly, because this internal FBI investigation code name is solely related to the FBI's

internal practices, because disclosure would not serve any public benefit, and because disclosure

could impede the FBI's effectiveness, the FBI has appropriately withheld this information from

disclosure pursuant to FOIA Exemption (b)(2).

### Internal DOD Detainee Numbers And Sensitive Law Enforcement Techniques
### Which If Released Could Risk Circumvention of Statute or Regulation

-30-

(64)     Exemption (b)(2) (high) has been asserted to protect the internal detainee numbers

which are assigned by DOD to each detainee at GTMO. These internal DOD detainee numbers

are assigned by DOD to identify each detainee currently or formerly held at GTMO. Disclosure

of these DOD detainee numbers to the public could allow persons to potentially access

information concerning these detainees from DOD databases and then cross-reference these

detainee numbers with other documents in the public domain to identify specific detainees, DOD

personnel and other individuals mentioned in DOD documents. I have been advised that DOD

has requested that the FBI assert FOIA Exemption (b)(2) to protect these internal DOD numbers

in the FBI documents and FBI information in DOD documents at issue in this litigation.

Accordingly, because these internal DOD detainee numbers are solely related to the internal

practices of DOD, because disclosure would not serve any public benefit, and because disclosure

could impede the effectiveness of DOD's mission, the FBI has appropriately withheld this

information from disclosure pursuant to Exemption (b)(2) (high). In addition, Exemption (b)(2)

(high) has been asserted in conjunction with Exemption (b)(7)(E) to protect sensitive information

in certain SITREPs, Interrogation Plans, and Polygraph Report, which, if released, could risk

circumvention of sensitive law enforcement techniques. Release of this information would

reveal specific details of how the FBI conducts its interrogations and polygraph interviews, as

well as sensitive intelligence-gathering and reporting of those efforts in its SITREPs. Such a

release of information would expose the FBI to the possibility that savvy individuals could

reasonably impede the effectiveness of the FBI's interrogation plans and polygraph testing, and

allow savvy terrorists to educate themselves about the FBI's various sensitive interrogation and

polygraph techniques, allowing them to take countermeasures in an effort to circumvent the effectiveness of those techniques. This in turn could likely jeopardize future FBI participation and effectiveness in the interrogation of – and gathering of intelligence from – the GTMO detainees. Accordingly, because disclosure of this type of information could reasonably be expected to risk circumvention of law, the FBI has properly protected this information pursuant to Exemption (b)(2) (high).

### FOIA EXEMPTION (b)(3): INFORMATION PROTECTED BY STATUTE

(65)    5 U.S.C. § 552 (b)(3) exempts from disclosure information:

> specifically exempted from disclosure by statute . . . provided that
> such statute (A) requires that the matters be withheld from the
> public in such a manner as to leave no discretion on the issue, or
> (B) establishes particular criteria for withholding or refers to
> particular types of matters to be withheld.

### Federal Grand Jury Information

(66)    Exemption (b)(3) was asserted in conjunction with Rule 6(e) of the Federal Rules of Criminal Procedure to withhold Federal Grand Jury information. It is well-established that Rule (6)(e) embodies a broad, sweeping policy of preserving the secrecy of grand jury material regardless of the substance in which the material is contained. In the referred documents, only that information which explicitly discloses matters occurring before a Federal Grand Jury has been withheld pursuant to Exemption (b)(3)-t. Specifically, the names and identifying information of individuals and information that identifies specific records subpoenaed by the Federal Grand Jury. Any such disclosure would be in violation of the secrecy of the grand jury proceedings and could reveal the inner workings of the federal grand jury to which these documents relate.

## FOIA EXEMPTION (b)(6)
## CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

(67)    5 U.S.C. § 552(b)(6) exempts from disclosure:

> personnel and medical files and similar files when the disclosure of such
> information would constitute a clearly unwarranted invasion of personal privacy.

(68)    When withholding information pursuant to this exemption, the FBI is required to

balance the privacy interests of the individuals mentioned in these records against any public

interest in disclosure. In asserting this exemption, each item of information was examined to

determine the degree and nature of the privacy interest of every individual whose name and/or

identifying information appears in these records. The public interest in disclosure of this

information is determined by whether the information in question would inform plaintiffs and the

general public about the FBI's performance of its mission to enforce federal criminal statutes and

protect the national security of the United States and/or how the information would shed light on

the FBI's performance of its mandated statutory duties. In each instance where information was

withheld, it was determined that individual privacy rights outweighed the public interest. The

only recognized public interest is that which sheds light on the operations and activities of the

federal government. To reveal the names and/or identifying information of third party

individuals in the context of the records of FBI criminal and counterterrorism investigations

could reasonably be expected to cause harassment, embarrassment and/or humiliation, and thus

constitute a clearly unwarranted invasion of personal privacy.

(69)    During the review of these FBI documents and FBI information in DOD

documents, the passage of time and its effect on the privacy interests of third party individuals

-33-

was considered. It was determined that only a few years have passed since these records were

created, that the privacy interests are as strong and pertinent now as when the records were

created and that there is no public or historical interest in these records which would outweigh

the privacy interests of these third party individuals.

### Names and Identifying Information of FBI Special Agents and Support Personnel

(70)    FOIA Exemption (b)(6) has been asserted in conjunction with (b)(7)(C)) to

exempt from disclosure the names and identifying information of FBI Special Agents who were

responsible for conducting, supervising, and/or maintaining the investigative activities reported

in these FBI documents and the FBI information contained in the DOD documents. Publicity,

adverse or otherwise, regarding any particular investigation conducted by FBI Special Agents

would seriously impair their effectiveness in conducting future investigations. The privacy

consideration also protects Special Agents from unnecessary, unofficial questioning as to the

conduct of an investigation, whether or not they are currently employed by the FBI. FBI Special

Agents conduct official inquiries into violations of various criminal statutes and national security

cases. They come into contact with all strata of society and conduct searches and make arrests,

both of which result in reasonable, but nonetheless serious disturbances in the lives of

individuals. It is possible for a person targeted by such law enforcement action to carry a grudge

which may last for years, and to seek revenge on the Special Agents involved in the criminal,

counterterrorism and national security investigations included in these FBI documents and FBI

information. The publicity associated with the release of the identity of a FBI Special Agent in

connection with a particular investigation could trigger hostility towards the Special Agent by

-34-

such persons. Accordingly, there is no legitimate public interest to be served in the disclosure of the names and identifying information of the FBI Special Agents in these investigative records concerning foreign detainees to the public.

(71)    The names of FBI support personnel have also been withheld pursuant to FOIA Exemption (b)(6) in conjunction with (b)(7)(C)). Support personnel are assigned to handle tasks relating to FBI investigations. These individuals are in positions to access information concerning official law enforcement investigations. They could therefore become targets of harassing inquiries for unauthorized access to FBI investigations if their identities were released. There is no legitimate public interest to be served in releasing the names and identifying information of the FBI support personnel in these investigative records concerning foreign detainees to the public. Accordingly, the FBI has properly withheld this identifying information of FBI Special Agents and support personnel from disclosure pursuant to FOIA Exemption (b)(6).

### Names and Identifying Information of the Personnel of Other Government Agencies

(72)    FOIA Exemption (b)(6) has been asserted in conjunction with (b)(7)(C)) to exempt from disclosure the names and identifying information of the personnel of other United States Government agencies who also participated in the investigative activities reported in these FBI documents and the FBI information contained in the DOD documents. These other Government agencies include elements of DOD. Publicity, adverse or otherwise, concerning their investigative participation in any particular FBI investigation would seriously impair their effectiveness in assisting or participating in future investigations. The privacy consideration also

-35-

protects these individuals from unnecessary, unofficial questioning as to these investigations. It is possible for a person targeted by such law enforcement action to carry a grudge which may last for years, and to seek revenge on the personnel involved in the criminal, counterterrorism and national security investigations included in these FBI documents and FBI information. The publicity associated with the release of their names and identifying information in connection with a particular investigation could trigger hostility towards them by such persons. There is no legitimate public interest to be served in the disclosure of the names and identifying information of the personnel of other Government agencies in these investigative records concerning foreign detainees to the public. Accordingly, the FBI has properly withheld the names and identifying information of these personnel from disclosure pursuant to FOIA Exemption (b)(6).

### Names and Identifying Information of Individuals, Including Foreign Detainees, Interviewed by the FBI

(73)    FOIA Exemption (b)(6) has been asserted in conjunction with (b)(7)(C) to exempt from disclosure the names and identifying information of individuals, including foreign detainees, who have been interviewed by the FBI in connection with the criminal, counterterrorism and national security investigations in these records.

(74)    Information provided by individuals during an interview is one of the most productive investigative tools utilized by law enforcement agencies. The largest roadblock in successfully obtaining the desired information through an interview is the fear by the interviewee of their identity possibly being exposed and, consequently, being harassed, intimidated or threatened with legal or economic reprisal, or possible physical harm. In order to surmount these obstacles, persons interviewed must be assured that their identities will be held in the strictest

-36-

confidence by the FBI. The continued access to persons willing to honestly relate pertinent facts

bearing upon a particular investigation outweighs any benefits derived from releasing the

identities of these individuals. To release the identities of these individuals interviewed by the

FBI would not only constitute a clearly unwarranted invasion of their personal privacy, but could

also subject these individuals to harassment, embarrassment, intimidation, or result in undue

public attention. Thus, the FBI determined that the disclosure of the names and identifying

information of these individuals would constitute a clearly unwarranted invasion of their personal

privacy. After identifying the substantial privacy interests of these individuals, the FBI balanced

their interests against the public interest in disclosure. The FBI could not identify any legitimate

public interest in release of this identifying information since it would not shed any light on the

operations and activities of the FBI. Accordingly, the FBI has properly withheld their names and

identifying information pursuant to FOIA Exemption (b)(6).

