UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MOHAMMEDOU OULD SLAHI,           )
                                 )
            Plaintiff,           )
                                 )
v.                               )        Civil Action No. 06-CV-0597 (JR)
                                 )
U.S. DEPARTMENT OF DEFENSE,      )
                                 )
            Defendant.           )
_____)

**DEFENDANT'S REPLY IN SUPPORT OF IT MOTION
FOR AN EXTENSION OF TIME REGARDING
UNITED STATES SOUTHERN COMMAND**

Defendant, Department of Defense ("DoD"), respectfully submits this Reply to plaintiff's opposition to DoD's motion for an extension of time until October 31, 2008, to reprocess documents withheld by Joint Task Force - Guantanamo ("JTF-GTMO"), United States Southern Command, and to file a dispositive motion with respect to any remaining withheld information. In opposing DoD's extension motion, plaintiff questioned (1) why DoD would find "it more convenient to produce documents on October 31, 2008 in the middle of the habeas corpus factual return project"; and (2) whether DoD has been diligently processing plaintiff's FOIA request "for these many months with these 600 documents that it can't seem to finish." Pl's Opp'n at ¶ 6. Plaintiff's counsel also requested that this Court conduct an *in camera* inspection of the unredacted copies of the JTF-GTMO documents with the assistance of plaintiff's counsel who have been granted a security clearance in another context.

At issue in DoD's extension motion are the approximately 2,200 pages of JTF-GTMO documents that have already been produced to plaintiff's counsel in redacted form in 2007 and were the subject of a prior dispositive motion, but needed to be re-reviewed for declassification

purposes. The need for declassification review was occasioned by the public disclosure on May 20, 2008, in a Department of Justice Office of Inspector General report, of certain previously classified information contained those documents. Although DoD initially anticipated that it would be able to complete the project in two months as represented to the Court in DoD's motion filed on May 22, 2008, the project proved to be more complicated than initially anticipated. Moreover, during part of the two months initially projected by DoD, DoD's efforts have also been overtaken by the Guantanamo habeas cases following the Supreme Court's *Boumediene* decision on June 12, 2008.

DoD estimates that it would be able complete the declassification review and file its dispositve motion with respect to the JTF-GTMO Southern Command documents by October 31, 2008, not because it would be more convenient to do so in the middle of the habeas factual return project, but because DoD is committed to work as expeditiously as possible to fulfill its remaining obligations in this case. Indeed, since DoD's extension motion on July 29, 2008, DoD has completed its processing of the more than 3,700 pages of responsive documents located in other DoD components, produced all remaining nonexempt, responsive documents from those DoD components, and filed its dispositive motion with respect to those DoD components. The October 31, 2008 extension of time accounts for the fact that by that date, DoD will have produced the initial groups of factual returns, which are greater in number in the initial months. Specifically, in addition to the 50 factual returns per month required by Judge James Hogan, Judge Emmet G. Sullivan ordered the Government to file by August 29, 2008, eight factual returns in the Guantanamo habeas cases pending before him, with Combatant Status Review Tribunal records being due in those cases in which they have not been filed by August 12, 2008.

He also set an August 12, 2008 deadline for motions to file amendments of factual returns where the Government believes such amendments to be warranted, to be accompanied by proposed amendments. Similarly, Judge Leon has ordered that the Government produce CSRT records in all the habeas cases pending before him by the end of this week.

As for counsel's request that this Court conduct an *in camera* review of the 2,200 JTF-GTMO documents, and that counsel be permitted to participate and assist the Court in such review, the request is simply premature. DoD's upcoming declassification of these documents may narrow the parties' disagreements as to any withholding of classified information by DoD, and DoD's dispositive motion will also materially assist the Court in assessing the appropriateness of DoD's withholdings. As one court has observed, *in camera* review in a FOIA case regarding an Exemption 1 claim is only appropriate "where the justifications for withholding are conclusory or not described in sufficient detail to demonstrate that the claimed exemption applies, or where there is evidence of agency bad faith . . . ." *Falwell v. Executive Office of the President,* 158 F. Supp. 2d 734, 738 (W.D. Va. 2001); *see also Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979) (reliance on agency declarations in lieu of *in camera* review "is in accordance with congressional intent that courts give agency affidavits 'substantial weight,' in recognition of the agency's expertise").[1] *In camera* review should not be "resorted to