### Names and Identifying Information of Individuals Who Are of Investigative Interest to the FBI

(75)    FOIA Exemption (b)(6) has been asserted in conjunction with (b)(7)(C) to exempt

from disclosure the names and identifying information of third party individuals in whom the FBI

has an investigative interest in the context of the criminal, counterterrorism and national security

investigations reported in these records. Being linked with any law enforcement investigation

carries a strong negative connotation. To release the identities of these individuals to the public

in the context of an FBI investigation could subject them to harassment or embarrassment, as

well as undue public attention. The personal privacy interests of these individuals would be

severely infringed upon if their identities were released in the context of these FBI investigations

-37-

as individuals of investigative interest to the FBI. After identifying the substantial privacy interests of these individuals, the FBI balanced their interests against the public interest in disclosure. The FBI could not identify any legitimate public interest in release of this identifying information since it would not shed any light on the operations and activities of the FBI. Accordingly, the FBI has properly withheld their names and identifying information pursuant to FOIA Exemption (b)(6).

### Names and Identifying Information of Individuals Who are Merely Mentioned in FBI Records

(76)    FOIA Exemption (b)(6) has been asserted in conjunction with (b)(7)(C) to exempt from disclosure the names and identifying information of individuals who are only incidentally mentioned in these FBI documents and the FBI information in DOD documents. To release the identities of these third party individuals who are merely mentioned in the context of the criminal, counterterrorism and national security investigations reported in these records would not shed any light on the FBI's performance of its statutory duties with respect to these investigations. However, the disclosure of their identities could cause unsolicited and unnecessary attention to be focused on these individuals and/or their family members. The mention of their identities in the context of an FBI criminal, counterterrorism or national security investigation could cast them in an unfavorable or negative light if released to the public. Thus, these individuals have a strong privacy interest in the protection of such personal information. After identifying the substantial privacy interests of these individuals, the FBI balanced their interests against the public interest in disclosure. The FBI could not identify any legitimate public interest in release of this identifying information since it would not shed any light on the

-38-

operations and activities of the FBI. Accordingly, the FBI has properly withheld their names and identifying information pursuant to FOIA Exemption (b)(6).

## FOIA EXEMPTION (b)(7)(C)
## UNWARRANTED INVASION OF PERSONAL PRIVACY

(77)    5 U.S.C. § 552 (b)(7)(C) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . .

(78)    When withholding information pursuant to this exemption, the FBI is required to balance the privacy interests of the individuals mentioned in these records against any public interest in disclosure. In asserting this exemption, each item of information was examined to determine the degree and nature of the privacy interest of every individual whose name and/or identifying information appears in these records. The public interest in disclosure of this information is determined by whether the information in question would inform plaintiffs and the general public about the FBI's performance of its mission to enforce federal criminal statutes and/or how the information would shed light on the FBI's performance of its statutory duties. In each instance where information was withheld, it was determined that individual privacy rights outweighed the public interest. The only recognized public interest is that which sheds light on the operations and activities of the federal government. To reveal the names and/or identifying information of third party individuals in the context of these records could reasonably be expected to cause harassment, embarrassment and/or humiliation, and thus constitute an unwarranted invasion of personal privacy.

-39-

(79)    During the review of these records, the passage of time and its effect on the

privacy interests of third party individuals was considered. It was determined that only a few

years have passed since the creation of these records, the privacy interests are as strong and

pertinent now as when the records were created and that there is no public or historical interest in

these records which would outweigh the privacy interests of these third party individuals.

### Names and Identifying Information of FBI Special Agents and Support Personnel

(80)    FOIA Exemption (b)(7)(C) has been asserted in conjunction with (b)(6) to exempt

from disclosure the names and identifying information of FBI Special Agents who were

responsible for conducting, supervising, and/or maintaining the investigative activities reported

in these FBI documents and the FBI information contained in the DOD documents. Publicity,

adverse or otherwise, regarding any particular investigation conducted by FBI Special Agents

would seriously impair their effectiveness in conducting future investigations. The privacy

consideration also protects Special Agents from unnecessary, unofficial questioning as to the

conduct of an investigation, whether or not they are currently employed by the FBI. FBI Special

Agents conduct official inquiries into violations of various criminal statutes and national security

cases. They come into contact with all strata of society and conduct searches and make arrests,

both of which result in reasonable, but nonetheless serious disturbances in the lives of

individuals. It is possible for a person targeted by such law enforcement action to carry a grudge

which may last for years, and to seek revenge on the Special Agents involved in the criminal,

counterterrorism and national security investigations included in these FBI documents and FBI

information. The publicity associated with the release of the identity of an FBI Special Agent in

connection with a particular investigation could trigger hostility towards the Special Agent by such persons. Accordingly, there is no legitimate public interest to be served in the disclosure of the names and identifying information of the FBI Special Agents in these investigative records concerning foreign detainees to the public.

(81)    The names of FBI support personnel have also been withheld pursuant to FOIA Exemption (b)(7)(C)) in conjunction with (b)(6). Support personnel are assigned to handle tasks relating to FBI investigations. These individuals are in positions to access information concerning official law enforcement investigations. They could therefore become targets of harassing inquiries for unauthorized access to FBI investigations if their identities were released. There is no legitimate public interest to be served in releasing the names and identifying information of the FBI support personnel in these investigative records concerning foreign detainees to the public. Accordingly, the FBI has properly withheld this identifying information of FBI Special Agents and support personnel from disclosure pursuant to FOIA Exemption (b)(7)(C).

### Names and Identifying Information of the Personnel of Other Government Agencies

(82)    FOIA Exemption (b)(7(C) has been asserted in conjunction with (b)(6) to exempt from disclosure the names and identifying information of the personnel of other United States Government agencies who also participated in the investigative activities reported in these FBI documents and the FBI information contained in the DOD documents. These other Government agencies include elements of DOD. Publicity, adverse or otherwise, concerning their investigative participation in any particular FBI investigation would seriously impair their

-41-

effectiveness in assisting or participating in future investigations. The privacy consideration also

protects these individuals from unnecessary, unofficial questioning as to these investigations. It

is possible for a person targeted by such law enforcement action to carry a grudge which may last

for years, and to seek revenge on the personnel involved in the criminal, counterterrorism and

national security investigations included in these FBI documents and FBI information. The

publicity associated with the release of their names and identifying information in connection

with a particular investigation could trigger hostility towards them by such persons. There is no

legitimate public interest to be served in the disclosure of the names and identifying information

of the personnel of other Government agencies in these investigative records concerning foreign

detainees to the public. Accordingly, the FBI has properly withheld the names and identifying

information of these personnel from disclosure pursuant to FOIA Exemption (b)(7)(C).

### Names and Identifying Information of Individuals, Including Foreign Detainees, Interviewed by the FBI

(83)    FOIA Exemption (b)(7)(C) has been asserted in conjunction with (b)(6) to

exempt from disclosure the names and identifying information of individuals, including foreign

detainees, who have been interviewed by the FBI in connection with the criminal,

counterterrorism and national security  investigations reported in these records.

(84)    Information provided by individuals during an interview is one of the most

productive investigative tools utilized by law enforcement agencies. The largest roadblock in

successfully obtaining the desired information through an interview is the fear by the interviewee

of their identity possibly being exposed and, consequently, being harassed, intimidated or

threatened with legal or economic reprisal, or possible physical harm. In order to surmount these

-42-

obstacles, persons interviewed must be assured that their identities will be held in the strictest confidence by the FBI. The continued access to persons willing to honestly relate pertinent facts bearing upon a particular investigation outweighs any benefits derived from releasing the identities of these individuals. To release the identities of these individuals interviewed by the FBI could not only constitute an unwarranted invasion of their personal privacy, but could subject these individuals to harassment, embarrassment, intimidation, or result in undue public attention. Thus, the FBI determined that the disclosure of the names and identifying information of these individuals could reasonably be expected to constitute an unwarranted invasion of their personal privacy. After identifying the substantial privacy interests of these individuals, the FBI balanced their interests against the public interest in disclosure. The FBI could not identify any legitimate public interest in release of this identifying information since it would not shed any light on the operations and activities of the FBI. Accordingly, the FBI has properly withheld their names and identifying information pursuant to FOIA Exemption (b)(7)(C).