---

[1] Even in contexts in which litigants have professed some level of expertise in national security matters, courts have held that it is the agency's expertise in national security that is entitled to deference. *See Halperin v. National Security Council*, 452 F. Supp. 47, 51 (D.D.C. 1978) (FOIA case involving plaintiff who asserted that by virtue of his former service on NSC he was expert in national security matters; in response to request from plaintiff that he be permitted to examine classified materials at issue and offer his opinion regarding classification, court states that it should not substitute its own judgment or that of litigant for the judgment of "officials constitutionally responsible for the conduct of United States foreign policy as to the proper classification"), *aff'd*, 612 F.2d 586 (D.C. Cir. 1980) (table); *cf. Snepp v. United States*, 444 U.S. 507, 512 (1980) (in context of prepublication review of manuscript by former CIA

as a matter of course," *Quiñon v. FBI*, 86 F.3d 1222, 1228 (D.C. Cir. 1996); rather, it is a "last resort," *Hayden*, 608 F.2d at 1387. In other words, the issue of whether *in camera* review of classified materials should occur in this case will not arise unless and until the Court makes a determination that agency declarations submitted to support and justify any Exemption 1 claims are merely conclusory, lacking in sufficient detail, or submitted in bad faith. And the issue of whether plaintiff and his counsel should be permitted to participate in any such *in camera* proceeding would not arise, if ever, until then.

In any event, plaintiff's counsel's belief that their security clearance in another context – namely the plaintiff's habeas litigation – entitles them to review classified information in this FOIA case is misguided. "FOIA's sole concern is with what must be made public or not made public." *North v. Walsh*, 881 F.2d 1088, 1096-1097 (D.C. Cir. 1989). The security clearance plaintiff's counsel have been granted in the habeas litigation, on the other hand, is conditioned on counsel's "need to know" certain specified information for purposes of the habeas litigation. Allowing plaintiff's counsel access to the classified information contained in the 2,200 pages of JTF-GTMO documents, which may involve a much broader set of classified information, would amount to an inappropriate disclosure of such information.[2] FOIA does not permit such disclosure. Granting plaintiff's requested relief would also be inconsistent with the concept under FOIA that the identity of the requester plays no role in decisions to provide information

---

employee, agency's judgment concerning classification and harm from disclosure takes precedence over former agent's "own judgment").

[2] *Cf. In re United States*, 1 F.3d 1251 (Table), 1993 WL 262658 at *5-*6 (Fed. Cir. Apr. 30, 1993) (in the same litigation, the fact that attorneys for litigant against government possessed security clearances was held "irrelevant" to issue of whether government must disclose withheld classified information to those attorneys).

responsive to the FOIA request. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 772 (1989).

    For all of these reasons, DoD respectfully requests that this Court grant DoD's motion for extension of time, and deny plaintiff's request that this Court conduct an *in camera* review of the JTF-GTMO documents at issue with counsel's participation.

Dated:  August 1, 2008                                   Respectfully submitted,

                                                GREGORY G. KATSAS
                                                Assistant Attorney General

                                                JEFFREY A. TAYLOR
                                                United States Attorney

                                                JOSEPH H. HUNT
                                                Director, Federal Programs Branch

                                                JOHN R. TYLER
                                                Senior Trial Counsel

                                                     */s/* Jean Lin
                                                JEAN LIN
                                                Federal Programs Branch, Civil Division
                                                United States Department of Justice
                                                20 Massachusetts Ave., N.W.
                                                Washington, D.C.  20530
                                                Tel: (202) 514-3716
                                                Fax: (202) 616-8470
                                                Attorneys for Defendant