### Names and Identifying Information of Individuals Who Are of Investigative Interest to the FBI

(85)    FOIA Exemption (b)(7)(C) has been asserted in conjunction with (b)(6) to exempt from disclosure the names and identifying information of third party individuals in whom the FBI has an investigative interest in the context of the criminal, counterterrorism and national security investigations reported in these records. Being linked with any law enforcement investigation carries a strong negative connotation. To release the identities of these individuals to the public in the context of an FBI criminal investigation could subject them to harassment or embarrassment, as well as undue public attention. The personal privacy interests of these

-43-

individuals would be severely infringed upon if their identities were released in the context of these FBI investigations as individuals of investigative interest to the FBI. After identifying the substantial privacy interests of these individuals, the FBI balanced their interests against the public interest in disclosure. The FBI could not identify any legitimate public interest in release of this identifying information since it would not shed any light on the operations and activities of the FBI. Accordingly, the FBI has properly withheld their names and identifying information pursuant to FOIA Exemption (b)(7)(C).

### Names and Identifying Information of Individuals Who are Merely Mentioned in FBI Records

(86)    FOIA Exemption (b)(7)(C) has been asserted in conjunction with (b)(6) to exempt from disclosure the names and identifying information of individuals who are only incidentally mentioned in these FBI documents and the FBI information in DOD documents. To release the identities of these third party individuals who are merely mentioned in the context of the criminal, counterterrorism and national security investigations reported in these records would not shed any light on the FBI's performance of its statutory duties with respect to these investigations. However, the disclosure of their identities could cause unsolicited and unnecessary attention to be focused on these individuals and/or their family members. The mention of their identities in the context of an FBI criminal, counterterrorism or national security investigation could cast them in an unfavorable or negative light if released to the public. Thus, these individuals have a strong privacy interest in the protection of such personal information. After identifying the substantial privacy interests of these individuals, the FBI balanced their interests against the public interest in disclosure. The FBI could not identify any legitimate

public interest in release of this identifying information since it would not shed any light on the
operations and activities of the FBI. Accordingly, the FBI has properly withheld their names and
identifying information pursuant to FOIA Exemption (b)(7)(C).

### FOIA EXEMPTION (b)(7)(D)
### CONFIDENTIAL SOURCE MATERIAL: IDENTITIES OF SOURCES AND
### INFORMATION PROVIDED BY SOURCES

(87)    5 U.S.C. § 552(b)(7)(D) provides protection for:

> records or information compiled for law enforcement purposes, but
> only to the extent that the production of such law enforcement
> records or information . . . could reasonably be expected to disclose
> the identity of a confidential source, including a State, local or
> foreign agency or authority or any private institution which
> furnished information on a confidential basis, and, in the case of a
> record or information compiled by criminal law enforcement
> authority in the course of a criminal investigation, or by an agency
> conducting a lawful national security intelligence investigation,
> information furnished by a confidential source . . . .

(88)    Numerous confidential sources report to the FBI on a regular basis and are
"informants" within the common definition of the term and they provide information under
express assurances of confidentiality. Other individuals are interviewed under circumstances
from which assurance of confidentiality can be inferred. These persons are considered to be
confidential sources since it is believed that they furnish information only with the understanding
that their identities and the information provided by them will not be divulged outside the FBI. It
is only with the understanding of complete confidentiality (whether express or implied) that the
aid of such sources can be enlisted, and only through this confidence that these sources can be
persuaded to continue providing valuable assistance in the future.

(89)    In the aftermath of the terrorist attacks on September 11, 2001, FBI Special

Agents and support personnel were deployed around the world to interview detained terrorist

suspects in GTMO, Afghanistan, Iraq and other locations. FBI personnel interviewed these

foreign detainees to gather valuable intelligence information about terrorist organizations. As a

result of their detention, the detainees were placed directly in positions that could subject them to

acts of violent reprisals if the intelligence information they provided to the FBI were disclosed.

The FBI has learned through experience that individuals who provide information to the FBI

must be free to do so without fear of reprisal. The FBI has also learned that individuals who

provide information to the FBI must be free to furnish that information with complete candor and

without the understandable tendency to hedge or withhold information because of fear that their

names or their cooperation with the FBI will later be made public. Those individuals who

provide information to the FBI should be secure in the knowledge that their assistance and their

identities will be held in confidence.

(90)    Releasing the intimate and specific information provided by these confidential

sources, including foreign detainees, would be likely to reveal their identities. The release of a

source's identity to the public would forever eliminate that source as a future means of obtaining

information and providing valuable assistance in the future. Furthermore, there is no legitimate

public interest to be served in releasing the names and/or identifying data of these individuals

who provided information to the FBI during the criminal, counterterrorism and national security

investigations in these records. Thus, the identities of these confidential sources and any specific

information provided by them which would identify them has been withheld from disclosure.

### Names and Identifying Information of Individuals, Including Foreign Detainees, Who Provided Information to the FBI under an Implied Assurance of Confidentiality

(91)     FOIA Exemption (b)(7)(D) has been asserted to exempt from disclosure the names and identifying information of individuals, including foreign detainees, who were interviewed and provided information to the FBI under implied assurances of confidentiality in the course of the criminal, counterterrorism and national security investigations reported in these records. Individuals have been interviewed by the FBI in the course of these investigations who were in positions to possess specific information about the background and activities of terrorist subjects and/or possess information concerning potential criminal or terrorist activities. These individuals have provided valuable information during the course of these investigations and it can be inferred from the nature of these investigations that these individuals were interviewed under circumstances from which an assurance of confidentiality may be implied. The nature of these investigations leads to a reasonable inference that the individuals, including foreign detainees, who assisted the FBI by providing information would expect an assurance of confidentiality that their identities and cooperation would not be disclosed to plaintiff and the public.

(92)     These individuals provided valuable intelligence information about terrorist organizations which have long histories of violent and deadly attacks on individuals. Some of these individuals, including foreign detainees, who provided valuable intelligence information to the FBI were privy to the inner workings of these terrorist organizations. Inasmuch as these terrorist organizations have a well-documented history of violence, the individuals who provided

-47-

intelligence information to the FBI would naturally expect that their identities, and any

information that they provided which, by its nature and content, could reasonably be expected to

identify them would not be released to the general public. Because these individuals possess

first-hand knowledge of the inner workings of these violent terrorist organizations, it is

reasonable to infer that they expected that their identities would not be disclosed. Furthermore,

because of the inherently violent nature of terrorism, these individuals who provided specific

information about these terrorist organizations and suspects would reasonably and justifiably fear

violent reprisals or retaliation by these terrorist organizations. In this case, because these

individuals provided information about violent terrorist organizations, whose violent nature is

evidenced by murders and attempted murders of thousands of individuals, there is a high

probability of the risk of violent reprisals against these individuals or their families by these

terrorist organizations. Accordingly, it is reasonable to infer that each of these individuals that

provided information to the FBI did so under circumstances from which an assurance of

confidentiality may be implied.

(93) Interviews conducted under such assurances of confidentiality warrant the

protection of the identities of these interviewees as well as the information that they provided to

the FBI. If the identities of these persons were released, both they and their family members

could be subjected to embarrassment, humiliation or possible mental or physical harm if their

assistance to the FBI became publicly known. Therefore, the identities of these persons who

provided information to the FBI under an implied assurance of confidentiality and any

information that they provided which could ultimately identify them was withheld from

-48-

disclosure. Accordingly, the FBI has properly withheld their names and identifying information

pursuant to FOIA Exemption (b)(7)(D).

## FOIA EXEMPTION (b)(7)(E)

## INVESTIGATIVE TECHNIQUES AND PROCEDURES

(94)     5 U.S.C. § 552 (b) (7) (E) provides for the withholding of:

> records or information compiled for law enforcement purposes, but
> only to the extent that the production of such law enforcement
> records or information . . . (E) would disclose techniques and
> procedures for law enforcement investigations or prosecutions, or
> would disclose guidelines for law enforcement investigations or
> prosecutions if such disclosure would reasonably be expected to
> risk circumvention of the law. . . .

(95)     Exemption (b)(7)(E) has been asserted in conjunction with Exemption (b)(2)

(high) to protect certain sensitive information in certain SITREPs, Interrogation Plans, and

Polygraph Report. This information, if it were to be released, could risk circumvention of

sensitive law enforcement techniques. Release of this type of information would reveal many of

the specific inner workings of law enforcement interrogation plans and polygraph techniques

which FBI SAs have been using effectively to obtain valuable information from numerous

GTMO detainees. Release of this type of information would reveal not only the specific details

of how the FBI conducts its interrogations and polygraph interviews, but would also result in the

release of sensitive intelligence-gathering and reporting of those law enforcement and

intelligence efforts in its SITREPs. Such a release of information would expose the FBI to the

possibility that savvy individuals could reasonably impede the effectiveness of the FBI's

interrogation plans and polygraph testing, and allow savvy terrorists to educate themselves about

-49-

the FBI's various sensitive interrogation and polygraph techniques, allowing them to take countermeasures in an effort to circumvent the effectiveness of those techniques. This in turn could likely jeopardize future FBI participation and effectiveness in the interrogation of – and gathering of intelligence from – the GTMO detainees. Accordingly, because disclosure of this type of information could reasonably be expected to risk circumvention of law, the FBI has properly protected this information pursuant to Exemption (b)(7)(E) in conjunction with Exemption (b)(2) (high).

## CONCLUSION

(96)    The FBI has carefully examined the DOD-referred FBI documents and information in this matter and has determined that all of the FBI information is exempt in full pursuant to Exemption (b)(7)(A), 5 U.S.C. § 552(b)(7)(A). The FBI has determined that there is no public source information in these documents which can be released to plaintiff. Each document was individually reviewed for segregability of non-exempt information and it was determined that no reasonably segregable piece of information could be released to plaintiff. As demonstrated above, the information withheld pursuant to Exemption (b)(1) consists of information which the FBI has classified at the "Secret" level, since unauthorized disclosure reasonably could be expected to cause serious damage to the national security, and reveal: foreign government information; intelligence activities, sources or methods, and foreign relations or foreign activities of the United States, including confidential sources. In addition, release of the DOD-referred information would reveal: internal FBI telephone numbers and facsimile numbers, an FBI investigative code name, DOD detainee numbers, internal FBI sensitive

investigative information which, if released, could risk circumvention of these law enforcement techniques; grand jury information; information which constitutes a clearly unwarranted and unwarranted invasion of privacy; and confidential source material. As a result, the FBI has determined that, in addition to FOIA Exemption (b)(7)(A), the FBI information contained in these DOD-referred documents is also exempt from disclosure pursuant to FOIA Exemptions (b)(1), (b)(2)(low) and (high), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E), 5 U.S.C. §§ 552(b)(1), (b)(2), (b)(3), (b)(6), (b)(7)(C)), (b)(7)(D) and (b)(7)(E).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through L attached hereto are true and correct copies.

Executed this 31st day of July, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, VA

# Exhibits A - L

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MOHAMMEDOU OULD SLAHI,          )
                               )
                               )
                               )
              Plaintiff,        )
                               )          Civ. A. No. 1:06-CV-00597-JR
          v.                    )
                               )
U. S. DEPARTMENT OF DEFENSE,    )
                               )
                               )
              Defendant.        )
                               )
                               )

# EXHIBIT A

# SECRET//NOFORN/ORCON



## DEFENSE INTELLIGENCE AGENCY

### WASHINGTON, D.C. 20340-5100



JUL **2 5** 2007

S-7,069-07/DAN-1A(FOIA)

TO:     Mr. David M. Hardy, Section Chief
        Records Information/Dissemination Section
        Records Management Division
        Federal Bureau of Investigation
        935 Pennsylvania Ave., NW
        Washington, D.C. 20535

SUBJECT:    Freedom of Information Act (FOIA) Litigation Referral of Sylvia Royce
            Our Case #0555-2007

(U) 1.  The attached FOIA request is currently the subject of an ongoing FOIA litigation with the Department of Defense. Please see attachment 1 for guidance on the handling of this request.

(U) 2.  In processing the enclosed request, 41 documents were located which originated with your agency. They are forwarded for your review and direct response to the requester.

FOR THE DIRECTOR:

3 Enclosures                            Margaret A. Bestrain
1. DoD referral memo w/atch (U)         Chief, Public Access Branch
2. Document Inventory
3. Documents - 41 (S//NF/OC)

**WHEN SEPARATED FROM
ENCLOSURES THIS DOCUMENT
BECOMES UNCLASSIFIED**

# SECRET//NOFORN/ORCON

SYLVIA ROYCE
ATTORNEY AT LAW
5505 CONNECTICUT AVENUE, NW, #340
WASHINGTON, DC 20015

SYLVIA_ROYCE@HOTMAIL.COM

TELEPHONE
(202) 362-3445

FACSIMILE
(202) 966-4271

May 26, 2005

James Hogan
Office of Freedom of Information/Security Review
Department of Defense
Room 2C757
1155 Defense Pentagon
Washington, DC  20301-1155

Re:    Freedom of Information Act Request

Dear Mr. Hogan:

This is a request under 5 U.S.C. § 552 et seq. as amended, for records relating to

**Mohamedou Ould Slahi aka Mohammedou Ould Salahi,**
born in Mauritania in approximately 1970.

Our request for records includes, but is not limited to, memoranda, inter-agency communications, case summaries, notes, indexes, jottings, message slips, letters, facsimile transmissions, diaries, E-Mails and calendars.

I represent Slahi in Civil Case number 1:05-0569 (JR) in the U.S. District Court for the District of Columbia.

I will pay reasonable copying costs. Kindly advise me if the cost of copying will exceed $25.

If you deny all or any part of this request, please cite each specific exemption you think justifies your refusal to release the information and notify me of appeal procedures available under the law.

Slahi FOIA request, page 8 (DOD)

If you have any questions about handling this request, please telephone me at (202) 362-3445.

Sincerely,

Sylvia Royce

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMEDOU OULD SLAHI, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| U. S. DEPARTMENT OF DEFENSE, | ) ) ) |
| Defendant. | ) ) ) ) |

Civ. A. No. 1:06-CV-00597-JR

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MS SYLVIA ROYCE
Suite 340
5505 CONNECTICUT AVENUE
WASHINGTON, DC 20015

November 8, 2007

Request No.: 1086910- 000
Subject: SLAHI, MOHAMEDOU OULD

Dear Ms. Royce:

　　While processing your Freedom of Information Act (FOIA) request, the Department of Defense Intelligence Agency located FBI information in their records. This material was referred to the FBI for direct response to you.

　　After reviewing this material it was determined that these documents which consist of 247 pages are exempt from disclosure in their entirety pursuant to the following subsections of Title 5, United States Code, Section 552: (b)(1),(b)(2), (b)(6), (b)(7)(A), and (b)(7)(C).

　　You may appeal any denials by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530- 0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may easily be identified.

　　　　　　　　Sincerely yours, .

　　　　　　　　David M. Hardy
　　　　　　　　Section Chief,
　　　　　　　　Record/Information
　　　　　　　　　Dissemination Section
　　　　　　　　Records Management Division

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(i)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MOHAMMEDOU OULD SLAHI,                    )
                                          )
                                          )
                                          )
        Plaintiff,                        )
                                          )          Civ. A. No. 1:06-CV-00597-JR
            v.                            )
                                          )
U. S. DEPARTMENT OF DEFENSE,              )
                                          )
                                          )
        Defendant.                        )
                                          )
                                          )

# EXHIBIT C

**SECRET//NOFORN//MR**



**DEPARTMENT OF THE ARMY**
UNITED STATES ARMY INTELLIGENCE AND SECURITY COMMAND
FREEDOM OF INFORMATION/PRIVACY OFFICE
FORT GEORGE G. MEADE, MARYLAND 20755-5995

**REPLY TO
ATTENTION OF:**

S: 5 October 2007

IAMG-CIC-FOI/PO (25-55a)                                    14 September 2007

MEMORANDUM FOR Federal Bureau of Investigation, (FOIA/PA Section), 935 Pennsylvania Avenue, N.W., Room 6296, Washington, DC  20535-0001

SUBJECT:  Freedom of Information Act (FOIA) Litigation Request  -  Ms. Sylvia Royce, FOIA #592F-07

1. References:

   a.  This office has received a FOIA Litigation request from Ms. Sylvia Royce, to the Department of Defense, Office of Freedom of Information (DOD, FOI), for records relating to:

   Mohamedou Ould Slahi aka Mohammedou Ould Salahi, born in
   Mauritania in approximately 1970.

   The records should include, but not limited to, memoranda, interagency communications, case summaries, notes, indexes, jottings, message slips, letters, facsimile transmissions, diaries, e-mails and calendars. The DOD, FOI, forwarded the litigation request to this office for a search of the Army holdings. This correspondence was received in this office on 16 August 2007 (Encl 1).

   b.  On 6 September 2007, additional records were located and forwarded to this office for our review and releasability of the records to the requester.

2.  In reviewing the Department of the Army intelligence investigative records responsive to the request, we have identified the enclosed records as containing information under the purview of your agency. Please review the records (Encl 2) for your equities and provide this office with your recommendations regarding the security classification/releasability of the information to the requester and return them to this office no later than 5 October 2007.

3.  Please expedite this FOIA Litigation.

**SECRET//NOFORN//MR**    REGRADED UNCLASSIFIED
WHEN SEPARATED FROM
CLASSIFIED ENCLOSURES

IAMG-CIC-FOI/PO
SUBJECT: Freedom of Information Act (FOIA) Litigation Request - Ms. Sylvia Royce, FOIA #592F-07

4. The requester has not been notified of this referral action (Encl 3).

5. Request Section E of the DA Form 3964 be completed and the form returned to this office.

6. If you have any questions regarding this action, feel free to contact Mrs. Querry at (301) 677-4060 or electronically at kathleen.querry@mi.army.mil. Please refer to the case number cited above.

FOR THE COMMANDER:

3 Encls

SUSAN J. BUTTERFIELD
Director
Freedom of Information/Privacy Office
Investigative Records Repository

2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MOHAMMEDOU OULD SLAHI,                    )
                                          )
                                          )
                                          )
        Plaintiff,                        )
                                          )        Civ. A. No. 1:06-CV-00597-JR
        v.                                )
                                          )
U. S. DEPARTMENT OF DEFENSE,              )
                                          )
                                          )
        Defendant.                        )
                                          )
                                          )

# EXHIBIT D



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 8, 2007

ᴏ

To:     Commander
        USA Intelligence and Security Command
        Freedom of Information and Privacy Office
        4552 Pike Road
        Fort George G. Meade, Maryland 20755-5995

From:   David M. Hardy
        Record/Information Dissemination Section
        Records Management Division

Subject: FOI/PA Request of *Attorney Sylvia Royce*

        FBI FOI/PA # 1093587- 000 Re:  Mohamedou Ould Slahi

        This is in response to your letter dated *September 14, 2007*, requesting the FBI to make a

disclosure determination regarding FBI information contained in the attached Army document(s).

        After reviewing the information, we recommend that all of the information be withheld pursuant to

following subsections of Title 5, United States Code, Section 552:  (b)(7)(A), (b)(1), (b)(6) and (b)(7)(C).

        If you have any questions, please call Mr. Charles Lady at 202-324-1081 or Mr. Joel D. Miller at

202-220-9310.

        Enclosure

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMEDOU  OULD SLAHI, ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | Civ. A. No. 1:06-CV-00597-JR |
| ) | |
| v. ) | |
| ) | |
| U. S. DEPARTMENT OF DEFENSE, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

# EXHIBIT E

# SECRET



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

28 MAR 2008

Ref:    05-F-1835

MEMORANDUM FOR FEDERAL BUREAU OF INVESTIGATION
                                RECORDS INFORMATION DISSEMINATION
                                SECTION
                                935 PENNSYLVANIA AVE., NW
                                WASHINGTON, DC  20535

SUBJECT:  Freedom of Information Act (FOIA) Litigation – Ms. Sylvia Royce

The attached request, complaint and responsive documents are forwarded as a matter under your cognizance.  The attached documents originating with your agency was identified to be responsive to the above litigation  Please review the documents, bracket any information you determine not releasable and return them to this office.  Because this issue is in litigation, we must receive your determination(s) as soon as possible, as they are due to the court on March 31, 2008.

Our action officer is Stephen Fisher; e-mail, Stephen.Fisher@whs.mil; secure e-mail, Stephen.Fisher@whs.pentagon.smil.mil; phone (703) 696-4697. Office of General Counsel's contact is Mr. David Bennett, e-mail, bennettd@dodgc.osd.mil; secure e-mail, David.bennett@osd.smil.mil; phone (202) 762-0550 ext 201.

James P. Hogan
Chief, FOIA Policy, Appeals, and Litigation

Attachments:
As stated

# SECRET

UPON REMOVAL OF ATTACHMENT(S)
DOCUMENT BECOMES UNCLASSIFIED

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMEDOU OULD SLAHI,<br><br>Plaintiff,<br><br>v.<br><br>U. S. DEPARTMENT OF DEFENSE,<br><br>Defendant. | ) )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civ. A. No. 1:06-CV-00597-JR

# EXHIBIT F



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 17, 2008

To:      Department of Defense
            Mr. James P Hogan
            Office of Freedom of Information
            1155 Defense Pentagon
            Washington, DC 20301-1155

From:    David M. Hardy
            Record/Information Dissemination Section
            Records Management Division

Subject:  FOIA Litigation Request of *Ms Sylvia Royce, Attorney Representing Slahi*

            *DOD Reference No. 05-F-1835*

            FBI FOIPA Request No.1093587- 001- Records concerning Mohamedou Ould *Slahi*

        This is in response to your letter dated *March 28, 2008*, requesting that the FBI make a disclosure determination regarding the FBI information contained in the enclosed FBI documents.

        After reviewing the information, we recommend that:

          ⊠   all of the information be withheld pursuant to subsection(s)

              *(j) (2), (b) (7) (A), (b) (1), (b) (2), (b) (6), (b) (7) (C), and (b) (7) (E)* of Title 5, United States Code, Section(s) 552/552a.

        Please note that we have enclosed both a Redacted (See Through) Version for your information and a Redacted (Release) Version of the FBI documents.

        If you have any questions, please contact Kathy Wilson of my staff at (202) 324-8429.

After May 2, 2008, please Contact Mr. Charles Lady at (202) 324-1081.

        Enclosures (2)

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MOHAMMEDOU OULD SLAHI,        )
                             )
                             )
                             )
          Plaintiff,         )
                             )          Civ. A. No. 1:06-CV-00597-JR
        v.                   )
                             )
U. S. DEPARTMENT OF DEFENSE, )
                             )
                             )
        Defendant.           )
                             )
                             )

# EXHIBIT G



**DEPARTMENT OF DEFENSE**
**OFFICE OF FREEDOM OF INFORMATION**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

2 1 SEP 2007

Ref: 05-F-1835

MEMORANDUM FOR FEDERAL BUREAU OF INVESTIGATION
RECORDS INFORMATION DISSEMINATION
SECTION
935 PENNSYLVANIA AVE., NW
WASHINGTON, DC 20535

SUBJECT: Freedom of Information Act (FOIA) Litigation – Ms. Sylvia Royce

The attached request, complaint and responsive document is forwarded as a matter
under your cognizance. The attached document originating with your agency was
identified to be responsive to the above litigation  Please review the document, and
respond directly to the requester.

Our action officer is Stephen Fisher; e-mail, Stephen.Fisher@whs.mil; secure e-
mail, Stephen.Fisher@whs.pentagon.smil.mil; phone (703) 696-4697. Office of General
Counsel's contact is Mr. David Bennett, e-mail, bennettd@dodgc.osd.mil; secure e-mail,
David.bennett@osd.smil.mil; phone (703) 571-0356.

James P. Hogan
Chief, FOIA Policy, Appeals, and Litigation

Attachments:
As stated

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MOHAMMEDOU OULD SLAHI,          )
                               )
                               )
                               )
        Plaintiff,             )
                               )        Civ. A. No. 1:06-CV-00597-JR
        v.                     )
                               )
U. S. DEPARTMENT OF DEFENSE,   )
                               )
                               )
        Defendant.             )
                               )
                               )

# EXHIBIT H



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MS SYLVIA ROYCE
ATTORNEY AT LAW
SUITE 340
5505 CONNECTICUT AVENUE NORTHWEST
WASHINGTON, DC 20015

November 8, 2007

Request No.: 1097031- 000
Subject: SLAHI, MOHAMMEDOU OULD

Dear Ms. Royce:

While processing your Freedom of Information Act (FOIA) request, the Department of Defense located FBI information in their records. This material was referred to the FBI for direct response to you.

After reviewing this material which consists of a two page document , it was determined, that the document is being denied in its entirety pursuant to the following subsections of Title 5, United States Code, Section 552: (b)(2), (b)(6), (b)(7)(A), (b)(7)(C) and ((b)(7)(E).

You may appeal any denials by writing to the Director, Office of Information and Privacy, United States department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cit the FOIPA number assigned to your request so that it may be easily identified.

Sincerely yours,

David M. Hardy

Section Chief,
Record/Information
 Dissemination Section
Records Management Division

**EXPLANATION OF EXEMPTIONS**

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MOHAMMEDOU  OULD SLAHI,      )
                            )
                            )
                            )
        Plaintiff,          )
                            )           Civ. A. No. 1:06-CV-00597-JR
        v.                  )
                            )
U. S. DEPARTMENT OF DEFENSE, )
                            )
                            )
        Defendant.          )
                            )
                            )

# EXHIBIT I

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

May 16, 2008

To:         James P. Hogan
            Chief, FOIA Policy, Appeals and Litigation
            Department of Defense
            Office of Freedom of Information
            1155 Defense Pentagon
            Washington, DC 20301-1155

            Attention: Stephen Fisher

From:       David M. Hardy
            Record/Information Dissemination Section
            Records Management Division

Subject:    FOI/PA Request of *Sylvia Royce, Esq.*

            FBI FOI/PA #   1097031- 001 Re: *Mohammedou Slahi*

            This is in response to your letter dated *TYPE TEXT* requesting the FBI to make a
disclosure determination regarding the bracketed information contained in the attached *246 pages of*
document(s).

            After reviewing the information, we recommend that:

            ☐   all of the information be disclosed.

            ☒   all of the information be withheld pursuant to subsection(s) (b)(1), (b)(2), (b)(3),

                *(b)(6), (b)(7)(A), (b)(7)(C) and (b)(7)(D)* of Title 5, United States Code, Section(s)

                552/552a. The withholding statute for Exemption (b)(3) is Rule (6)(e) of the Federal

                Rules of Criminal Procedure.

            ☐   part of the information, highlighted in yellow, should be withheld pursuant to

                subsection(s), of Title 5, United States Code, Section 552/552a.  The remainder of
                the information may be disclosed.

            ☐   The requester may appeal any denials made be the FBI.  In your response please
                advise the  requester the appeal should be directed in writing to the Director, Office of
                Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050,
                Washington, D.C.  20530-0001, within sixty days from the receipt of your letter
                The envelope and the letter should be clearly marked "Freedom of Information Appeal"
                or "Information Appeal" and the FBI's FOIPA number should be cited.

            Please call *Charles Lady* of my staff at (202) 324 - 1081 if you have any questions.

            Remarks:  This FOIA matter is currently in litigation in the USDC for the District of Columbia
            as <u>Slahi v. DOD,</u> Civil Action No. 06-CV-0597 (JR).

Enclosures-(2)

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMEDOU OULD SLAHI,<br><br>Plaintiff,<br><br>v.<br><br>U. S. DEPARTMENT OF DEFENSE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civ. A. No. 1:06-CV-00597-JR

# EXHIBIT J



# SECRET

## DEPARTMENT OF DEFENSE
### OFFICE OF FREEDOM OF INFORMATION
### 1155 DEFENSE PENTAGON
### WASHINGTON, DC 20301-1155

2  J MAY 2008

Ref: 05-F-1835

MEMORANDUM FOR FEDERAL BUREAU OF INVESTIGATION
RECORDS INFORMATION DISSEMINATION
SECTION ATTENTION CHARLES LADY
935 PENNSYLVANIA AVE., NW
WASHINGTON, DC 20535

SUBJECT: Freedom of Information Act (FOIA) Litigation – Ms. Sylvia Royce

The attached responsive documents are forwarded as a matter under your cognizance. The attached documents originating with your agency was identified to be responsive to the above litigation. Please review the documents, bracket any information you determine not releasable and return them to this office. Because this issue is in litigation, we must receive your determination(s) as soon as possible, as they are due to the court on May 23, 2008.

Our action officer is Stephen Fisher; e-mail, Stephen.Fisher@whs.mil; secure e-mail, Stephen.Fisher@whs.pentagon.smil.mil; phone (703) 696-4697. Office of General Counsel's contact is Mr. David Bennett, e-mail, bennettd@dodgc.osd.mil; secure e-mail, David.bennett@osd.smil.mil; phone (202) 762-0550 ext 201.

James P. Hogan
Chief, FOIA Policy, Appeals, and Litigation

Attachments:
As stated

# SECRET

UPON REMOVAL OF ATTACHMENT(S)
DOCUMENT BECOMES UNCLASSIFIED

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMEDOU OULD SLAHI, ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. A. No. 1:06-CV-00597-JR |
| v. ) | |
| ) | |
| U. S. DEPARTMENT OF DEFENSE, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

# EXHIBIT K

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

To:     Mr. James Hogan                                                July 24, 2008
        Chief, FOIA Policy, Appeals and Litigation
        Department of Defense
        Office of Freedom of Information
        1155 Defense Pentagon
        Washington, D.C. 20301-1155

        Attention: Mr. Stephen Fisher

From:   David M. Hardy
        Record/Information Dissemination Section
        Records Management Division

Subject:    FOI/PA Request of *Sylvia Royce, Esq.*

        FBI FOI/PA #   1116090- 000 Re: *Slahi, Mohammedou Ould*

        This is in response to your letter dated *May 20, 2008* (copy enclosed) requesting the
        FBI to make a disclosure determination regarding the bracketed information contained in
        the attached *52 pages of* document(s).

        After reviewing the information, we recommend that:

        ☐   all of the information be disclosed.

        ☐   all of the information be withheld pursuant to subsection(s) of Title 5,

            United States Code, Section(s) 552/552a.

        ☒   part of the information, should be withheld pursuant to subsections: (b)(1), (b2),
        (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D) and (b)(7)(E) of Title 5, United States Code, Section
        552/552a. **The remainder of the information may be disclosed.**

        ☐   The requester may appeal any denials made be the FBI. In your response please
            advise the  requester the appeal should be directed in writing to the Director, Office of
            Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050,
            Washington, D.C.  20530-0001, within sixty days from the date of your letter
            The envelope and the letter should be clearly marked "Freedom of Information Appeal"
            or "Information Appeal" and the FBI's FOIPA number should be cited.

        Please call John A. Culbreth of my staff at 202-324-0440 if you have any questions..

        Remarks:  This FOIA matter is currently in litigation in the USDC for the District of Columbia
                  as <u>Slahi v. DOD,</u> Civil Action No.06-CV-0597 (JR).

Enclosuures - 2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MOHAMMEDOU OULD SLAHI, )
)
)
)
Plaintiff, )
)            Civ. A. No. 1:06-CV-00597-JR
v. )
)
U. S. DEPARTMENT OF DEFENSE, )
)
)
Defendant. )
)
)

# EXHIBIT L

**Slahi:  Documents Referred By DIA**
**FBI FOIPA No. 1086910-000**

| Doc. # | Document | Date | FOIA Exemption(s) | Status | Page |
|--------|----------|------|-------------------|--------|------|
| 1 | FBI IIR - Interview | 4-07 | 1, 6, 7(A), 7(C) | w/held in full | 37 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 38 |
| 2 | FBI IIR - Interview | 3-06 | 6, 7(A), 7(C) | w/held in full | 39 |
| | | | 2, 7(A) | w/held in full | 40 |
| 3 | FBI IIR - Interview | 1-06 | 6, 7(A), 7(C) | w/held in full | 41 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 42 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 43 |
| | | | 7(A) | w/held in full | 44 |
| 4 | FBI IIR - Interview | 7-05 | 1, 6, 7(A), 7(C) | w/held in full | 45 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 46 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 47 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 48 |
| 5 | FBI IIR - Interview | 7-05 | 1, 6, 7(A), 7(C) | w/held in full | 49 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 50 |
| | | | 6, 7(A), 7(C) | w/held in full | 51 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 52 |
| | | | 6, 7(A), 7(C) | w/held in full | 53 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 54 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 55 |
| 6 | FBI IIR - Interview | 7-05 | 1, 6, 7(A), 7(C) | w/held in full | 56 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 57 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 58 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 59 |
| 7 | FBI IIR - Interview | 12-05 | 1, 6, 7(A), 7(C) | w/held in full | 60 |

| | | | | | |
|---|---|---|---|---|---|
| | | | 1, 6, 7(A), 7(C) | w/held in full | 61 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 62 |
| | | | 7(A) | w/held in full | 63 |
| 8 | FBI IIR- Interview | 12-05 | 6, 7(A), 7(C) | w/held in full | 64 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 65 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 66 |
| | | | 7(A) | w/held in full | 67 |
| 9 | FBI IIR - Interview | 1-06 | 6, 7(A), 7(C) | w/held in full | 68 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 69 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 70 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 71 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 72 |
| 10 | FBI IIR - Interview | 1-06 | 6, 7(A), 7(C) | w/held in full | 73 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 74 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 75 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 76 |
| 11 | FBI IIR - Interview | 3-06 | 1, 6, 7(A), 7(C) | w/held in full | 77 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 78 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 79 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 80 |
| 12 | FBI IIR - Interview | 10-06 | 1, 6, 7(A), 7(C) | w/held in full | 81 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 82 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 83 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 84 |
| 13 | FBI IIR - Interview | 6-04 | 6, 7(A), 7(C) | w/held in full | 85 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 86 |

2

| | | | 1, 6, 7(A), 7(C) | w/held in full | 87 |
|---|---|---|---|---|---|
| | | | 2, 6, 7(A), 7(C) | w/held in full | 88 |
| 14 | FBI IIR - Interview | 9-03 | 7(A) | w/held in full | 89 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 90 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 91 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 92 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 93 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 94 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 95 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 96 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 97 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 98 |
| 15 | FBI IIR - report | 11-03 | 7(A) | w/held in full | 109 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 110 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 111 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 112 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 113 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 114 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 115 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 116 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 117 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 118 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 119 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 120 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 121 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 122 |

3

| | | | | | |
|---|---|---|---|---|---|
| | | | 1, 6, 7(A), 7(C) | w/held in full | 123 |
| 16 | FBI IIR - Report | 3-05 | 1, 6, 7(A), 7(C) | w/held in full | 124 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 125 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 126 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 127 |
| 17 | FBI IIR - Report | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 128 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 129 |
| 18 | FBI IIR - Report | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 130 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 131 |
| 19 | FBI IIR - Report | 6-05 | 1, 6, 7(A), 7(C) | w/held in full | 132 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 133 |
| 20 | FBI IIR - Report | 6-05 | 1, 6, 7(A), 7(C) | w/held in full | 134 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 135 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 136 |
| | | | 7(A) | w/held in full | 137 |
| 21 | FBI IIR - Report | 6-05 | 1, 2, 6, 7(A), 7(C) | w/held in full | 138 |
| | | | 7(A) | w/held in full | 139 |
| 22 | FBI IIR - Interview | 6-05 | 1, 6, 7(A), 7(C) | w/held in full | 140 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 141 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 142 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 143 |
| 23 | FBI IIR - Interview | 6-05 | 1, 6, 7(A), 7(C) | w/held in full | 144 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 145 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 146 |
| 24 | FBI IIR - Interview | 6-05 | 7(A) | w/held in full | 2 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 3 |

4

| | | | | | |
|---|---|---|---|---|---|
| | | | 1, 6, 7(A), 7(C) | w/held in full | 4 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 5 |
| | | | 6, 7(A), 7(C) | w/held in full | 6 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 7 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 8 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 9 |
| 25 | FBI IIR - Report | 6-05 | 1, 2, 6, 7(A), 7(C) | w/held in full | 162 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 163 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 164 |
| | | | 7(A) | w/held in full | 165 |
| 26 | FBI IIR - Interview | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 166 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 167 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 168 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 169 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 170 |
| 27 | FBI IIR - Interview | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 175 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 176 |
| | | | 1, [6], 7(A), 7(C) | w/held in full | 177 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 178 |
| 28 | FBI IIR - Interview | 6-05 | 1, 6, 7(A), 7(C) | w/held in full | 180 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 181 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 182 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 183 |
| | | | 2, 6, 7(A), 7(C) | w/held in full | 184 |
| 29 | FBI IIR - Interview | 6-05 | 6, 7(A), 7(C) | w/held in full | 185 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 186 |

| | | | | | |
|---|---|---|---|---|---|
| . | | | 1, 6, 7(A), 7(C) | w/held in full | 187 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 188 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 189 |
| 30 | FBI IIR - Interview | 6-05 | 1, 6, 7(A), 7(C) | w/held in full | 199 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 200 |
| | | | 6, 7(A), 7(C) | w/held in full | 201 |
| | | . | 6, 7(A), 7(C) | w/held in full | 202 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 203 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 204 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 205 |
| 31 | FBI IIR - Interview | 6-05 | 1, 6, 7(A), 7(C) | w/held in full | 210 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 211 |
| | | | 7(A) | w/held in full | 212 |
| 32 | FBI IIR - Interview | 6-05 | 6, 7(A), 7(C) | w/held in full | 213 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 214 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 215 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 216 |
| . | | | 1, 6, 7(A), 7(C) | w/held in full | 217 . |
| 33 | FBI IIR - Interview | 6-05 | 1, 6, 7(A), 7(C) | w/held in full | 218 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 219 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 220 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 221 |
| | | | 7(A) | w/held in full | 222 |
| 34 | FBI IIR - Interview | 6-05 | 1, 6, 7(A), 7(C) | w/held in full | 232 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 233 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 234 |

6

| | | | 1, 6, 7(A), 7(C) | w/held in full | 235 |
|---|---|---|---|---|---|
| | | | 1, 6, 7(A), 7(C) | w/held in full | 236 |
| | | | 7(A) | w/held in full | 237 |
| 35 | FBI IIR - Interview | 7-05 | 6, 7(A), 7(C) | w/held in full | 238 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 239 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 240 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 241 |
| 36 | FBI IIR - Interview | 7-05 | 1, 6, 7(A), 7(C) | w/held in full | 242 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 243 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 244 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 245 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 246 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 247 |
| | | | 7(A) | w/held in full | 248 |
| 37 | FBI IIR - report | 12-04 | 1, 6, 7(A), 7(C) | w/held in full | 249 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 250 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 251 |
| 38 | FBI IIR - report | 1-05 | 1, 6, 7(A), 7(C) | w/held in full | 252 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 253 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 254 |
| | | | 2, 6, 7(A), 7(C) | w/held in full | 255 |
| 39 | FBI IIR - Interview | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 256 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 257 |
| | | | 1, 2, 7(A), 7(C) | w/held in full | 258 |
| 40 | FBI IIR - Interview | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 259 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 560 |

| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 261 |
|---|---|---|---|---|---|
| 41 | FBI IIR - Interview | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 262 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 263 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 264 |
| 42 | FBI IIR - Interview | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 270 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 271 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 272 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 273 |
| 43 | FBI IIR - Interview | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 275 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 276 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 277 |
| 44 | FBI IIR - Interview | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 278 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 279 |
| | | | 7(A) | w/held in full | 280 |
| 45 | FBI IIR - Interview | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 281 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 282 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 283 |
| 46 | FBI IIR - Interview | 4-07 | 1, 6, 7(A), 7(C) | w/held in full | 284 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 285 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 286 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 287 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 288 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 289 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 290 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 291 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 292 |

8

| | | | | | |
|---|---|---|---|---|---|
| | | | 1, 6, 7(A), 7(C) | w/held in full | 293 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 294 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 295 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 296 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 297 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 298 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 299 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 300 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 301 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 302 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 303 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 304 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 305 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 306 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 307 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 308 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 309 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 310 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 311 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 312 |
| | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 313 |
| 47 | FBI IIR - Interview | 5-05 | 1, 6, 7(A), 7(C) | w/held in full | 314 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 315 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 316 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 317 |
| | | | 1, 6, 7(A), 7(C) | w/held in full | 318 |

| | | | | 2, 6, 7(A), 7(C) | w/held in full | 319 |
|---|---|---|---|---|---|---|
| 48 | FBI IIR - Interview | 5-05 | | 1, 6, 7(A), 7(C) | w/held in full | 320 |
| | | | | 1, 6, 7(A), 7(C) | w/held in full | 321 |
| | | | | 1, 6, 7(A), 7(C) | w/held in full | 322 |
| | | | | 7(A) | w/held in full | 323 |
| 49 | FBI IIR - Interview | 5-05 | | 1, 6, 7(A), 7(C) | w/held in full | 324 |
| | | | | 1, 6, 7(A), 7(C) | w/held in full | 325 |
| | | | | 1, 6, 7(A), 7(C) | w/held in full | 326 |
| | | | | 1, 6, 7(A), 7(C) | w/held in full | 327 |
| | | | | 1, 6, 7(A), 7(C) | w/held in full | 328 |
| | | | | 2, 6, 7(A), 7(C) | w/held in full | 329 |
| 50 | FBI IIR - Interview | 5-05 | | 6, 7(A), 7(C) | w/held in full | 330 |
| | | | | 1, 6, 7(A), 7(C) | w/held in full | 331 |
| | | | | 1, 6, 7(A), 7(C) | w/held in full | 332 |
| | | | | 1, 2, 6, 7(A), 7(C) | w/held in full | 333 |

10

**Slahi: Documents Referred by DOD**
**FBI FOIPA No. 1093587-000**

| Document | FOIA Exemption(s) Applicable to FBI Information | Status | Page |
|---|---|---|---|
| Army Intelligence Center -- Special Report (Cover) | 6, 7(A), 7(C) | FBI information w/held in full | 1 |
| Terrorism Summary (DOD document) | 6, 7(A), 7(C) | FBI information w/held in full | 2 |
| | 1, 6, 7(A), 7(C) | FBI information w/held in full | 3 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 4 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 5 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 6 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 7 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 8 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 9 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 10 |
| Information Request (DOD document) | 6, 7(A), 7(C) | FBI information w/held in full | 11 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 12 |
| Main Record (DOD document) | 6, 7(A), 7(C) | FBI information w/held in full | 13 |
| Narrative (DOD document) | 6, 7(A), 7(C) | FBI information w/held in full | 14 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 15 |
| Narrative (DOD document) | 6, 7(A), 7(C) | FBI information w/held in full | 16 |
| Taskings (DOD document) | 7(A) | FBI information w/held in full | 17 |

| Bank Letters (DOD document) | 7(A) | FBI information w/held in full | 18 |
|---|---|---|---|
| Report of Investigations | 7(A) | FBI information w/held in full | 19 |
| Terrorism Summary | 6, 7(A), 7(C) | FBI information w/held in full | 20 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 21 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 22 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 23 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 24 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 25 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 26 |
| DOD IIR | 6, 7(A), 7(C) | FBI information w/held in full | 27 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 28 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 29 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 30 |
| | 6, 7(A), 7(C) | FBI information w/held in full | 31 |
| | 7(A) | FBI information w/held in full | 32 |

**Slahi:  Documents Referred By DOD**
**FBI FOIPA No. 1093587-001**

| Document | FOIA Exemption(s) | Status | Page |
|---|---|---|---|
| Interrogation Plan | 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 711 |
| | 6, 7(A), 7(C) | w/held in full | SLAHI 712 |
| Interrogation Plan | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 714 |
| | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 715 |
| Interrogation Plan | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 718 |
| | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 719 |
| Interrogation Plan | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 722 |
| | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 723 |
| Interrogation Plan | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 720 |
| | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 721 |
| Interrogation Plan | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 724 |
| | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 725 |
| Interrogation Plan | 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 713 |
| Interrogation Plan | 1, 2, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 716 |
| | 1, 6, 7(A), 7(C), 7(E) | w/held in full | SLAHI 717 |

<u>Slahi</u>:  **Two-page Polygraph Report**
**FBI FOIPA No. 1097031-000**

| Document | FOIA Exemption(s) | Status | Page |
|---|---|---|---|
| Polygraph Report | 2, 6, 7(A), 7(C), 7(E) | w/held in full | 1 |
| | 2, 6, 7(A), 7(C), 7(E) | w/held in full | 2 |

**Slahi:  Documents Referred by DoD**
**FBI No. 1097031-001**

| Document | FOIA Exemption(s) | Status | Page |
|---|---|---|---|
| DOD IIR - Interview | 1, 6, 7(A), 7(C), 7(D) | FBI information w/held in full | SLAHI 360 |
| | 1, 6, 7(A), 7(C), 7(D) | FBI information w/held in full | SLAHI 361 |
| | 1, 6, 7(A), 7(C), 7(D) | FBI information w/held in full | SLAHI 362 |
| | 1, 6, 7(A), 7(C), 7(D) | FBI information w/held in full | SLAHI 363 |
| | 1, 6, 7(A), 7(C), 7(D) | FBI information w/held in full | SLAHI 364 |
| | 1, 6, 7(A), 7(C), 7(D) | FBI information w/held in full | SLAHI 365 |
| | 1, 6, 7(A), 7(C), 7(D) | FBI information w/held in full | SLAHI 366 |
| | 1, 6, 7(A), 7(C), 7(D) | FBI information w/held in full | SLAHI 367 |
| | 1, 6, 7(A), 7(C), 7(D) | FBI information w/held in full | SLAHI 368 |
| | 1, 6, 7(A), 7(C), 7(D) | FBI information w/held in full | SLAHI 369 |
| | | no FBI information | SLAHI 370 |
| Electronic Case File - Document Print/Interview | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 374 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 375 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 376 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 377 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 378 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 379 |
| Interview Summary | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 380 |
| Interview Summary | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 381 |
| Interview Summary | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 382 |
| Interview Summary | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 383 |

| | | | |
|---|---|---|---|
| Electronic Case File -- Document Print/Interview | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 384 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 385 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 386 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 387 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 388 |
| Translated Document | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 389 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 390 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 391 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 392 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 393 |
| Records produced pursuant to Grand Jury subpoena | 3, 6, 7(A), 7(C) | substantive information w/held in full | SLAHI 394 |
| Records produced pursuant to Grand Jury subpoena | 3, 6, 7(A), 7(C) | substantive information w/held in full | SLAHI 395 |
| FBI Teletype | 1, 6, 7(A), 7(C) | substantive information w/held in full | SLAHI 396 |
| | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 397 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 398 |
| | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 399 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 400 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 401 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 402 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 403 |

2

|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 404 |
|---|---|---|---|
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 405 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 406 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 407 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 408 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 409 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 410 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 411 |
| FD 302 - Interview | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 412 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 413 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 414 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 415 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 416 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 417 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 418 |
|  |  | blank | SLAHI 419 |
| FD 302 - Interview | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 420 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 421 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 422 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 423 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 424 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 425 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 426 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 427 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 428 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 429 |

3

| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 430 |
|---|---|---|---|
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 431 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 432 |
| Interview report | 6, 7(A), 7(C) | w/held in full | SLAHI 433 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 434 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 435 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 436 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 437 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 438 |
| | | blank | SLAHI 439 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 440 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 441 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 442 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 443 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 444 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 445 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 446 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 447 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 448 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 449 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 450 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 451 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 452 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 453 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 454 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 455 |

|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 456 |
|---|---|---|---|
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 457 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 458 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 459 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 460 |
|  | 1, 7(A) | w/held in full | SLAHI 461 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 462 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 463 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 464 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 465 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 466 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 467 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 468 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 469 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 470 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 471 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 472 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 473 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 474 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 475 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 476 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 477 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 478 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 479 |
|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 480 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 481 |

| | | | |
|---|---|---|---|
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 482 |
| Interview report | 6, 7(A), 7(C) | w/held in full | SLAHI 483 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 484 |
| Interview report | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 485 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 486 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 487 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 488 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 489 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 490 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 491 |
| Interview report | 6, 7(A), 7(C) | w/held in full | SLAHI 492 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 493 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 494 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 495 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHIA 496 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 497 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 498 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 499 |
| | 1, 7(A) | w/held in full | SLAHI 500 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 501 |
| Interview report | 6, 7(A), 7(C) | w/held in full | SLAHI 502 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 503 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 504 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 505 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 506 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 507 |

6

| | | | |
|---|---|---|---|
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 508 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 509 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 510 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 511 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 512 |
| FD 302 - Interview | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 513 |
| | 1, 7(A) | w/held in full | SLAHI 514 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 515 |
| FD 302 - Interview | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 516 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 517 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 518 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 519 |
| Interview report | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 520 |
| Electronic Communication ("EC") - GTMO Situation Report ("SITREP") | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 521 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 522 |
| | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 523 |
| EC - GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 524 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 525 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 526 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 527 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 528 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 529 |

| | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 530 |
|---|---|---|---|
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 531 |
| | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 532 |
| EC- GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 533 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 534 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 535 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 536 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 537 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 538 |
| | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 539 |
| Summary report | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 540 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 541 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 542 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 543 |
| | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 544 |
| | 6, 7(A), 7(C) | w/held in full | SLAHI 545 |
| EC - GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 546 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 547 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 548 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 549 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 550 |
| | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 551 |
| EC - GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 552 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 553 |

8

| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 554 |
|---|---|---|---|
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 555 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 556 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 557 |
| | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 558 |
| | 2, 7(A) | w/held in full | SLAHI 559 |
| EC - GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 560 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 561 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 562 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 563 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 564 |
| EC - GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 565 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 566 |
| | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 567 |
| EC - GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 568 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 569 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 570 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 571 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 572 |
| | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 573 |
| EC - GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 574 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 575 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 576 |

| | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 577 |
|---|---|---|---|
| EC- GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 578 |
| | 1, 2, 7(A), 7(C), 7(D) | w/held in full | SLAHI 579 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 580 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 581 |
| | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 582 |
| EC - GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 583 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 584 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 585 |
| | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 586 |
| EC - GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 587 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 588 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 589 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 590 |
| | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 591 |
| EC - GTMO SITREP | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 592 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 593 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 594 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 595 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 596 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 597 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 598 |

|  | 1, 6, 7(A), 7(C) | w/held in full | SLAHI 599 |
|---|---|---|---|
|  | 1, 2, 6, 7(A), 7(C) | w/held in full | SLAHI 600 |
| FBI IIR - Interview | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 601 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 602 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 603 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 604 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 605 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 606 |
|  | 1, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 607 |
|  | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | SLAHI 608 |

11

## Slahi:  Documents Referred by DOD
## FBI FOIPA No. 1116090

| Document | FOIA Exemption(s) | Status | Page |
|---|---|---|---|
| FBI IIR - Interview | 1, 2, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1001 |
| | 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1002 |
| | 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1003 |
| | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1004 |
| | 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1005 |
| | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1006 |
| | 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1007 |
| | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1008 |
| EC - GTMO Situation Report ("SITREP") | 1, 2, 6, 7(A), 7(C) | w/held in full | 1009 |
| | 1, 2, 6, 7(A), 7(C), 7(D) | w/held in full | 1010 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | 1011 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | 1012 |
| | 1, 6, 7(A), 7(C), 7(D) | w/held in full | 1013 |
| | 1, 2, 7(A), 7(C), 7(D), 7(E) | w/held in full | 1014 |
| | 1, 2, 6, 7(A), 7(C) | w/held in full | 1015 |
| | 1, 7(A) | w/held in full | 1016 |
| Special Project - Interview Report | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1017 |

|  | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1018 |
|---|---|---|---|
|  | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1019 |
|  | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1020 |
|  | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1021 |
|  | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1022 |
|  | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1023 |
|  | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1024 |
|  | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1025 |
|  | 1, 6, 7(A), 7(C), 7(D) | Substantive information w/held in full | 1026 |
| Interview | 6, 7(A), 7(C) | w/held in full | 1027 |
| Cover sheet | 1, 6, 7(A), 7(C) | Substantive information w/held in full | 1028 |
| Photographs | 1, 7(A) | w/held in full | 1029 |
| Photographs | 1, 7(A) | w/held in full | 1030 |
| Photographs | 1, 6, 7(A), 7(C) | w/held in full | 1031 |
| Photographs | 1, 6, 7(A), 7(C) | w/held in full | 1032 |
| Photograph | 1, 6, 7(A), 7(C) | w/held in full | 1033 |
| Photographs | 1, 6, 7(A), 7(C) | w/held in full | 1034 |
| Photographs | 1, 6, 7(A), 7(C) | w/held in full | 1035 |
| Photograph | 1, 7(A) | w/held in full | 1036 |
| Photographs | 1, 7(A) | w/held in full | 1037 |

| Photographs | 1, 7(A) | w/held in full | 1038 |
| Photographs | 1, 7(A) | w/held in full | 1039 |
| Photographs | 1, 7(A) | w/held in full | 1040 |
| Photographs | 1, 7(A) | w/held in full | 1041 |
| Photographs | 1, 6, 7(A), 7(C) | w/held in full | 1042 |
| Photographs | 1, 7(A) | w/held in full | 1043 |
| Photographs | 1, 7(A) | w/held in full | 1044 |
| Photographs | 1, 7(A) | w/held in full | 1045 |
| Photographs | 1, 7(A) | w/held in full | 1046 |
| Photographs | 1, 7(A) | w/held in full | 1047 |
| Photographs | 1, 7(A) | w/held in full | 1048 |
| Photographs | 1, 7(A) | w/held in full | 1049 |
| Photographs | 1, 7(A) | w/held in full | 1050 |
| Photographs | 1, 7(A) | w/held in full | 1051 |
| Photographs | 1, 7(A) | w/held in full | 1052 |

3

# Exhibit 21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMMEDOU OULD SLAHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-0597 (JR) |
| | ) | |
| U.S. DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF JEAN LIN

I, JEAN LIN, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a Trial Attorney in the Department of Justice, Civil Division, Federal Programs Branch.  I am the lead counsel of record in this case on behalf of the defendant, the Department of Defense ("DoD").  I submit this declaration in support of DoD's motion for partial summary judgment with respect to components other than United States Southern Command.

2.      On March 8, 2008, I contacted plaintiff's counsel Teresa Duncan to determine whether plaintiff intends to challenge certain categories of information withheld by DoD. Thereafter I had further communications with Ms. Duncan regarding the categories of information in dispute and was informed that (to the extent applicable to DoD's motion for partial summary judgment), plaintiff does not challenge the following categories of information:

(1) identities of any cooperating detainees;

(2) internal codes indicating intelligence sources or other intelligence information;

(3) photographs of detainees at Guantanamo Bay, including Mr. Slahi;

(4) location of Mr. Slahi's cell;

(5) information provided by a foreign government in confidence; and

(6) instructions for handling and forwarding sensitive information.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:    July 31, 2008

Jean Lin